IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Christians in the Workplace Networking
Group, Plaintiff                                                    :    Civil Action:   1:22-cv-00267-KK-KRS
              v.
National Technology and Engineering Solutions
of Sandia, LLC,  a wholly owned subsidary of
Honeywell International, Inc., Esther Hernandez,
Aaron Jim, and Bianca Hill, Defendants

AMENDED COMPLAINT
Preliminary Statement

   This is a civil rights actions against Sandia National Laboratories and the named employees a)

challenging the removal of CWNG as a employee resource group due to  its policy of limiting  who can

be on its steering committee to those who sign a statement of faith and clause on behavior permitting

removal from the steering committee for reasons stated in  5.6.6 of its Constitution, b) long history of

treatment different from other employee resource groups, and c) failure to accommodate religious

beliefs as required under Title VII . Defendants are state actors by virtue of their joint participation with

the United States Department of Energy in the actions stated below. Defendants' actions violated the 1st

and 14th Amendments of the U.S. Constitution and  42 U.S.C. §2000e-2.

Parties

   1.       Plaintiff is Christians in the Workplace Networking Group (hereinafter CWNG), an

unincorporated association of Christian engineers and scientists and other  employees, an employee

resource group of Sandia National Laboratories,  1515 Eubank SE, Albuquerque, NM 87123.

   2.       Defendant National Technology and Engineering Solutions of Sandia, LLC,  (hereinafter

Sandia), a New Mexico  corporation which is wholly owned subsidiary of Honeywell International.

Inc., operates Sandia National Laboratories, located at 1515 Eubank SE, Albuquerque, NM 87123

   3.   Defendant Esther Hernandez is the Chief Diversity Officer of Sandia,1515 Eubank SE,

       Albuquerque, NM 87123.

   4.   Defendant Aaron Jim is an EEOC Specialist of Sandia, 1515 Eubank SE, Albuquerque, NM

87123.

5. Defendant Bianca Hill is an EEOC Specialist for Sandia, 1515 Eubank SE, Albuquerque, NM

87123.

## JURISDICTION AND VENUE

6. This civil action seeks a declaratory judgment, injunctive and monetary relief to vindicate free

speech and free exercise of religion secured by the 1st and 14th Amendments. Jurisdiction is proper

under 28 U.S.C. §§ 1331, 1343 (4) and 1346 (a) (2) as it is a claim against an agency of the United

States and officers of the United States founded upon, and arising under, the United States Constitution

and the U.S. Code. The amount in controversy exceeds $150,000. The matter arises under 42 U.S.C.

§2000e-2, 42 U.S.C. §1983. The court has jurisdiction over the requests for declaratory relief as per 28

§§2201 & 2202.

7.Venue is proper under 13 U.S.C. §1391 (b) in the District of New Mexico as the events giving rise to

these claims took place in, the parties and witnesses reside, Defendant is incorporated in and does

business, most if not all of the members of Plaintiff are are residents of, New Mexico.

## FACTS

8. Defendant Sandia, which  operates Sandia National Laboratories, located at 1515 Eubank SE,

Albuquerque, NM 87123  is a national a national security laboratory operated for the U.S. Department

of Energy (DOE). As a  contractor for the U.S. Department of Energy's National Nuclear Security

Administration (NNSA) it supports numerous federal and other agencies. As a Federally Funded

Research and Development Center ( FFRDC), it performs work for industry responding to certain types

of federal government solicitations. It has a management and operating contract with DOE/NNSA. A

strong science, technology, and engineering foundation enables Sandia's mission through a capable

research staff working at the forefront of innovation, collaborative research with universities and

companies, and discretionary research projects with significant potential impact. In keeping with its

vision to be the nation's premier science and engineering laboratory for national security and

2

technology innovation, it recruits the best and the brightest, equips them with world-class research tools and facilities, provides opportunities to collaborate with technical experts from many different scientific disciplines and permits employee resource groups such as  Plaintiff.

    **9.**    Defendant Sandia is a state actor, employing over 14,000 people, as are other Defendants, who acted as such within the course and scope of their employment by Sandia under color of U.S and other law, customs and usages in dealing with Plaintiff, its steering committee and members. Over 90% of its $4. billion budget comes from the U.S. Government. There is a symbiotic relationship between Sandia and the Department of Energy, as well as joint participation between them, so that Sandia's actions constitute state action.

    **10.**    In June 1995 Sandia revised its EEO policies, adopting guidelines allowing for official recognition and sponsorship of certain networking employee resource groups. On July 15, 1995, the Gay/Lesbian/Bisexual Networking Group (GLBNG) was granted official recognition and sponsorship.

    **11.**    Under the guidelines, sponsorship of any networking group may include funding for specific projects, administrative assistance, and use of Sandia facilities and communication channels.

    **12.**    In its policy, Sandia declared " Sandia will not support employee groups that are formed on the basis of religious beliefs, political activities, marital status or other affiliations that do not support the mission, values, goals, principals, and/or intents of Sandia  and its EEO and affirmative action efforts."

    **13.**    Plaintiff, a Christian employee resource group, in January 1997 submitted a request for official recognition and sponsorship. Plaintiff sought understanding and acceptance of Christians, their religious beliefs and their moral values in the workplace, and to combat religious discrimination at Sandia.

    **14.**    On August 26, 1997, in a memo from Sandia employee Charlie Emery, Sandia denied official recognition and sponsorship of CWNG as it "had not had not established the existence of

workplace barriers based on religion," a requirement not previously stated, and stated Sandia was "not convinced  of a business case suggesting the need for corporate support of this networking group."

**15.** On June 10, 1998 Plaintiff submitted a second request for official recognition and sponsorship of CWNG asking for a response no later than July 10, 1998. Sandia responded stating it would provide a status report by September 10, 1998.

**16.** On September 14, 1998 a member of CWNG sent a letter to Sandia stating that if there was no response by September 24, 1998 this would be interpreted as a refusal. No response was received.

**17.** On August 13, 1999 Plaintiff communicated with Sandia stating it would like to meet. No response was received.

18.  Only after a lawsuit was filed in 2000 in this court did Sandia grant CWNG permission to be a recognized employee resource group.

19.  Plaintiff CWNG was established in 2000 as a group of employees—engineers, scientists, technicians and administrative assistants who are Christian, and other Christian members of the work force for Sandia--who believe the bible is the standard for faith and behavior. In its organizing documents,  Plaintiff CWNG included a statement of faith.

20.  Plaintiff CWNG established a requirement that all leaders of CWNG, called the steering committee, and those who lead a bible study sponsored by CWNG, to fill out a questionnaire and sign a statement of faith.

21.  In its May 1, 2001 Constitution, Plaintiff states: The CWNG was formed by and for people who adhere to certain historic tenets of the Christian church. The CWNG consists of Christians who by their own statement meet the following three requirements:

*they repent of their sins and confess Jesus Christ as their personal Lord and Saviour

        *they subscribe to the historic doctrine of the Trinity, that is that is one and only one true God

who manifests Himself eternally in three persons: God the Father, God the Son and God the Holy Spirit *they recognize the bible as the God-inspired authoritative holy scripture and the written guide for life. In 5.4.1 of its Constitution, CWNG announced these three tenets as its statement of faith. Activities sponsored by CWNG shall not conflict with this statement.

22. Participation in CWNG is open to persons who self-identify as a Christian in a sense identified by those three tenets subscribing to the statement of faith. Those in the Sandia community who support the charter and mission of the CWNG, regardless of their faith, are considered friends of CWNG. General meetings, activities, and the CWNG mailing list are open to all who are friends of CWNG.

23. CWNG is led by a steering committee which oversees its operations.

24. CWNG also has a morality requirement requiring refraining from certain behavior to stay in a leadership role. Under 5.6.6 of its Constitution "in order to maintain the integrity of the CWNG and its leaders, a Steering Committee Member may be reviewed by the Steering Committee, and if necessary removed from office if it is determined that the conduct or beliefs of the person in question will endanger the integrity of CWNG."

25. CWNG members knew many leading scientists in history were Christians who used the bible as a standard in their life, such as Francis Bacon, Galileo Galilei, Johannes Kepler, Blaise Pascal, Robert Boyle, Issac Newton, Joseph Priestly, John Dalton, Michael Faraday, Lord Kelvin, J.J.Thomson, George Washington Carver, Igor Sikorsky, and many others, so its input would be valuable to Sandia.

26. In October 2003 President George W. Bush proclaimed Marriage Protection week. Plaintiff put an advertisement in Defendant's newspaper, now called Sandia Daily News, of this proclamation.  Shortly after it was put in, John Beitia of CWNG was told by an employee of Defendant Sandia that it had to be removed so it was removed.

27. In 2011, Joe Quinby, the chair of the steering committee of CWNG, requested permission

5

from Sandia for a Christian archaeologist to speak and was denied. He was planning to speak on how archaeological digs in Jordan supported the validity of the bible's account of historical events. No other employee resource groups were ever denied permission to have a speaker.

28. In 2017 Plaintiff arranged to have chemist Jonathan Sarfati, Ph.D., speak on Chemicals to Living Cells: Is it Intricate Design? on October 30, 2017. Defendant Sandia denied Plaintiff the use of a Sandia conference room for the presentation and forced Plaintiff to withdraw a Sandia-wide advertisement of the events as it was deemed "too controversial." Plaintiff had to restrict its advertising to its own group and move the presentation to a local church.

29. There are no written guidelines for speakers sponsored by employee resource groups and Sandia staff has unlimited discretion in decisions whether to approve speakers or events.

30. There is no statement in Sandia protocols as to what constitutes "controversial" topics that are not permitted.

31. In October 2017 Defendant Hernandez told Jeffrey Martin and Marie Miller, members of the steering committee of CWNG, that a Sandia-sponsored Christian group like CWNG was "not desirable," and that an All Faiths group should be sponsored instead of CWNG as a corporate best practice. No other employee groups including the employee military group and the Hispanic employee outreach group were ever told they should be replaced by another group or that their group should change.

32. In February 2018 Jeff Young, an employee of Defendant Sandia, reached out to the steering committee of CWNG to report that he was ordered by an employee of Sandia to remove a tag line at the bottom of his signature block for his email with the bible verse-- Colossians 1:15 He is the image of the invisible God the first born of all creation on his work-- (@Sandia.com).When members of the steering committee went to an employee of Defendant Sandia to see if he could have this e-mail it deemed not offensive or inappropriate and it was later permitted.

33.In May 2018 to honor the National Day of Prayer Plaintiff invited a speaker from the U.S. Air Force, a chaplain at the Pentagon to speak. Plaintiff made a request for $400 as an honorarium to be paid by Defendant Sandia, $250 was funded by Sandia with no explanation why the full amount requested was not granted.

34.    In June-July 2018 as part of its student intern program CWNG invited Nate Herbst of Great Commission Alliance to speak to their interns on Christian rights in the workplace and apologetics. Defendant Sandia would not permit him to speak as he was "too controversial."

35.    On April 3 and 4, 2019, CWNG Steering Committee member and ERG chairman Jared Colombel attended Diversity Training and complained that it had discriminatory content. Colombel addressed his concerns with Mark Sellers, an associate Lab Director. Sellers sent Colombel an e-mail and met with him. Colombel shared with Sellers the damage the training could inflict on the workforce that identifies as Caucasian, male, straight or Christian at an ERG meeting. Attendees at the meeting including Defendant Hill said he was incorrect, and no suggestion was made to make the content less discriminatory. Sandia leadership did nothing to discourage the negative comments of the attendees. Colombel asked Defendant Hill to put this matter on the docket for the next meeting. It was not. Defendant Hernandez told Colombel the view was incorrect and the training addresses those who have privilege  including males, Christians, causcasians and married employees.

36.    CWNG planned Diversity Cinema but the discussion was moved several times and the content was challenged. CWNG supported the January 15, 2019 Diversity and Inclusion Diversity Cinema on January 23, 2019 about Judaism. On January 18, 2019 L. Holden of the Diversity and Inclusion (D & I ) leadership received am e-mail from a CWNG member who was not happy about CWNG's support for the event and spoke to her on the phone. Defendant Hernandez and Anna Lorez sent hostile e-mails to CWNG after coming to the CWNG meeting and expressing hostility to CWNG. On February 14, 2019 Anna Lorez came to Colombel's office and started a loud altercation for 5-7

minutes. She refused to leave his office so Columbel filed a security report and reported this to

Defendant Hill, who had authority to recommend discipline. Nothing was done to discipline Lorez.

37.    On March 7, 2019 Colombel met with Defendant Hill about the results of the

investigation that ensued as a result of the filing of the security report. Hill suggested that CWNG allow

anyone into its leadership.   Columbel e-mailed the CWNG Steering Committee about Defendant Hill's

challenge to the leadership qualifications. She said a white nationalist being permitted into into the

leadership of the black minority ERG would show inclusion so CWNG should broaden its leadership

requirements.

38.    On May 3, 2019 Colombel submitted the signed CWNG business plan for fiscal

year 2019 to Defendant Hernandez. John Clymo, Associate Lab Director for Infrastructure Operations,

Security Director of Defendant Sandia and executive champion for CWNG whose role was to advocate

for the employee group approved and signed off on the business plan on April 19, 2021. Clymo told

Colombel he would address his disagreements with the Associate Lab Directors. Clymo then refused to

respond to and cut off all communication with CWNG. A November 26, 2019 phone meeting between

Colombel and Clymo was canceled with little notice. On December 4, 2019 Clymo retired with no

previous notice given to CWNG and no follow-up with he and Defendant Hernandez as had previously

been promised by her.

39.    On September 3, 2019 CWNG received notice of the cancellation of the quarterly

CWNG meeting scheduled for September 5, 2019. Colombel inquired to Stephen Younger Laboratory

Director if the meeting would be rescheduled  and was told it would be. It never was.  No other ERG

meeting at Sandia was canceled.

40.    A previous meeting of CWNG was also canceled by Stephen Younger.

41.    The Diversity and Inclusion Plan handouts for the Diversity Plan for Sandia mentioned

Insider and Outsider Groups.

8

42.    It stated INSIDERS set the norms and make the rules. INSIDERS may or may not be the numerical majority. INSIDERS are often unaware of their own INSIDER membership status.

43.    It stated OUTSIDERS work hard and constantly to fit in. OUTSIDERS have to know the INSIDER cultural norms and execute with ease. OUTSIDERS may have little or no access to the power, advantage and influence that is afforded to INSIDERS.

44.    It states DIMENSIONS OF DIVERSITY as gender, race, sex orientation, religion, age, marital and family status, language, class, physical ability, nationality, and function. It states the INSIDER GROUP is men, white,  heterosexual, Christian, age 35-55, married with children, English (speaking), upper middle or upper class,  (physically) able-bodied, U.S. Nationality, with an Engineering/Science function, and the OUTSIDER GROUP  is women, people of color, sex orientation LGBTQ, other religions, ages not between 35 and 55, single, single with children or married without children, who have English as a second language, are working class or poor, differently abled, non-US nationality, with a function other than Engineering or Science.   Defendants Hill and Hernandez said Sandia would prefer OUTSIDERS over INSIDERS on decisions regarding hiring and promotions. Colombel discussed this with them and said it was discriminatory. After this, in April 2019, Vanessa Kuca, Manager of Research and Development Systems Architecture, told Colombel, who was a software systems engineer overseeing 8 developers, and had previously been told by Kuca his skills and experience qualified him to be a Enterprise Agile Coach, which was a promotion to be working at a higher level, to take a step back and withdrew the offer for this promotion.

45. In October 2019 Jared Columbel served as a volunteer for Defendant Sandia for United Way. He was told by a Sandia employee and was told he could not have as a tag line for his work email--I give because Jesus gave His all. He was told to remove it. The decision was reversed because it was not found to be offensive or inappropriate.

46. Sandia had a regulation banning  employee e-mail tag lines signature blocks that are

"offensive or inappropriate." Non-Christian religious  e-mail tag lines signature blocks were permitted many times. There is no definition in Sandia protocols what is "offensive of inappropriate."

47. In October 2019 CWNG had boxes placed in buildings on the New Mexico campus of Defendant Sandia, a secure area no one but employees or contractors has access to, with a printed flyer taped to the boxes stating "Christians in the Workplace Networking Group is collecting food donations to support Spoken For, a charity." One or more boxes was removed. Jared Columbel, of the steering committee of CWNG, complained to management of Defendant Sandia and no action was taken.

48. In October 2016 posters for a Sandia Pride event put up by members of the Gay/Lesbian/Bisexual Networking Group (GLBNG) at Sandia posted on the campus of Sandia were removed. Gary Sanders, Vice President of Weapons Engineering and Product Realization for Defendant Sandia, sent an e-mail to about 1500 people stating the removal of the posters was "intolerant" and "against Sandia's corporate value "respect each other."

49. In May 2020 Jeffrey Martin of CWNG's steering committee requested from IDEA, Inclusion, Diversity, EEO and Affirmative Action Department of Sandia, permission to send an e-mail to CWNG members encouraging them to vote in the June 2020 New Mexico primary. Defendant Hill would not give such permission and told him to consult with Sandia's government relations organization. Martin e-mailed Amanda Spinney of that organization. She told him it was a policy violation to use Sandia resources to communicate about elections and CWNG could not send that e-mail. In June 2020 Liz Gallegos a member of the CWNG steering committee and Sandia's Hispanic Outreach for Leadership and Awareness received a message on her Sandia e-mail from the chairman of that group inviting their members to volunteer for Albuquerque city community policing council, a political group.

50. The regulations of Sandia state members of the workforce may not participate in campaigns or political activities within the scope of their job including using Sandia resources or on government

property. Nowhere does it ban encouraging people to vote, generally, without mentioning a specific candidate, party or cause. CWNG's proposed e-mail was not encouraging, or part of an effort to, participate in any specific campaign or political activity.

51. In June 2020 Jeffrey Martin, Tim Miller and Sabrina Aragon, of the CWNG steering committee asked IDEA team member Aaron Jim if IDEA would consider combining all the employee minority groups into a single employee minority group. He defended the need for each minority to have its own group.

52. Sandia in 2000 was given a copy of the constitution of CWNG and permitted it to be an employee group with the terms of the constitution.

53. On August 29, 2018, Defendant Sandia implemented a new policy, HR008, for all employee groups which banned differences in treatment because of race, color, creed, religion, national origin, sex, pregnancy, disability, genetic information, sexual orientation, gender identity and associational preferences and required that this language be incorporated into the constitution of all employee groups. Under the policy, membership and participation in an employee group must be open to all employees without regard to race, color, creed, religion, national origin, sexual orientation, associational preferences or gender identity.

54. On October 29, 2019, in a meeting between Defendant Jim and CWNG's steering committee, Defendant Jim pursuant to the new policy communicated to Jared Colombel of CWNG's steering committee that CWNG must revise language in CWNG's 2019 strategic plan or it would be in violation of Sandia policy HROO8 Nondiscrimination and Harassment-Free Policy. The new language must permit any member of Defendant Sandia to lead in and be a part of the steering committee of CWNG even if the they will not agree to the statement of faith or their faith and omit a clause on behavior permitting removal from the steering committee for reasons stated in 5.6.6 of the Constitution.

55. On November 18, 2019 Colombel and Martin met with John Clymo, Associate Lab Director

for Infrastructure Operations and Security Director of Defendant Sandia and executive champion for CWNG. Clymo stated the new requirement was not reasonable.

56. On December 16, 2019 Colombel sent Defendant Jim requesting how CWNG was in violation. Defendant Jim ordered that CWNG remove the offending language immediately.

57. On December 17, 2019, Colombel sent an e-mail to Defendant Jim requesting reasonable accommodation of the beliefs of Plaintiff and its members.

58. On January 14, 2020 asked Defendant Jim about the request for accommodation.

59. On January 20, 2020 Defendant Jim stated the request was under consideration.

60. On January 27, 2020 Defendant Jim sent an e-mail denying Plaintiff's request for reasonable accommodation.

61. In February 2020 Colombel resigned as steering committee chairman for Plaintiff and Jeffrey Martin assumed that role.

62. On March 2, 2020  Defendant Hernandez asked Martin if Plaintiff could compromise on the language. He suggested language from 1 Tim. 3 and Titus 1 as qualifications for a steering committee member. She rejected that offer  2 days after it was communicated.

63. On September 18, 2020 negotiations continued.

64.On November 18, 2020, Defendant Hernandez sent a memo withdrawing Sandia's sponsorship of CWNG as an employee resource group.

65. This new restrictions were not interpreted uniformly as to all employee resource groups. At least 1 of the 10 employee networking and employee resource groups has not been subject to the same requirements as CWNG. The American Indian Outreach Committee (AIOC), an employee resource group, has documents stating that their leaders had to be Native American.  On September 22, 2020, Defendant Jim told Martin in an-email that Sandia is in the process of instructing AOIC to open its leadership to all. AIOC is still an employee resource group but still requires its leadership to be native

American and/or a certain percentage native American.  It stated this in its charter. CWNG was provided about $700. in funding since it started.  ANGLE the next generation leadership ERG and SPAN the LGBQT Leadership Group ERG received more in that period.

66. Plaintiff through its representatives stated it could not comply with this requirement as it applied to its steering committee because to do so would compromise the essentially Christian biblical nature of the group and allow those who do not believe in its statement of faith to make it something other than a Christian group.

67. Defendants made no effort to reasonably accommodate the religious beliefs of Plaintiff and those who were part of the group although this could have been done without undue hardship or expense.

68. Defendants have required that Plaintiff accept as a Christian spiritual leader and member of the steering committee of CWNG those who do not hold or profess Christian beliefs and promote a message with which it disagrees, acquiescing in behaviors that violate the moral code of the bible.

69. Plaintiff has been denied recruitment opportunities, not been permitted to participate in Employee Group forums, and lost support for its group activities.

70. After CWNG filed with the EEOC, on January 11, 2022 the EEOC issued a right to sue under which a claim in the U.S. District Court must be filed within 90 days, or by April 11, 2022.

FIRST CAUSE OF ACTION:VIOLATIONS OF 42 U.S.C. Section 2000e-2

71. The averments of paragraphs 1-70 are incorporated by reference

72.Accommodating the religious beliefs of CWNG will entail minimal if any cost, cause virtually no material disruption or interference with the business of Sandia, and will not to a reasonable observer be interpreted as government sponsorship of religion, as the viewpoints and operations of the employee resource groups are independent of Sandia and do not necessarily express the views or beliefs of Sandia or the Department of Energy.

73. Plaintiff has suffered irreparable injury to its constitutional rights as a result of the actions of

Defendants.

74. Defendants failed to reasonably accommodate the religious beliefs of Plaintiff as is required under 42 U.S.C. Section 2000e-2.

 WHEREFORE, Plaintiff seeks entry of judgment in its favor and against Defendants in an amount in excess of $150,000, plus interest, costs and attorneys fees, as well as injunctive relief.

SECOND CAUSE OF ACTION:  Violations of 1st & 14th AMENDMENTS

75. The averments of paragraphs 1-74 are incorporated by reference.

76. The withdrawal of the sponsorship and recognition of Plaintiff as an employee resource group and treatment differently than other employee groups unconstitutionally abridged Plaintiff's freedom of speech as protected under the 1st & 14th Amendments.

76. No compelling governmental interest supports  Defendant's actions.

77. The withdrawal is not reasonable in light of the  purposes for which Defendant Sandia has created a forum of officially recognized and sponsored employee resource groups.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth in the prayer for relief.

THIRD CAUSE OF ACTION: VIEWPOINT DISCRIMINATION

78. The averments of paragraphs 1-77 are incorporated by reference.

79. Defendant Sandia's policy regarding employee resource groups, and withdrawal of recognition and sponsorship of GWNG, and treatment differently than other employee groups, is an unconstitutional abridgement, on its face and as applied, of Plaintiff's right to free speech under the 1st Amendment.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth in the prayer for relief.

FOURTH CAUSE OF ACTION:  Free Exercise of Religion --Hybrid

80. The averments of paragraphs 1-79 are incorporated by reference.

81. Defendants withdrawal of recognition and sponsorship of Plaintiff, and treatment differently than other employee resource groups, represents an unconstitutional abridgment, on its face and as applied,

of Plaintiff's right to freedom of religion and to free association, in violation of the 1st and 14th

Amendments to the U.S. Constitution.

82. The object and effect of Defendants' policy is to infringe upon and restrict expressive and

associational activities because of their religious motivation and/or content.

83. Defendants' policy as applied here does not serve a compelling governmental interest.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth in the prayer for relief.

FIFTH CAUSE OF ACTION: Freedom of Association

84. The averments of paragraphs 1-83 are incorporated by reference.

85. Defendants withdrawal of recognition and sponsorship of Plaintiff, and treatment

differently than other employee resource groups, represents an unconstitutional abridgment, on its face

and as applied, of Plaintiff's right to freely assemble, in violation of the 1st and 14th Amendments to the

U.S. Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth in the prayer for relief.

SIXTH CAUSE OF ACTION: Equal Protection

86. The averments of paragraphs 1-85 are incorporated by reference.

87. Defendants withdrawal of recognition and sponsorship of Plaintiff, and treatment differently than

other employee resource groups, represents an unconstitutional abridgment, on its face and as applied,

of Plaintiff's right to Equal Protection, in violation of the 14th Amendment to the U.S. Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth in the prayer for relief.

SEVENTH CAUSE OF ACTION: Civil Conspiracy

88. The averments of paragraphs 1-87 are incorporated by reference.

89. Defendants conspired with the Department of Energy to violate the constitutional rights of Plaintiff.

90. In enacting the policies which led to actions described in this complaint, Defendants acted pursuant

to a conspiracy.

91. Plaintiff has suffered and will in the future suffer damages as a result of the acts of Defendants.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth in the prayer for relief.

PRAYER FOR RELIEF

WHEREFORE,  Plaintiff respectfully prays that the court:

a. assumes jurisdiction over this action

b. declare that Defendants' actions of withdrawing the recognition and sponsorship of Plaintiff as an employee resource group is unconstitutional on its face and as applied

c. enter a judgment and decree that Defendants' policy of withdrawing the recognition and sponsorship of Plaintiff as an employee resource group and treatment different than other employee groups violates Plaintiffs' rights of free speech, freedom of religion and freedom of association as guaranteed by the 1st and 14th Amendments

d. grant a permanent injunction prohibiting Defendants from denying official recognition and sponsorship to Plaintiff CWNG, thereby preventing violations of the 1st and 14th Amendments to the U.S. Constitution

e. award Plaintiff reasonable fees and costs as per 42 U.S.C. §1988 and 28 U.S.C. §2412

f.award monetary damages and other damages as a result of the violations of the 1st and 14th Amendments to the U.S. Constitution

g. grant other relief as the court deems necessary and proper.

Respectfully submitted,

Date: May 4, 2022        J. Michael Considine, Jr., P.C.
                                 By: s/ J. Michael Considine, Jr.
                                 1845 Walnut Street, Suite 1199
                                 Philadelphia, PA 19103
                                 PA Attorney I.D. No. 37294
                                 (215) 564-4000
                                 Adventure7@gmail.com
                                 Counsel for Plaintiff