IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHRISTIANS IN THE WORKPLACE
NETWORKING GROUP,

      Plaintiff,

v.                                                   No. 1:22-cv-267 DHU/KRS

NATIONAL TECHNOLOGY AND
ENGINEERING SOLUTIONS OF SANDIA, LLC;
ESTHER HERNANDEZ; AARON JIM;
and BIANCA HILL,

      Defendants.

## ORDER GRANTING IN PART MOTION FOR PROTECTIVE ORDER

THIS MATTER is before the Court on Defendants' Motion for Protective Order, (Doc. 69), filed March 8, 2023. Defendants ask the Court to: (1) bar Plaintiff from taking the deposition of Stephen Younger, which Plaintiff has noticed for March 17, 2023; (2) bar Plaintiff from deposing Defendant National Technology and Engineering Solutions of Sandia, LLC ("NTES") on topics 2 through 16 of Plaintiff's Rule 30(b)(6) deposition notice scheduled for March 16, 2023; and (3) bar Plaintiff from exceeding the allowable number of depositions in this matter. (Doc. 69) at 1; (Doc. 69-1). Defendants also filed a Notice of Non-Appearance pursuant to Local Rule 30.2, stating NTES will not appear to testify as to topics 2 through 16 in the Rule 30(b)(6) notice, and that Stephen Younger will not appear to testify at the deposition scheduled for March 17, 2023. (Doc. 71). Pursuant to the Court's Order for Expedited Briefing, Plaintiff filed a response and Defendants filed a reply on March 13, 2023. (Docs. 75 and 76). Having considered the parties' briefing, record of the case, and relevant law, the Court grants in part and denies in part the Motion for Protective Order.

### A. Amended Notice of Deposition

At the outset, the Court notes that Plaintiff provided Defendants an Amended Notice of Deposition on March 13, 2023, changing the dates and times for the depositions, removing some witnesses, and adding several additional Rule 30(b)(6) topics. (Doc. 75-4). This Amended Notice is in violation of Local Rule 30.1, which requires that service of a notice of deposition "must be made at least fourteen (14) days before the scheduled deposition." D.N.M. LR-Civ. 30.1; *see also* Fed. R. Civ. P. 30(b)(1) ("A party who wants to depose a person by oral questions must give reasonable written notice to every other party."). Defendants state they "have largely been able to conform quickly to Plaintiff's new deposition schedule that essentially changed all the deposition dates and times," and are able to accommodate two of the new deposition topics. (Doc. 76) at 2. Outside of the portions of the Amended Notice that Defendants have agreed to, the Court grants Defendants' Motion for Protective Order as to the Amended Notice since it was provided in violation of the time requirements of Local Rule 30.1.

### B. Number of Depositions

Next, the Court grants the Motion for Protective Order as to Plaintiff noticing thirteen depositions, which is in excess of the Scheduling Order entered by the Court allowing no more than ten depositions by each side. (Doc. 22). Plaintiff has not moved to amend the number of depositions and does not set forth good cause for additional depositions. *See* Fed. R. Civ. P. 30(a)(2) (limiting the number of depositions to ten in a civil case unless a party obtains leave of Court). Moreover, in its response to the Motion for Protective Order Plaintiff agreed to limit the number of depositions to nine. (Doc. 75) at 1.

### C. Deposition of Stephen Younger

Defendants ask the Court to bar Plaintiff from taking the deposition of Stephen Younger, which Plaintiff has noticed for March 17, 2023. (Doc. 69-1). Defendants state that Mr. Younger, a former director of NTES, is only referenced in the Complaint twice and does not have any unique personal knowledge warranting a deposition. (Doc. 69) at 2, 4. Plaintiff argues in response that Mr. Younger should be deposed because he is not a high-level official and he has knowledge as to the treatment of CWNG. (Doc. 75) at 3-4. Plaintiff attaches an affidavit from Harold John Clymo, stating that Mr. Younger received updates and information on employee resource groups and that CWNG "was never discussed in any of the Senior Leadership meetings and never appeared on the agenda." *Id.* at 3; (Doc. 75-1). Plaintiff further states that Mr. Younger "favored groups other than CWNG, [and] gave power to establish the agenda at the meetings to Esther Hernandez and she never put CWNG on the agenda except for the National Day of Prayer." (Doc. 75) at 4. In reply, Defendants maintain that Mr. Younger does not possess any unique personal knowledge of Plaintiff's claims and that Plaintiff fails to demonstrate that Mr. Younger took actions against CWNG. (Doc. 76) at 3.

"[T]he court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that … the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive[.]" Fed. R. Civ. P. 26(b)(2)(C); see also Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"). In addition, courts have found that high-level corporate executives can be protected from the burden of a deposition when: "(1) the executive has no unique personal knowledge of the matter in dispute; (2) the information

sought from the executive can be obtained from another witness; (3) the information sought from the executive can be obtained through an alternative discovery method; or (4) sitting for the deposition is a severe hardship for the executive in light of his obligations to his company." *Tierra Blanca Ranch High Country Youth Program v. Gonzales*, 329 F.R.D. 694, 697 (D.N.M. 2019) (quoting *Naylor Farms, Inc. v. Anadarko OGC Co.*, 2011 WL 2535067, at *1-2 (D. Colo.)). Mr. Younger is not a party in this suit, and Plaintiff's Complaint mentions Mr. Younger twice regarding scheduling meetings. *See* (Doc. 4) at ¶¶ 39, 40 ("Colombel inquired to Stephen Younger Laboratory Director if the meeting would be rescheduled and was told it would be." "A previous meeting of CWNG was also canceled by Stephen Younger."). Plaintiff has not demonstrated that the information it seeks from Mr. Younger cannot be obtained through an alternative discovery method or another witness. Therefore, the Court finds it would be unduly burdensome for Mr. Younger to sit for a deposition and grants Defendants' Motion for Protective Order as to Mr. Younger's deposition.

**D. Rule 30(b)(6) Topics**

Finally, Defendants ask the Court to limit the topics Plaintiff may ask NTES' Rule 30(b)(6) witness, and specifically oppose topics two through sixteen in the Rule 30(b)(6) deposition notice. Rule 30(b)(6) requires the serving party and the organization to "confer in good faith about the matters for examination" and that "[t]he persons designated must testify about information known or reasonably available to the organization." Moreover, as explained above, the court must limit discovery that is overly burdensome and disproportionate to the needs of the case. Fed. R. Civ. P. 26(b)(1), (b)(2)(C).

Here, Plaintiff's Rule 30(b)(6) deposition notice asks for NTES to testify about matters going back to 1995, when NTES formulated guidelines for employee resource groups. (Doc. 69-

1) at 1.  Specifically, topics two, three, four, and five concern policies and decisions regarding employee resource groups from 1995 onward and the decision to allow Plaintiff to form as such a group as part of a settlement of a lawsuit in 2000.  *Id.*  Topic six deals with the 2003 removal of a proclamation of a "marriage protection week" advertisement in Defendant's newspaper.  Topics seven, eight, nine, ten, thirteen, fourteen, fifteen, and sixteen, inquire about Plaintiff's claims that it was not allowed to have certain speakers and about reducing honorarium fees for speakers, based on requests made in 2011, 2017, and 2018.  And topics eleven and twelve concern issues regarding email signature tag lines.  Defendants argue these topics pertain to issues that are minimally relevant to Plaintiff's claims and are outside the relevant time period.  (Doc. 69) at 5-6.  Defendants also contend it would be burdensome to locate information and prepare a corporate representative for these topics, and ask the Court to prevent Plaintiff from attempting to re-adjudicate matters at issue in the 2000 lawsuit and its settlement.

  Plaintiff brings claims for discrimination and failure to accommodate based on its members' religious beliefs under 42 U.S.C. § 2000e-2 and the First and Fourteenth Amendments.  (Doc. 4) at 13-16.[1]  Plaintiff's claims are based on its removal "as an employee resource group due to its policy of limiting who can be on its steering committee."  *Id.*  Plaintiff states that its removal stemmed from NTES implementing a new policy in August 2018, HR008, requiring that "membership and participation in an employee group must be open to all employees without regard to race, color, creed, religion, national origin, sexual orientation,

---

[1] In response to the Motion for Protective Order, Plaintiff argues that "[e]ach topic is a relevant issue drawn from the Second Amended Complaint."  (Doc. 75) at 4.  Plaintiff filed a Motion for Leave to File Second Amended Complaint on March 13, 2023, the same day it filed its response to the Motion for Protective Order.  (Doc. 74).  The Motion to File Second Amended Complaint has not been briefed or ruled on, so the operative complaint in this case is the Amended Complaint, (Doc. 4).

5

associational preferences or gender identity." *Id.* at 11.  Defendants argue "[t]he genesis of Sandia's actions at the heart of this case began when it requested a copy of Plaintiff's business plan for review in approximately February 13, 2019," and "the timeframe in which discovery should be limited is from this date through the time Sandia discontinued its sponsorship, which was on November 18, 2020."  (Doc. 76) at 4.  Plaintiff sets forth no argument to oppose this timeframe, and has not demonstrated good cause for a Rule 30(b)(6) deponent to testify about matters going back prior to August 2018, when HR008 was enacted.  Accordingly, the Court will grant Defendants' Motion for Protective order as to these topics in part.  Plaintiff is barred from inquiring into topics 2, 3, 4, 5, 6, 7, 9, 11, 14, and 16, because those topics concern incidents prior to August 2018.  As to topics 8, 10, 12, 13, and 15, which ask for information from 2000-2022, Plaintiff may only inquire as to policies and information from August 2018 forward.

    IT IS THEREFORE ORDERED Defendant's Motion for Protective Order, (Doc. 69), is GRANTED in part and DENIED in part as set forth above.

    IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE