IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHRISTIANS IN THE WORKPLACE
NETWORKING GROUP,

      Plaintiff,

v.                                                                    No. 1:22-cv-267 DHU/KRS

NATIONAL TECHNOLOGY AND
ENGINEERING SOLUTIONS OF SANDIA, LLC;
ESTHER HERNANDEZ; AARON JIM;
and BIANCA HILL,

      Defendants.

**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL (Doc. 27),
GRANTING PLAINTIFF'S MOTION TO FILE REPLY (Doc. 32),
and DENYING PLAINTIFF'S REQUEST FOR ORAL ARGUMENT (Doc. 39)**

THIS MATTER is before the Court on Plaintiff's Motion to Compel, (Doc. 27), filed October 26, 2022. Defendants filed a response on November 9, 2022. (Doc. 30). Pursuant to the Court's Order to Notify the Court of the Status of the Motion to Compel, (Doc. 31), on December 14-15, 2022, Plaintiff filed a Motion for Leave to File Reply, (Doc. 32), Reply to Motion to Compel, (Doc. 33), Brief in Support of Motion to Compel, (Doc. 34), and Notice of Completion of Briefing, (Doc. 36). On December 16, 2022, Plaintiff filed another Reply to Motion to Compel, (Doc. 38), and a Request for Oral Argument, (Doc. 39). On December 20, 2022, Defendants filed a response in opposition to Plaintiff's Motion for Leave to File Reply, (Doc. 40). Plaintiff filed a reply to its Motion for Leave to File Reply, (Doc. 41), on December 28, 2022, and a Notice of Completion of Briefing, (Doc. 59), on February 17, 2023.

Having considered the parties' briefing, record of the case, and relevant law, the Court GRANTS Plaintiff's Motion to File Reply, (Doc. 32), DENIES Plaintiff's Request for Oral

Argument, (Doc. 39), and GRANTS IN PART Plaintiff's Motion to Compel, (Doc. 27), as set forth below.

I. **Background**

Plaintiff brings seven causes of action under 42 U.S.C. § 2000e-2 and the First and Fourteenth Amendments, claiming discrimination and failure to accommodate based on its members' religious beliefs. (Doc. 4) at 13-16. Plaintiff's claims are based on its removal "as an employee resource group due to its policy of limiting who can be on its steering committee." *Id.* Plaintiff states that its removal occurred on November 18, 2020, and stemmed from Defendant National Technology and Engineering Solutions Of Sandia ("NTES") implementing a new policy in August 2018, called HR008, requiring that "membership and participation in an employee group must be open to all employees without regard to race, color, creed, religion, national origin, sexual orientation, associational preferences or gender identity." *Id.* at 11.

In its Motion to Compel, Plaintiff states that: (1) Defendants' responses to Interrogatory Nos. 2, 5, 6, 8, 9, 10, 11, 12, and 13 are incomplete; (2) Defendants' responses to Request for Production ("RFP") Nos. 1, 8, 13, 14, 15, 19-27, 31-33, 35, 36, 38, 40-47, 49, and 53 are incomplete; (3) no documents were produced for RFP Nos. 3, 4, 6, 28, 51, 57, 58, 60, 61-66, 68, 70, 72, 73, and 74, although it was stated they were attached to Defendants' responses; (4) all responsive documents were not produced for RFP No. 7; and (5) Defendants' response to RFP No. 10 "cannot be true" because documentation should exist. (Doc. 27) at 1.

Defendants respond that Plaintiff failed to confer in good faith about the Motion to Compel prior to filing it, in violation of Fed. R. Civ. P. 37(a)(1). (Doc. 30) at 1-6. Because of this, Defendants were unable to address the deficiencies Plaintiff found with the production. Nevertheless, after Plaintiff filed its Motion to Compel, Defendants provided amended and

supplemental discovery responses and have corrected their omission of certain documents. *Id.* at 3-4. Defendants now believe they "have provided all relevant information after a diligent search of documents and there is nothing left for the Court to compel." *Id.* at 4.

In addition, Defendants contend that Plaintiff's Motion to Compel does not provide sufficient information as to why Plaintiff thinks the discovery responses were inadequate. *Id.* at 6-7. Defendants contend many of the requests are overly broad because they ask for documents from as far back as 1995, or are not limited to any time period. *Id.* at 8-10. Defendants assert the relevant timeframe is from February 13, 2019, when NTES requested a copy of Plaintiff's business plan for review, through November 18, 2020, the date NTES denied sponsorship of the Christians in the Workplace Networking Group ("CWNG"). *Id.* at 10. Defendants argue that anything prior to May 1, 2017 is irrelevant because NTES was not the contract operator of Sandia prior to that date, and that any incidents from the time frame of 1995-2000 are barred because Plaintiff brought similar claims against Sandia National Laboratories for events during that time frame, and the parties reached a settlement in that case. *Id.* at 10-13. Defendants also explain their objections and responses to each disputed discovery request. *Id.* at 13-23.

In reply, Plaintiff states he attempted to confer with Defendants by sending multiple emails and letters in October and November 2022, wherein he specified which discovery responses were incomplete and asked to confer with Defendants' counsel. (Doc. 33) at 1.[1] Plaintiff lists the discovery requests that are still in dispute, noting that Defendants agreed to produce additional documents but Plaintiff only received one page instead of the multiple pages

---

[1] Below, the Court addresses Plaintiff's Motion for Leave to File Reply and concludes that it will consider the reply filed as Document 33.

that Defendants stated they were producing. *Id.* at 2-6. Plaintiff also states he has not received a privilege log of withheld documents. *Id.*

## II.  Legal Standard

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery and provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevant evidence is that which "has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. However, "[i]nformation within [the] scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1); *see Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649 (10th Cir. 2008) ("Under our rules, parties to civil litigation are given broad discovery privileges."). Nonetheless, the Court is not required to permit the parties to engage in fishing expeditions in the hope of supporting their claims or defenses. *See Landry v. Swire Oilfield Servs., L.L.C.*, 323 F.R.D. 360, 375 (D.N.M. 2018).

Key considerations in determining the scope of permissible discovery include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Ultimately, "[c]ounsel bears the responsibility of propounding proper discovery requests, and expecting counsel to fulfill this responsibility is neither capricious nor unfair." *Punt v. Kelly Services*, 862 F.3d 1040, 1047 (10th Cir. 2017).

4

### III. Discussion

#### A. Plaintiff's Motion for Leave to File a Reply and Request for Oral Argument

On December 13, 2022, the Court ordered Plaintiff to notify the Court if its Motion to Compel was ready for ruling since Plaintiff had not filed a reply and the deadline for doing so had passed. (Doc. 31). In response to that Order, Plaintiff filed a Motion for Leave to File a Reply, (Doc. 32), two reply briefs (Docs. 33 and 38), and a Brief in Support of the Motion to Compel, (Doc. 34). Plaintiff's Motion for Leave to File a Reply states that many of Defendants' discovery responses only contain one page even though they are supposed to be multiple-page documents, and that Defendants did not produce a privilege log for withheld documents. (Doc. 32) at 1-3. Plaintiff provides no explanation for his late reply, other than stating that "on December 14, 2022 the undersigned discovered for the first time that Bates stamped documents sent by Defendants in response to Requests for Production of Document [sic] were not what they purported to be." *Id.* at 1.

Defendants argue that Plaintiff's Motion for Leave should be denied because they have complied with their discovery obligations and Plaintiff's reply was not timely. (Doc. 40). Defendants explain that their production was complete, but Plaintiff's counsel did not understand how to download the documents to view them, so he erroneously thought Defendants had only produced one page when the responses contained multiple pages for each discovery request. *Id.* at 1-4. Defendants produced a link with twenty electronic folders which contained documents responsive to the various RFPs. *Id.* at 2. Defendants state that all of the documents were clearly labeled, complete, and downloadable, and they explain that Plaintiff's counsel needs to scroll down to access more pages in the provided documents. *Id.* at 4. Defendants further state they have produced a privilege log for all responsive documents that were withheld on the basis of

privilege.  *Id.*  Indeed, Defendants attach emails showing they sent Plaintiff's counsel links to the responsive documents and privilege logs multiple times, as well as documentation that the documents have been accessed by Plaintiff's counsel.  *Id.* at 4-9; (Doc. 40-1).  Defendants assert that Plaintiff has not provided any support for filing an untimely reply and ask the Court to deny the Motion for Leave.  (Doc. 40) at 9-10.

In reply, Plaintiff's counsel states that he printed the documents sent by Defendants "into PDF," and "[t]here was no instruction saying not to do this."  (Doc. 41) at 2.  By doing this, Plaintiff's counsel only saw the first page of the documents in the folders sent by Defendants.  *Id.*  Plaintiff's counsel states that for some of the documents in the electronic folders, the scroll down function did not work for him.  Nevertheless, Plaintiff's counsel indicates he received most of the disputed documents on December 27 and 28, 2022.  *Id.* at 2-3.

Due to Plaintiff's issues with obtaining the documents through the electronic folders, the Court will grant Plaintiff's Motion for Leave to File Reply and will consider the first reply brief Plaintiff filed, Document 33.  The Court will not consider the additional reply briefs— Documents 34 and 38—because they were filed in violation of Rule 7 which allows a party to file one reply brief.  In addition, the Court is able to rule on Plaintiff's Motion to Compel without oral argument, so the Court denies Plaintiff's Request for Oral Argument, (Doc. 39).

**B.  Plaintiff's Motion to Compel**

First the Court finds that Plaintiff adequately conferred with Defendants prior to filing his Motion to Compel.  Plaintiff attaches multiple emails and letters sent to Defendants documenting his attempts to confer.  (Docs. 33-2, 33-3, 33-4).  Moreover, Defendants acknowledge they supplemented and amended their document production after Plaintiff filed his Motion to Compel.

Therefore, the Court finds that Plaintiff sufficiently complied with Rule 37's requirement to confer.

Regarding Plaintiff's assertion that Defendants' discovery responses were incomplete, the parties' briefing on Plaintiff's Motion for Leave to File Reply clarifies that the issue was with Plaintiff's counsel opening the electronic folders and viewing the documents.  Plaintiff states that he received documents from Defendants on December 27 and 28, 2022 after "the site was reopened and the undersigned was able to download responses." (Doc. 41) at 4.  It therefore appears that Plaintiff's counsel is now able to access the discovery produced by Defendants, although Plaintiff's counsel states he is having trouble scrolling down the pages and that the print is too small.  *Id.* at 2-3.  The Court encourages Plaintiff's counsel to work with an information technology specialist to learn how to navigate the electronic folders sent by Defendants.  Defendants explain that they used the electronic folders because the production is too large to forward in another manner and the electronic folders are the most secure way for them to provide discovery.  (Doc. 40-1) at 12.  Nevertheless, going forward the Court encourages Defendants to produce documents to Plaintiff in a more easily accessible manner if possible.

To the extent Plaintiff continues to assert deficiencies with Defendants' discovery responses, Plaintiff has not clarified which responses are still at issue, and the Court will not comb through the numerous documents Plaintiff filed to determine whether any disputes remain.  Moreover, the Court has reviewed Defendants' discovery responses and objections and finds them reasonable with one exception.  Defendants objected on the basis the discovery requests were overly broad in time and scope, and asserted that the relevant timeframe is from February 13, 2019, when NTES requested a copy of Plaintiff's business plan for review, through November 18, 2020, the date NTES denied sponsorship of CWNG.  (Doc. 30) at 10.  However,

in the Court's Order on Defendants' Motion for Protective Order, (Doc. 78), the Court found the relevant time period in this case is from August 2018 going forward.  Plaintiff's claims are based on its removal as an employee resource group, which stemmed from NTES implementing HR008 in August 2018.  It is not clear the relevant time period ends on November 18, 2020, when NTES denied sponsorship of CWNG, since Plaintiff alleges unequal application of HR008 to other groups after 2020.  Accordingly, the Court overrules Defendants' objections as to the relevant time period and Defendants shall produce any additional responsive documents from August 2018 to the present.

IT IS THEREFORE ORDERED that Plaintiff's Motion to File Reply, (Doc. 32), is GRANTED, Plaintiff's Request for Oral Argument, (Doc. 39), is DENIED, and Plaintiff's Motion to Compel, (Doc. 27), is GRANTED IN PART.  Defendants shall produce any additional responsive documents from August 2018 to the present by **April 14, 2023**.

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE