IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHRISTIANS IN THE WORKPLACE
NETWORKING GROUP,

      Plaintiff,

v.                                            No. 1:22-cv-267 DHU/KRS

NATIONAL TECHNOLOGY AND
ENGINEERING SOLUTIONS OF SANDIA, LLC;
ESTHER HERNANDEZ; AARON JIM;
and BIANCA HILL,

      Defendants.

**ORDER GRANTING MOTION FOR LEAVE TO FILE REPLY (Doc. 62) and DENYING MOTION TO EXTEND EXPERT WITNESS DEADLINE (Doc. 43)**

THIS MATTER is before the Court on Plaintiff's Motion to Extend Expert Witness Deadline, (Doc. 43), filed January 11, 2023. Defendants filed a response to the Motion to Extend on January 25, 2023, and Plaintiff filed a reply on February 20, 2023. (Docs. 47 and 63). Also on February 20, 2023, Plaintiff filed a Motion for Leave to File Reply, (Doc. 62). Defendants filed a response to Plaintiff's Motion for Leave to File Reply on March 6, 2023, (Doc. 68). Plaintiff has not filed a reply to the Motion for Leave and the time for doing so has passed. Having considered the parties' briefing, record of the case, and relevant law, the Court GRANTS Plaintiff's Motion for Leave to File Reply, (Doc. 62), and DENIES Plaintiff's Motion to Extend Expert Witness Deadline, (Doc. 43).

Plaintiff asks the Court to extend its January 30, 2023 deadline to disclose expert witnesses, stating it needs outstanding discovery responses to determine which expert is needed and the scope of their report. (Doc. 43) at 1. Plaintiff's counsel states "[i]n every other case in which the undersigned has been involved over 40 years, the expert deadline is after the discovery

deadline." *Id.* Defendants respond that Plaintiff's request to set the expert witness deadlines after the discovery deadline was already denied by the Court at the Rule 16 scheduling conference. (Doc. 47) at 2. At that time, it was explained to Plaintiff that the close of discovery must be after the expert deadlines to allow the parties to engage in discovery regarding the expert reports, such as taking depositions of the expert witnesses. *Id.* Defendants also argue that Plaintiff failed to state what information it expects to obtain that is necessary for disclosing an expert report. *Id.* at 3-5.

Plaintiff's reply was due February 8, 2023, but was not filed until February 20, 2023. In Plaintiff's accompanying Motion for Leave to File Reply, Plaintiff's counsel states that, though he was "busy with many other matters, no excuse is given," and he "promises he will in the future timely meet every deadline" and "will not seek any more extensions of time to file replies in this case." (Doc. 62) at 1. This is Plaintiff's second motion to file a late reply. *See* (Doc. 32). Considering Plaintiff's counsel's assurances that he will meet briefing deadlines in the future and will not seek any more extensions to file replies, the Court will grant the Motion for Leave and consider Plaintiff's reply brief.

In Plaintiff's reply to its Motion to Extend Expert Witness Deadlines, Plaintiff states that information from Defendant Hernandez' upcoming deposition is needed for an expert to provide an opinion about Defendants' accommodations of Plaintiff's religious beliefs. (Doc. 63) at 1. Plaintiff argues there is good cause for extending the deadline since it is currently set prior to the close of discovery and Plaintiff has diligently prosecuted the case. *Id.* at 1-2.

The Court held a Rule 16 scheduling conference in this case on September 15, 2022 and set the deadline for Plaintiff's expert reports for January 30, 2023, Defendants' expert reports for February 28, 2023, and the termination of discovery for April 28, 2023. Regardless of Plaintiff's

counsel's previous experiences with expert report deadlines, the custom in this district is to set the expert report deadlines prior to the close of discovery to allow the parties time to conduct depositions of experts. Moreover, parties seeking to extend scheduling order deadlines must make a showing of good cause. Fed. R. Civ. P. 16(b)(4). Here, Plaintiff states that it needs to extend its expert report deadline because it needs information from Defendant Hernandez' deposition that was set for March 15-17, 2023. (Doc. 63). Plaintiff improperly provides this explanation in its reply brief, which prevented Defendants from responding to it. Moreover, Plaintiff does not specify what information it expects to obtain from Defendant Hernandez' deposition, other than referring to Plaintiff's Interrogatory No. 3 which requested information about efforts Defendants made to accommodate Plaintiff's religious beliefs. *Id.* The Court finds that this is an insufficient basis for extending the expert report deadline and denies Plaintiff's Motion to Extend.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to File Reply, (Doc. 62), is GRANTED, and Plaintiff's Motion to Extend Expert Witness Deadline, (Doc. 43), is DENIED.

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE