**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

CHRISTIANS IN THE WORKPLACE
NETWORKING GROUP,

   Plaintiff,

v.             No. 1:22-cv-267 DHU/KRS

NATIONAL TECHNOLOGY AND
ENGINEERING SOLUTIONS OF SANDIA, LLC;
ESTHER HERNANDEZ; AARON JIM;
and BIANCA HILL,

   Defendants.

**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL (Doc. 45)**

   THIS MATTER is before the Court on Plaintiff's Motion to Compel Full and Complete

Responses to Requests for Production Nos. 2 and 3, (Doc. 45), filed January 20, 2023.

Defendants filed a response on February 3, 2023, and Plaintiff filed a reply on February 10,

2023. (Docs. 51 and 54). Having considered the parties' briefing, record of the case, and

relevant law, the Court GRANTS IN PART Plaintiff's Motion to Compel Full and Complete

Responses to Requests for Production Nos. 2 and 3, (Doc. 45).

   Plaintiff brings seven causes of action under 42 U.S.C. § 2000e-2 and the First and

Fourteenth Amendments, claiming discrimination and failure to accommodate based on its

members' religious beliefs. (Doc. 4) at 13-16. Plaintiff's claims are based on its removal "as an

employee resource group due to its policy of limiting who can be on its steering committee." *Id.*

Plaintiff states that its removal occurred on November 18, 2020, and stemmed from Defendant

National Technology and Engineering Solutions Of Sandia ("NTES") implementing a new

policy in August 2018, called HR008, requiring that "membership and participation in an

employee group must be open to all employees without regard to race, color, creed, religion, national origin, sexual orientation, associational preferences or gender identity." *Id.* at 11.

Plaintiff asks the Court to compel Defendants to provide complete responses to its second set of Request for Production ("RFP") No. 2, and its third set of RFP Nos. 1 and 2.  (Doc. 45) at 1.  Plaintiff confusingly duplicates numbers for its discovery requests, so the Court will follow Defendants' system referring to the overall numbering of the RFPs.  *See* (Doc. 51) at 2, n.2.  Thereby, the RFPs at issue are RFP Nos. 77, 79, and 80.

RFP No. 77 seeks "[d]ocuments indicating performance reviews, promotions for all chairman [sic] and members of the steering committee or leadership group of every employee resource group for Sandia Labs, 2000-present."  (Doc 45-2) at 3.  Defendants objected to this RFP on the grounds that it seeks irrelevant information, is overly broad as to the timeframe and scope, disproportionate to the needs of the case, and not likely to lead to the discovery of admissible evidence.  *Id.* at 2-3.  Plaintiff argues that the RFP seeks relevant information because the Complaint refers to an employee not receiving a promotion due to his involvement with CWNG, and "[t]his evidence could show other e.r.g. [sic] leaders were not treated like he was." (Doc. 45) at 1; (Doc. 54) at 1.  To the contrary, Plaintiff's claims refer to the treatment of CWNG, and Plaintiff does not bring claims alleging that an individual was treated differently from other employees based on membership in CWNG.  *See* (Doc. 4) at 13-16.  Stated differently, Plaintiff's claims are based on Defendants' withdrawal of sponsorship for CWNG based on a policy change, and not on the treatment of individual members.  In addition, performance reviews and information about promotions for all chairs and members of every employee resource group from 2000 to the present is overly broad and is not proportional to the needs of the case.  Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any

nonprivileged matter that is relevant to any party's claim or defense and proportional to the

needs of the case." Moreover, relevant evidence is that which "has any tendency to make a fact

more or less probable than it would be without the evidence; and the fact is of consequence in

determining the action," and the Court will not allow the parties to engage in fishing expeditions

in the hope of supporting their claims or defenses. Fed. R. Evid. 401; *Landry v. Swire Oilfield

Servs., L.L.C.*, 323 F.R.D. 360, 375 (D.N.M. 2018). For these reasons, the Court denies

Plaintiff's Motion to Compel as to RFP No. 77 because it seeks irrelevant information and is

overly broad.

 RFP No. 79 seeks "group e-mails (2000-2022) for each of the employee resource groups

for Defendant." (Doc. 45-3) at 2. Defendants objected to the request on the basis that it was

vague, overly broad, seeks irrelevant information, is disproportionate to the needs of the case,

and is unduly burdensome. *Id.* at 2-3. In response to the Motion to Compel, Defendants state

that while they do not withdraw their objections, they have worked to resolve this issue with

Plaintiff and Plaintiff has clarified he seeks emails to and from employee resource group entity

email accounts. (Doc. 51) at 7; (Doc. 51-1). Accordingly, Defendants "agreed to produce the

email traffic between employee resource group entity email accounts on the one hand, and

Sandia's team involved with employee resource groups on the other hand." (Doc. 51) at 7.

Defendants state they thought this production resolved the issue. *Id.* In Plaintiff's reply,

however, Plaintiff states it has sent a fifth set of RFPs seeking employee resource group emails

from 2000-2022 regarding fourteen subjects. (Doc. 54) at 1-2. The Court finds that Defendants'

agreement to produce the email traffic between employee resource group entity email accounts

and Sandia's team involved with employee resource groups is a reasonable response to this RFP.

To the extent Plaintiff seeks additional employee resource group emails, the Court finds the

request is overly broad and seeks irrelevant information because it is not tied to the allegations in

the Complaint or to a reasonable time period.  Therefore, the Court grants Plaintiff's Motion to

Compel in part as to this RFP and Defendants shall produce the information they agreed to as

described in their response brief.

 RFP No. 80 seeks "[w]ritten policies or protocols regarding release of group e-mails or

communications to and from an employee resource group (2000-2022)."  (Doc. 45-3) at 4.

Defendants objected on the basis the RFP is vague, overly broad, and seeks irrelevant

information.  *Id.* at 4-5.  Defendants further responded that "Defendants have policies regarding

information technology resources, but they are not specific to employee resource groups."  *Id.* at

5.  In response to the Motion to Compel, Defendants state that Plaintiff has submitted an

additional RFP in its "Fourth Set of Requests for Production of Documents" which seeks

Defendants' general policies surrounding the release of documents, and Defendants state they

will respond to this new RFP in due course.  (Doc. 51) at 8.  Plaintiff does not address RFP

No. 80 in its reply brief.  Therefore, since Defendants have responded that they do not have

information responsive to RFP No. 80, and a more general RFP has been submitted and is being

responded to separately, the Court denies Plaintiff's Motion to Compel as to RFP No. 80.

 Finally, the Court addresses Defendants' request for sanctions in their response brief.

Defendants contend the Court must require Plaintiff to pay the opposing party's attorney's fees

and expenses incurred in responding to a motion to compel that has been denied.  (Doc. 51) at 8

(citing Fed. R. Civ. P. 37(a)(5)(B)).  While Defendants are correct that sanctions may be

warranted when the Court denies a motion to compel, in this case the Court has granted

Plaintiff's Motion to Compel in part because Defendants agreed to produce information

responsive to RFP No. 79 only after Plaintiff filed the motion.  Accordingly, the Court declines

to award Defendants their attorney's fees and expenses. *See* Fed. R. Civ. P. 37(a)(5)(B) ("[T]he court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.").

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel Full and Complete Responses to Requests for Production Nos. 2 and 3, (Doc. 45), is GRANTED IN PART. Defendants shall produce information by **April 14, 2023** that is responsive to RFP No. 79 as set forth above.

IT IS SO ORDERED.


_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE