IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHRISTIANS IN THE WORKPLACE
NETWORKING GROUP,

      Plaintiff,

v.                                           No. 1:22-cv-267 DHU/KRS

NATIONAL TECHNOLOGY AND
ENGINEERING SOLUTIONS OF SANDIA, LLC;
ESTHER HERNANDEZ; AARON JIM;
and BIANCA HILL,

      Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO COMPEL (Doc. 46)

THIS MATTER is before the Court on Defendants' Motion to Compel Complete Responses to Sandia's First Set of Interrogatories and First Set of Requests for Production, (Doc. 46), filed January 24, 2023. Plaintiff filed a response on February 3, 2023, and Defendants filed a reply on February 17, 2023. (Docs. 52 and 61). Having considered the parties' briefing, record of the case, and relevant law, the Court GRANTS Defendants' Motion to Compel Complete Responses to Sandia's First Set of Interrogatories and First Set of Requests for Production, (Doc. 46).

In their Motion to Compel, Defendants state that Plaintiff has not provided a signed verification of its interrogatory responses and has not produced any responsive documents to Defendants' First set of Requests for Production, which were served on October 26, 2022. (Doc. 46) at 1-2. Plaintiff identifies documents that are responsive to Defendants' requests for production ("RFPs"), but states that Plaintiff has concerns with producing the documents due to Sandia's security policies. *Id.* at 2. Plaintiff sought written assurance from Sandia that

production of the documents will not be a security breach, but the parties were unable to reach an agreement regarding such an assurance. *Id.* at 2-3.

Plaintiff's response to the Motion to Compel states that a signed verification was sent to Defendants' counsel on February 2, 2023. (Doc. 52) at 1; *see also* (Doc. 49) (copy of signed verification). Regarding production of responsive documents, Plaintiff states it has not provided the documents because it was waiting for Sandia to agree that producing the documents will not breach any security protocols for possession of classified information. (Doc. 52) at 1-2. Plaintiff states the parties have now reached an agreement to provide the documents to Sandia's in-house counsel to review prior to production. *Id.* at 2. On February 17, 2023, Plaintiff filed a Certificate of Service stating that documents responsive to Defendants' RFPs were sent to in-house counsel for Sandia. (Doc. 60).

In Defendants' reply brief, Defendants argue that while Plaintiff has now provided a signed verification and produced the responsive documents to in-house counsel, Plaintiff's actions were untimely and Plaintiff should be subject to sanctions. (Doc. 61) at 1. Defendants explain they could not sign the stipulation Plaintiff proposed that would immunize Plaintiff's members from disciplinary action in the event the documents contained classified or sensitive information. *Id.* at 2 ("[I]t is a crime to mishandle classified information, and Sandia has no desire or authority to grant immunity from prosecution."). Nevertheless, Defendants agreed to Plaintiff's proposal to transmit the documents to Sandia's internal legal department to review them. Defendants state that Sandia's counsel has found that documents in Plaintiff's categories 1, 2, 3, 4, 5, 7, 9, 10, 11, 12, 13, 17, and 18 could be sent directly to Sandia's outside counsel. *Id.* at 2-3. As of the date the reply was filed, Defendants state that Plaintiff had not sent these documents to Sandia's outside counsel, and Defendants ask the Court to impose sanctions on

2

Plaintiff for failing to timely provide a signed verification and unnecessarily withholding responsive documents. *Id.* at 3-4.

Plaintiff's responses to Defendants' discovery requests are overdue and Plaintiff must provide responsive information to each request. While Plaintiff provided documents to Sandia's in-house counsel pursuant to the parties' agreement, Plaintiff must now produce to Defendants' outside counsel all documents the in-house counsel has reviewed and approved for production. The Court notes that on February 22, 2023, Plaintiff filed a document titled "Supplemental Documents in Response to Requests for Production of Documents by Defendants," noting it has produced several documents. (Doc. 66). It therefore appears Plaintiff has complied with at least part of its discovery obligations. Accordingly, even though Plaintiff's responses to Defendants' discovery requests were untimely, the Court declines to impose sanctions due to Plaintiff's concern with complying with Defendants' security policies. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii) (explaining a court must not order sanctions after granting a motion to compel if "the opposing party's nondisclosure, response, or objection was substantially justified").

IT IS THEREFORE ORDERED that Defendants' Motion to Compel Complete Responses to Sandia's First Set of Interrogatories and First Set of Requests for Production, (Doc. 46), is GRANTED. Plaintiff shall produce to Defendants all remaining responsive information pursuant to the parties' agreement for in-house counsel review by **April 14, 2023**.

IT IS SO ORDERED.

                                                KEVIN R. SWEAZEA
                                                UNITED STATES MAGISTRATE JUDGE