IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHRISTIANS IN THE WORKPLACE
NETWORKING GROUP,

        Plaintiff,

v.                                               No. 1:22-cv-0267 DHU/DLM

NATIONAL TECHNOLOGY AND
ENGINEERING SOLUTIONS OF
SANDIA, LLC; ESTHER HERNANDEZ;
AARON JIM; and BIANCA HILL,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff Christians in the Workplace Networking Group's (CWNG) Motion to Compel *In Camera* Review of Privilege Log Records. (Doc. 90.) For the reasons outlined in this Opinion, the Court will deny the motion.

**I.    Factual Background**

At issue in this lawsuit is the HR008 Policy, which Defendant National Technology and Engineering Solutions of Sandia (Sandia) implemented in 2018. (*See* Doc. 4 ¶ 53.) The Court previously found that "the relevant time period in this case is from August 2018 going forward[,]" and discovery has proceeded accordingly. (*See* Doc. 80 at 8.) The Policy applies to employee resource groups and prohibits "differences in treatment because of race, color, creed, religion, national origin, sex, pregnancy, disability, genetic information, sexual orientation, gender identity and associational preferences and require[s] that this language be incorporated into the constitution of all employee groups." (Doc. 4 ¶ 53.)

On December 29, 2022, Defendants served their Response to Plaintiff's Second Requests for Production of Documents and Things. (*See* Doc. 98-1.) In Request for Production (RFP) #76,

CWNG seeks all versions of the HR008 Policy "for 2000–2022, including the policy and redline revisions." (*Id.* at 2.) Defendants objected in relevant part on the basis that the RFP is overbroad in timeframe because it seeks documents pre-dating 2018. (*See id.* at 3.) Defendants also objected on the basis that "[a]ny redline or revisions of the policy [are] not relevant . . . because it is the official and enacted policy in place during the relevant timeframe, which [CWNG] already has, that is significant to this matter." (*Id.*) Finally, Defendants assert that the redline versions of the HR008 Policy are protected by the attorney-client and work-product privileges. (*See id.*) Defendants provided a privilege log, identifying the responsive documents and the reasons for the claimed privilege. (*See* Doc. 98-3.)

On April 25, 2023, CWNG moved the Court to perform an *in camera* review of the documents identified in the privilege log. (Doc. 90.)

**II.  Legal Standard**

The Federal Rules of Civil Procedure allow parties to obtain discovery on "any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). Although courts broadly construe the scope of discovery, that scope is limited by the attorney-client privilege and the work-product doctrine. *Anaya v. CBS Broad., Inc.*, 251 F.R.D. 645, 649–50 (D.N.M. 2007). CWNG brings federal law claims, and thus federal privilege law governs this question. *See, e.g.*, *Vondrak v. City of Las Cruces*, 760 F. Supp. 2d 1170, 1175 (D.N.M. 2009).

**A.  Attorney-Client Privilege**

Federal privilege law provides that the purpose of the attorney-client privilege "is 'to encourage clients to make full disclosure to their attorneys.'" *Id.* at 1173 (quoting *Fisher v. United States*, 425 U.S. 391, 403 (1976)). The "privilege protects confidential communications by a client to an attorney made in order to obtain legal assistance from the attorney in his capacity as a legal

2

advisor." *Id.* (quoting *Matter of Grand Jury Subpoena Duces Tecum Issued on June 9, 1982, to Custodian of Records*, 697 F.2d 277, 278 (10th Cir. 1983) (quotation marks omitted)). "The privilege also protects advice given by the lawyer in the course of representing the client." *Lewis v. UNUM Corp. Severance Plan*, 203 F.R.D. 615, 618 (D. Kan. 2001) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 390 (1981); *Sprague v. Thorn Americas, Inc.*, 129 F.3d 1355, 1370–71 (10th Cir. 1997)).

"The party seeking to assert the attorney-client privilege has the burden of establishing its applicability." *Sanchez v. Matta*, 229 F.R.D. 649, 655 (D.N.M. 2004) (citing *Motley v. Marathon Oil Co.*, 71 F.3d 1547, 1550 (10th Cir.1995)). "If the party asserting the attorney-client privilege meets its burden of establishing the existence of the privilege, the burden shifts to the opposing party to establish that some exception to the privilege is present, such as waiver." *Id.* at 656 (citation omitted). Courts narrowly construe the attorney-client privilege. *See Vondrak*, 760 F. Supp. 2d at 1173.

B.   **Work-Product Privilege**

"[W]ork-product materials enjoy a qualified protection from discovery." *Sanchez*, 229 F.R.D. at 654 (citing *Hickman v. Taylor*, 329 U.S. 495, 510 (1947)). Rule 26(b)(3) protects from disclosure "the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." Fed. R. Civ. P. 26(b)(3). "The attorney work-product privilege is based on the recognition that 'it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel.'" *Sanchez*, 229 F.R.D. at 654 (citing *Hickman*, 329 U.S. at 510). "As such, 'the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he

3

can analyze and prepare his client's case.'" *Id.* (quoting *Citizens Progressive Alliance v. U.S. Bureau of Indian Affairs*, 241 F. Supp. 2d 1342, 1358 (D.N.M. 2002)).

The party asserting the work-product privilege "has the burden of proving that the documents or materials were prepared in anticipation of litigation by or for a party or that party's representative." *Id.* (citing Fed. R. Civ. P. 26(b)(3)). The party need not necessarily show that litigation had already commenced or was "imminent," but they must demonstrate that "the primary motivating purpose behind the creation of the document was to aid in possible future litigation" that was more than "a remote possibility . . . ." *See id.* (citing *Fox v. Cal. Sierra Fin. Servs.*, 120 F.R.D. 520, 524 (N.D. Cal. 1988)).

### C. Privilege Logs and *In Camera* Reviews

Federal Rule of Civil Procedure 26(b)(5)(A), which governs privilege logs, states:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
> (i) expressly make the claim; and
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed–and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5)(A)(i)–(ii). If a party fails to produce a privilege lor or produces an inadequate privilege log, the Court may find that the party waived the privilege. *See Anay.*, 251 F.R.D. at 651.

"Whether to conduct an *in camera* review is left to the sound discretion of the district court." *Motley v. Marathon Oil Co.*, 71 F.3d 1547, 1551–52 (10th Cir. 1995) (citing *United States v. Zolin*, 491 U.S. 554, 572 (1989)).

### III. The Court will deny CWNG's motion to conduct an in camera review.

The Court will deny CWNG's motion both because it is untimely and because CWNG has

4

not demonstrated that Defendants' privilege log is inadequate under Rule 26(b)(3).

### A.  The motion is untimely.

The Local Rules of this Court provide that a party served with objections to a request for production "must proceed under D.N.M. LR-Civ. 37.1 within [21] days of service of an objection unless the response specifies that documents will be produced or inspection allowed." D.N.M. LR-Civ. 26.6. "Failure to proceed within this time period constitutes acceptance of the objection." *Id.* "For good cause, the Court may, *sua sponte* or on motion by a party, change the [21] day period." *Id.*

Defendants served their response and the privilege log on CWNG on December 29, 2022, making the deadline to serve an objection January 19, 2023. (*See* Docs. 98-1 at 5; 98-2; 98-3 at 1.) Defendants argue that CWNG fails to show good cause for this motion filed on April 25, 2023, far beyond the 21-day deadline in Rule 26.6. (*See* Doc. 98 at 2.) The Court agrees. CWNG does not explicitly address the 21-day cutoff in its motion to compel. (*See* Doc. 90.) Counsel for CWNG asserts that he asked Defendants for "more specificity" or to "agree to an *in camera* review." (*Id.* at 1 (italics added).) Yet CWNG fails to attach to its motion an affidavit or other evidence to show *when* counsel contacted Defendants.

Further, CWNG fails to explicitly address the good cause standard in its motion.[1] (*See id.*) In its reply brief, CWNG asserts that on March 22, 2023, its attorney "made a final request that defense counsel agree to *in camera* review." (Doc. 104 at 1 (italics added).) CWNG argues that "[t]he court encourages efforts to confer." (*Id.*) It is true that the undersigned advises counsel that

---

[1] This is not the first time that counsel for CWNG has been notified by the Court of its failure to address the good cause standard for an extension. In its order denying CWNG's motion to extend the expert witness deadline, United States Magistrate Judge Kevin Sweazea noted that a party seeking to extend a scheduling order deadline must show good cause. (*See* Doc. 81 at 3 (citing Fed. R. Civ. P. 16(b)(4)).) The Court found that CWNG "improperly" addressed the good cause standard "in its reply brief, which prevented Defendants from responding to it." (*Id.* (citing Doc. 63).)

5

typically, the Court will not start the 21-day clock while the parties are conferring about discovery issues in good faith. But the undersigned cautions counsel that the 21-day clock starts to run as soon as negotiations break down.

Here, because CWNG submits no evidence to show when the parties conferred about the discovery dispute, the Court is unable to make a determination that CWNG meets the good cause standard. CWNG's unsupported assertion that its counsel made "several requests" is insufficient to demonstrate that the parties were conferring in good faith from December 29, 2022, through March 25, 2023. Consequently, the Court will deny CWNG's motion as untimely.

### B. CWNG fails to show that the privilege log is inadequate.

Even if CWNG had timely filed its motion, the Court would deny it. First, more than half of the documents pre-date August 2018, which Judge Sweazea found was the beginning of the relevant time period. (*See* Docs. 80 at 8; 98-3.) CWNG offers no argument or authority to expand upon that timeframe or to demonstrate that the documents pre-dating August 2018 bear on any issue in this lawsuit. (*See* Docs. 90; 104.)

With respect to the remaining documents, Defendants identify the date, the RFP responded to, the privilege designation, and the purpose of the privilege. (*See* Doc. 98-3 at 1–2.) The documents primarily involve "Sandia Legal giving advice in connection with [the] proposed draft policy." (*See id.* at 1.) Sandia asserts that its "privilege log meets or exceeds the standard in Rule 26(b)(5)(A)." (Doc. 98 at 4.)

CWNG argues that "[t]he attorney client privilege should be confined to its narrowest limits" and "applies only to disclosures necessary to obtain informed legal advice which might not have been made absent the privilege." (Doc. 90 at 1 (citing *Westinghouse Elec. Corp. v. Republic of the Philippines*, 951 F.2d 1414, 1424 (3d Cir. 1991); *Fisher v. United States*, 425 U.S. 391, 403

(1976)).) It further asserts that "[a]ttaching a privilege log and assuming all the listed documents are protected by the attorney client privilege does not satisfy the burden to prove that the privilege exists, as they are broad unsupported allegations." (*Id.*) CWNG asserts that "[a] biolerplate [sic] objection, without an accompanying affidavit, lacks specificity and constitutes a waiver of the objection." (*Id.* (citing *Peterson v. Bernardi*, 262 F.R.D. 424, 428 (D.N.J. 2009)).)

CWNG's arguments are unpersuasive. To support its position that Defendants waived their objection by failing to submit an affidavit with the privilege log, CWNG cites authority from the district of New Jersey.[2] Caselaw from New Jersey is not binding on this Court, and the Court declines to find binding authority on CWNG's behalf. Thus, even if CWNG's motion were timely, the Court would deny it on the merits.

**IT IS THEREFORE ORDERED** that the Motion to Compel *In Camera* Review of Privilege Log Records (Doc. 90) is **DENIED.**

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE

---

[2] The New Jersey case involved a party's inadvertent disclosure of documents and the party's ensuing attempts to compel their return. *See Peterson*, 262 F.R.D. at 426–27. The court noted that the party made "no attempt to establish that the documents" were privileged and instead "simply attached a privilege log and assumed that all the listed documents [were] protected by the attorney client privilege and work product doctrine." *Id.* at 428. *Peterson* is distinguishable because here, Defendants detailed the purpose for asserting the privilege. (*See* Doc. 98-3.)