**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

CHRISTIANS IN THE WORKPLACE
NETWORKING GROUP,

       Plaintiff,

v.                                   No. 1:22-cv-0267 DHU/DLM

NATIONAL TECHNOLOGY AND
ENGINEERING SOLUTIONS OF
SANDIA, LLC; ESTHER HERNANDEZ;
AARON JIM; and BIANCA HILL,

       Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** is before the Court on Plaintiff Christians in the Workplace Networking Group's (CWNG) Third Motion to Compel and for Sanctions (renewed). (Doc. 109.) Having considered the arguments of the parties and the relevant law, the Court will deny the motion for the reasons outlined in this Opinion and award sanctions to Defendants against counsel for CWNG.

## I.    Factual Background

This motion concerns interrogatories and requests for production (RFPs), detailed below, that CWNG served on Plaintiffs. (*See* Doc. 109.)

### A.  RFP Nos. 79 and 84

CWNG served RFP No. 79[1] on Defendants on December 15, 2022. (*See* Doc. 112-1.) RFP No. 79 seeks "group e-mails (2000-2022) for each of the employee resource groups [(ERGs)] for

---

[1] As the previously assigned referral judge noted in the March 30, 2023 Memorandum Opinion and Order granting in part CWNG's first motion to compel, "[CWNG] confusingly duplicates numbers for its discovery requests, so the Court will follow Defendants' system referring to the overall numbering of the RFPs." (Doc. 84 at 2 (citing Doc. 51 at 2 n.2).) The undersigned will do the same.
CWNG refers to RFP No. 79 as the "3rd set of RFPs" (Doc. 109 at 1), to RFP No. 84 as "RFP #5" or as the "Fifth Set of RFPs" (*id.*; Doc. 118 at 2), to Interrogatory Nos. 15–16 as "Second Supplemental Interrogatories" (Doc. 109 at 3), and to RFP Nos. 85–91 as "RFP #6" (*id.*).

Defendant" concerning 16 topics. (*See* Doc. 45-3 at 2; *see also* Docs. 112 ¶ 1; 112-1.) Defendants responded to RFP No. 79 via email on January 11, 2023, and objected in part on the basis that the RFP "was vague and ambiguous as to what 'group emails' meant." (*See* Doc. 112 ¶ 3 (quoting Doc. 45-3 at 2); *see also* Doc. 44.) Counsel for CWNG replied and clarified that "group e-mails" are "the emails sent to the [ERGs] or received from them, It is [sic] also called the erg entity account e-mails." (Doc. 51-A; *see also* Doc. 118 ¶ 4.) "Accordingly, Defendants agreed to produce emails sent between the ERG . . . entity email accounts and Sandia's[2] team involved with ERGs." (Doc. 112 ¶ 5 (citing Doc. 51 at 7).)

On February 8, 2023, CWNG served RFP No. 84 on Defendants. (*See* Docs. 112-2; 112-3.) RFP No. 84 appears to be duplicative of RFP No. 79. (*See* Docs. 45-3; 112-3.) Defendants responded to RFP No. 84 on March 10, 2023, and objected on similar grounds as before, adding an objection that RFP No. 84 is duplicative of RFP No. 79. (*See* Docs. 73; 112-3 at 5, 7.)

On January 20, 2023, prior to serving RFP No. 84, CWNG filed its first motion to compel, seeking in relevant part a supplemental response to RFP No. 79. (*See* Doc. 45.) CWNG referenced RFP No. 84 in its reply brief to the first motion to compel. (*See* Docs. 54 at 2; 54-1.) The Court ruled on CWNG's first motion to compel on March 30, 2023. (Doc. 84.) The Court observed that the parties had discussed the term "group emails" and, via a January 13, 2023 letter, CWNG's counsel had clarified that CWNG "seeks emails to and from [ERG] entity email accounts." (*Id.* at 3 (citing Docs. 51 at 7; 51-A.) The Court noted that CWNG propounded RFP No. 84 after filing the motion. (*Id.* (citing Doc. 54 at 1–2).) The Court found "that Defendants' agreement to produce the email traffic between [ERG] entity email accounts and Sandia's team involved with [ERGs] is a reasonable response to this RFP." (*Id.*) Thus, it granted in part the first motion to compel with

---

[2] "Sandia" refers to Defendant National Technology and Engineering Solutions of Sandia, LLC.

respect to RFP No. 79 and ordered "Defendants [to] produce the information they agreed to as described in their response brief" no later than April 14, 2023. (*Id.* at 4–5.) The Court further held, with respect to RFP No. 84, that to the extent CWNG "seeks additional [ERG] emails, . . . the request is overly broad and seeks irrelevant information because it is not tied to the allegations in the Complaint or to a reasonable time period." (*Id.* at 3–4.)

On February 15, 2023, before the Court issued its Opinion on the first motion to compel, "Defendants produced emails sent between the ERG entity email accounts and Sandia's team involved with [the] ERGs as a supplemental response to RFP No. 79." (Doc. 112 ¶ 9 (citing Doc. 55).) On April 10, 2023, counsel for Defendants "explained to [counsel for CWNG] that their February 15, 2023 production fulfilled the requirements of the March 30, 2023 Order." (*Id.* ¶ 13 (citing Doc. 112-4).) On April 12, 2023, counsel for CWNG emailed counsel for Defendants and stated, "[Defendants] have not provided the e-mails [they] were required to provide by April 14, 2023. When will [they] provide them?" (Doc. 112-5 at 4.) Counsel for Defendants responded on the same date and stated that "Sandia has fully complied with the Court's Order on [CWNG's] Motion to Compel" by providing the documents on February 15, 2023, resending "information to allow [CWNG] to obtain the documents" on April 10, 2023, and confirming information regarding access to the documents on April 11, 2023. (*Id.* at 2.) Counsel "re-attach[ed] the instructions to download those documents" and offered to print and ship a hard copy if CWNG agreed to pay the fees.[3] (*See id.*) Finally, on May 9, 2023, CWNG again requested responses to RFP Nos. 79 and 84. (*See* Doc. 112-10 at 1–2.) Defendants responded and reiterated that they sent responsive

---

[3] Counsel for CWNG asserts in the reply brief that he "did not receive any email from counsel for Defendants April 12, 2023." (Doc. 118 ¶ 15.) The record shows otherwise. Defendants discussed this same email in response to CWNG's earlier Motion to Extend Discovery Deadline & for Leave to Take 12 Depositions, and CWNG admitted the facts alleged with respect to the April 12, 2023 email. (*See* Docs. 97 ¶ 12 (stating that "Defendants notified [CWNG] that they had concerns regarding [CWNG's] apparent failure to adhere to the Court's Orders and asked for clarification" (citing Doc. 97-E)); 97-E (April 12, 2023 email thread); 99 at 1 (CWNG admitting the facts relating to the April 12, 2023 email).)

documents regarding the ERG entity account emails on March 10, 2023, or no later than the court-imposed deadline of April 14, 2023. (*See id.*)

### B.     Interrogatories 15–16 and RFP Nos. 85–91

CWNG served RFP Nos. 85–91 on Defendants on April 4, 2023, and Interrogatory Nos. 15–16 on April 5, 2023. (*See* Docs. 112-6; 112-7.) Interrogatory Nos. 15–16 seek information regarding Sandia's ownership of real estate and other property and information on whether Sandia has been found to be a department, agency, "or official as per 42 U.S.C. § 2000bb-2(1) . . . ." (*See* Doc. 112-8 at 1–3.) RFP Nos. 85–91 seek information regarding Sandia's budget sources as well as contracts, projects, and policies involving Sandia and the U.S. Department of Energy or other government entities. (*See* Doc. 118 at 4–12.) On May 1, 2023, Defendants served objections to this set of discovery. (*See* Docs. 95; 112-8 at 14.) On May 5, 2023, Defendants sent the responses and objections to CWNG again. (*See* Doc. 112-9.) "On May 9, 2023, Defendants again informed [CWNG] that they had already responded to Interrogatory Nos. 15–16 and RFP Nos. 85–91." (Doc. 112 ¶ 20 (citing Doc. 112-10).)

## II.     Legal Standards

A party may move for an order to compel discovery under Federal Rule of Civil Procedure 37(a) after providing notice and conferring or attempting to confer in good faith with the other party. "The party moving to compel discovery has the burden of proving the opposing party's answers [are] incomplete." *City of Las Cruces v. United States*, No. CV 17-809 JCH/GBW, 2021 WL 5207098, at *7 (D.N.M. Nov. 9, 2021) (quoting *Duran v. Donaldson*, No. 1:09-cv-758 BB/DJS, 2011 WL 13152655, at *2 (D.N.M. June 2, 2011)) (citing *Daiflon, Inc. v. Allied Chem. Corp.*, 534 F.2d 221, 227 (10th Cir. 1976)).

This district's Local Rules dictate that when "[a] party [is] served with objections to . . . an interrogatory[ or] request for production[,]" the party "must proceed under D.N.M. LR-Civ. 37.1 within [21] days of service of [the] objection unless the response specifies that documents will be produced or inspection will be allowed." D.N.M. LR-Civ. 26.6.

## III.  Analysis

### A.  CWNG's motion to compel RFP Nos. 79 and 84 is untimely.

The Court finds that CWNG failed to file its motion to compel RFP Nos. 79 and 84 within the 21-day limit provided in D.N.M. LR-Civ. 37.1. Defendants responded to RFP No. 79 on February 15, 2023, and to RFP No. 84 on March 10, 2023. (*See* Docs. 55; 73.) CWNG continued to seek supplemental responses to RFP Nos. 79 and 84, and Defendants reiterated on at least three separate occasions that their earlier responses "fulfilled the requirements of the March 30, 2023 Order." (*See* Docs. 112 ¶ 13; 112-4 (Apr. 10, 2023 correspondence asserting that Defendants had already provided CWNG with materials responsive to RFP Nos. 79 and 84 and explaining the process they used); 112-5 at 1–2 (Apr. 12, 2023 correspondence asserting that "Sandia has fully complied with the Court's Order" regarding RFP Nos. 79 and 84 and explaining again how to access the documents); 112-10 (May 9, 2023 correspondence explaining that Defendants served responses to RFP No. 84 on March 10, 2023, and otherwise fully responded to RFP No. 79 and 84 no later than the court-imposed April 14, 2023 deadline).) CWNG's motion would have been timely had it been filed within 21 days of the April 10, 2023 correspondence. It was not.

CWNG argues that because it emailed again on May 9, 2023, its May 18, 2023 motion was timely. (Doc. 118 at 3.) But CWNG offers no authority to show that it may "reset" the 21-day clock by re-asking for discovery to which Defendants had already responded and objected. Nor

has CWNG set forth any good faith argument to demonstrate that the parties were conferring about this dispute in good faith, as Defendants repeatedly told CWNG that they had already responded.

CWNG next asserts that the motion is based on Defendants' "failure to comply with the March 30, 2023 [sic] to provide documents . . . ." (Doc. 118 at 3.) CWNG has not established such a failure. CWNG argues that Defendants were to produce "all emails sent to or received *by anyone in an ERG group* . . . ." (*Id.* at 1 (emphasis added).) CWNG's interpretation of the Court's order is off base. The March 30, 2023 Order defines the responsive documents to include "the email traffic between *[ERG] entity email accounts* on the one hand, and Sandia's team involved with [ERGs] on the other hand." (Doc. 84 at 3.) The Court adopted this definition from Defendants' response brief, which relied on and attached language from a January 13, 2023 email authored by counsel for CWNG. (*See id.* (citing Doc. 51 at 7; 51-A).) Again, counsel for CWNG defined "group e-mails" as "the emails sent to the [ERGs] or from them, *It is* [sic] *also called the erg entity account e-mails*." (Doc. 51-A (emphasis added); *see also* Doc. 118 ¶ 4.)

CWNG now seeks to expand the definition of "group emails" to include those sent to or received by employee ERG members. (*See* Doc. 118 at 4.) Critically, in their response brief to CWNG's first motion to compel, Defendants specifically objected to the inclusion of employee ERG member emails in response to this RFP. (Doc. 51 at 6.) Defendants argued that requiring Sandia to produce the emails of all employee ERG members would "be extremely burdensome" because "[i]t would require that Sandia obtain information regarding membership to [ERGs] (which it does not, as a matter of course, track or retain) and examine every email in that employee's email account for a relationship to the [ERG]." (*Id.*) Responding in this fashion "would require Sandia to review thousands or even tens of thousands of emails one by one." (*Id.*) CWNG did not develop any argument to respond to Defendants' objection. (*See* Doc. 54.) It is clear to the

undersigned that the Court previously considered the question of whether Defendants should be required to produce emails from all employee ERG members, and it declined to so hold. Thus, CWNG fails to establish that Defendants have violated the Order. (*See* Doc. 118 at 3.) The March 30, 2023 Order did not reference employee ERG member email accounts, and the undersigned will not adopt this broader definition now.[4] (*See* Doc. 84.)

CWNG did not file objections to the Court's March 30, 2023 Order pursuant to Federal Rule of Civil Procedure 72(a), nor did CWNG move the Court to reconsider the Order. Accordingly, the March 30, 2023 Order stands. CWNG does not otherwise provide legal authority to establish that Defendants failed to provide documents responsive to the Order. As a result, the Court will deny as untimely CWNG's motion to compel RFP Nos. 79 and 84.

**B.    CWNG does not support its contention that Defendants failed to respond to Interrogatory Nos. 15–16 and RFP Nos. 85–91.**

CWNG fails to demonstrate that responses to Interrogatory Nos. 15–16 and RFP Nos. 85–91 should be compelled. CWNG states that it served Interrogatory Nos. 15–16 and RFP Nos. 85–91 on April 4, 2023, and that "30 days have passed and no responses have been received." (Doc. 109 at 3.) Defendants establish, however, that they responded to this discovery on May 1, 2023. (*See* Docs. 95; 112-8.) Upon repeated requests from counsel for CWNG, Defendants sent the objections to CWNG again on May 5, 2023. (*See* Doc. 112-9.) "On May 9, 2023, Defendants again informed [CWNG] that they had already responded to Interrogatory Nos. 15–16 and RFP Nos. 85–91." (Doc. 112 ¶ 20 (citing Doc. 112-10).)

---

[4] CWNG further complains that Defendants only provided emails that included both the ERG entity accounts "and a member of the Sandia IDEAS team[,]" but "[t]he RFP has no such limiting language." (Doc. 118 at 5.) The undersigned disagrees. Again, the March 30, 2023 Order concludes that "Defendants' agreement to produce the email traffic between [ERG] entity email accounts *and Sandia's team involved with [ERGs]* is a reasonable response to" RFP Nos. 79 and 84. (Doc. 84 at 3 (emphasis added).)

CWNG provides no argument in its motion to explain why Defendants' objections were improper or why its responses needed to be supplemented. (*See* Doc. 109 at 3.) Defendants, noting CWNG's lone argument was that "no responses have been received," respond in kind. (*See* Doc. 112 at 7.) CWNG argues for the first time in its reply brief that discovery on the topics requested is necessary to determine "whether Defendant Sandia Labs is a branch, department, agency, instrumentality and/or official (or other person acting under color of law) of the U.S. or a covered entity under 42 U.S.C. § 2000bb-2(1)[ or] the Religious Freedom Restoration Act . . . ." (Doc. 118 at 6.)

The Court does not generally "consider arguments made for the first time [in a] reply brief and deem[s] those arguments waived." *United States v. Leffler*, 942 F.3d 1192, 1197–98 (10th Cir. 2019) (citations omitted); *see also United States v. Vann*, No. 1:12-cr-0966 PJK-SMV, 2023 WL 3335983, at *2 (D.N.M. May 10, 2023) (applying *Leffler* to find argument raised for first time in reply brief was waived); *Shivner v. CorrValues, LLC*, No. CIV 20-0497 RB/CG, 2022 WL 1014978, at *13 (D.N.M. Apr. 5, 2022) (same). CWNG failed to mount any argument in its motion save that "30 days have passed" since it served the discovery on Defendants "and no responses have been received." (Doc. 109 at 3.) As CWNG admits that Defendants served their responses and objections prior to the filing of the motion (*see* Doc. 118 at 2 (admitting that Defendants served the relevant responses on May 1, 2023); *see also* Doc. 95), offers no argument or authority to compel on the basis that the responses were untimely, and fails to make its substantive argument in its opening brief, the Court finds that CWNG waived its arguments and the motion should be denied with respect to these discovery requests.

### C.    The Court will grant CWNG's request for sanctions.

CWNG states that upon denying a motion to compel discovery, the Court "must, after

giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." (Doc. 112 at 8 (quoting Fed. R. Civ. P. 37(a)(5)(B)).) "[T]he court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B).

Defendants argue that CWNG's motion is frivolous, untruthful, and lacks a reasonable basis. (Doc. 112 at 8.) The Court agrees. With respect to RFP Nos. 79 and 84, CWNG's own attorney defined the disputed term (group emails), failed to respond to Defendants' substantive argument regarding individual employee emails, and failed to object to or move to reconsider the March 30, 2023 Order that adopted CWNG's definition. Regarding the remaining discovery, CWNG failed to mount even the barest of substantive arguments to give Defendants notice of the true basis for the motion to compel. The Court finds no substantial justification for the motion under these circumstances and will award sanctions against counsel for CWNG.

The Court directs Defendants to submit, no later than **July 14, 2023**, a brief, supported by appropriate evidence, detailing their reasonable expenses and fees incurred in opposing the motion.

**IT IS THEREFORE ORDERED** that CWNG's Third Motion to Compel (Doc. 109) is **DENIED**;

**IT IS FURTHER ORDERED** that Defendants shall submit a brief in support of their request for sanctions on or before **July 14, 2023**; CWNG shall respond within 14 days of the brief; Defendants may reply within 14 days of the response.

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE