IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHRISTIANS IN THE WORKPLACE
NETWORKING GROUP,

      Plaintiff,

v.                                                    No. 1:22-cv-0267 DHU/DLM

NATIONAL TECHNOLOGY AND
ENGINEERING SOLUTIONS OF
SANDIA, LLC; ESTHER HERNANDEZ;
AARON JIM; and BIANCA HILL,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff Christians in the Workplace Networking Group's (CWNG) Motion to Compel No. #4 (renewed). (Doc. 120.) Having considered the arguments of the parties and the relevant law, the Court will deny the motion for the reasons outlined in this Opinion and award sanctions to Defendants against counsel for CWNG.

**I.  Factual Background**

This motion concerns CWNG's requests for production (RFP) Nos. 51 and 58. (Doc. 120.) CWNG served its first set of RFPs on Defendants on September 16, 2022.[1] (*See* Doc. 30 at 2.) Defendants provided initial responses on October 17, 2022 (*see id.*), amended/supplemental responses on November 4, 2022 (*see* Doc. 131 at 2 (citing Docs. 29; 30-6)), and additional supplemental responses on April 14, 2023 (*see id.* at 6 (citing Docs. 127; 131-B–C)).

In RFP No. 51, CWNG sought "[a]ll constitutions, charters, bylaws or writings from all [employee resource groups (ERGs)], 1995-present." (Doc. 131-A at 2.) Defendants objected in

---

[1] As CWNG provided very little in the way of a factual background relevant to its fourth motion to compel, the Court relied on the facts as presented by Defendants and scoured the record to fill in the gaps.

part on the basis that the RFP was "overbroad in timeframe, scope and relevancy" and produced four ERG charters in response. (*See id.* at 2–3.)

In RFP No. 58, CWNG sought:

> Documents which show that any other [ERG] must revise language in its strategic plan, permit any member of Defendant Sandia to lead in and be a part of its steering committee or leadership or that it must omit or change a clause on behavior permitting removal from the steering committee or leadership, 1995-present.

(*Id.* at 4.) Defendants made similar objections and produced at least one redacted responsive document and an accompanying privilege log. (*Id.* at 4–5; Doc. 30-6 at 54.)

CWNG moved to compel responses to RFP Nos. 51 and 58 in its first motion to compel in November 2022. (*See* Docs. 27 at 1; 30 at 3.) On March 29, 2023, United States Magistrate Judge Kevin R. Sweazea granted in part CWNG's first motion to compel. (Doc. 80.) The Order encompassed CWNG's objections to RFP Nos. 51 and 58. (*See id.* at 2.) In response to that Order, Defendants produced supplemental responsive documents, Bates Nos. 2106–2244, on April 14, 2023. (*See* Doc. 131 at 6 (citing Docs. 127; 131-B–C).) Defendants state that these documents "include the seven ERG documents at issue in" the motion under advisement. (*Id.* (citing Doc. 131-A).) CWNG disagrees that the documents are responsive, as they are "strategic plans" rather than charters. (Doc. 139 at 1–2.)

CWNG now asserts that Defendants' response to RFP 51 was incomplete, as Defendants did not produce charters for other ERGs, and asks the Court to compel a supplemental response. (Doc. 120 ¶ 2.) CWNG also moves the Court to compel Defendants to provide the information on page 316 of the response to RFP No. 58 that was redacted. (*Id.* ¶ 1.) CWNG further complains that the 900-page exhibit Defendants sent in response to RFP No. 51 was not searchable. (*See id.* ¶ 3.) Defendants oppose the motion on the grounds that it is untimely and that CWNG has already sought and received a ruling on a prior motion to compel the same material. (*See* Doc. 131 at 2.)

2

## II.   Legal Standards

A party may move for an order to compel discovery under Federal Rule of Civil Procedure 37(a) after providing notice and conferring or attempting to confer in good faith with the other party. "The party moving to compel discovery has the burden of proving the opposing party's answers [are] incomplete." *City of Las Cruces v. United States*, No. CV 17-809 JCH/GBW, 2021 WL 5207098, at *7 (D.N.M. Nov. 9, 2021) (quoting *Duran v. Donaldson*, No. 1:09-cv-758 BB/DJS, 2011 WL 13152655, at *2 (D.N.M. June 2, 2011)) (citing *Daiflon, Inc. v. Allied Chem. Corp.*, 534 F.2d 221, 227 (10th Cir. 1976)).

This district's Local Rules dictate that when "[a] party [is] served with objections to . . . an interrogatory[ or] request for production[,]" the party "must proceed under D.N.M. LR-Civ. 37.1 within [21] days of service of [the] objection unless the response specifies that documents will be produced or inspection will be allowed." D.N.M. LR-Civ. 26.6.

## III.   Analysis

### A.   CWNG's motion to compel RFP Nos. 51 and 58 is untimely.

To the extent that CWNG complains that Defendants' November 2022 or April 2023 supplemental responses were inadequate, the Court finds that CWNG failed to file a motion to compel within the 21-day limit provided in D.N.M. LR-Civ. 37.1. The record shows that Defendants responded to RFP Nos. 51 and 58 on November 4, 2022, and served additional supplemental responses on April 14, 2023. (Docs. 29; 127.)

CWNG contends that Defendants produced a supplemental response on June 1, 2023, consisting of Bates Nos. 890–1791, making CWNG's motion timely under the rule. (*See* Doc. 120 at 1.) CWNG submits no evidence in support of this contention. Regardless, CWNG's effort to restart the clock falls flat, as Defendants produced Bates Nos. 890–1791 at the latest by April 10,

2023, and Bates Nos. 2106–2244 by April 14, 2023. (*See* Doc. 112-4 at 1; 131 at 6 (citing Doc. 131-A).) CWNG offers no authority to show that it may "reset" the 21-day clock by receiving the same discovery a second time. Nor has CWNG set forth any good faith argument to demonstrate that the parties were conferring in good faith about this dispute.

Instead, CWNG claims that it filed its motion "as soon as these documents, including thousands of pages, could be searched." (Doc. 139 at 1.) Presumably, CWNG intends to argue that the Rule 26.6 deadline should be extended for good cause because it was searching the records. To constitute good cause, "a movant must show that 'the scheduling deadlines cannot be met despite the movant's diligent efforts.'" *Hamric v. Wilderness Expeditions, Inc.*, 6 F.4th 1108, 1118 (10th Cir. 2021) (quoting *Gorsuch, Ltd. B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014)). CWNG fails to establish that it used "diligent efforts" to search the responsive discovery that it received more than two months prior to filing its motion.

To the extent that CWNG seeks reconsideration of the March 29, 2023 Order, the motion is denied. CWNG did not file objections to the Court's March 30, 2023 Order pursuant to Federal Rule of Civil Procedure 72(a), nor did CWNG submit authority to demonstrate that reconsideration is appropriate. (*See* Doc. 120.) Accordingly, the March 30, 2023 Order stands.

For these reasons, the Court will deny as untimely CWNG's Fourth Motion to Compel.

**B.    CWNG's motion fails on the merits.**

Even if the motion were timely, the Court would deny it on the merits. With respect to RFP No. 58, CWNG asserts only that "parts of page 316 is [sic] redacted." (Doc. 120 ¶ 1 (citing Doc. 120-1 at 24).) Defendants responded with at least one document and a privilege log. (*See* Docs. 30-F at 54; 131 at 4; 131-A.) CWNG fails, in its motion, to acknowledge Defendants' response or assertion of privilege, nor does CWNG provide any argument or authority to establish that the

4

Court should compel responses. (*See* Doc. 120.) Although CWNG provides more substantive argument in its reply brief (*see* Doc. 139 at 3), Defendants assert that CWNG "should be deemed to have waived any" such arguments. (Doc. 131 at 4 (citing *Toevs v. Reid*, 695 F.3d 903, 911 (10th Cir. 2012)) (subsequent citations omitted).) CWNG has made a habit of belatedly developing its substantive arguments in reply briefs. (*See* Docs. 81 at 3 (CWNG "improperly provides this explanation in its reply brief, which prevented Defendants from responding to it."); 128 at 8 (noting that CWNG made an argument "for the first time in its reply brief" and that the Court normally considers such arguments waived).) The Court declines to consider these arguments for the first time in the reply.[2]

Because CWNG "has not invoked any exception to the attorney-client privilege or even tried to explain why the material is 'otherwise discoverable under Rule 26(b)(1)" or that CWNG "has 'substantial need for the materials . . . and cannot, without undue hardship, obtain their substantial equivalent by other means[,]'" (*see* Doc. 131 at 5 (quoting Fed. R. Civ. P. 26(b)(3)(A)(i)–(ii)), the motion to compel a supplemental response to RFP No. 58 is alternatively denied on the merits for lack of any supporting argument or authority.

Finally, with respect to the ERG charters and constitutions, Defendants contend that "there is nothing to compel" because "the materials are in [CWNG's] possession." (*Id.* at 6.) Defendants served a supplemental response to RFP No. 51 on April 14, 2023, in compliance with the March 29, 2023 Order. (*See id.* (citing Docs. 80; 127; 131-B–C).) CWNG does not otherwise provide legal authority to establish that Defendants have failed to provide documents responsive to the

---

[2] CWNG asserts that Defendants' citation to Tenth Circuit authority is inapplicable to this Court. (*See* Doc. 139 at 3.) CWNG is mistaken. As counsel for CWNG well knows, it is common practice in this district to disregard arguments raised for the first time in reply briefs. *See, e.g.*, *Sec. USA Servs., LLC v. Invariant Corp.*, No. 1:20-cv-1100 KWR-KRS, 2022 WL 1045650, at *3 & n.2 (D.N.M. Apr. 7, 2022); *Farley v. Bearden*, No. 1:18-cv-0028 MIS-LF, 2022 WL 1491135, at *3 (D.N.M. May 11, 2022); *LaValley v. Univ. of N.M. Bd. Of Regents*, No. 15-cv-0763, 2016 WL 9447760, at *6 (D.N.M. Aug. 22, 2016).

Order with respect to RFP No. 51. Thus, the Court denies the motion to compel a supplemental response to RFP No. 51, in the alternative, on the merits. *See, e.g.*, *City of Las Cruces*, 2021 WL 5207098, at *7 (noting that "[t]he party moving to compel discovery has the burden of proving the opposing party's answers [are] incomplete.") (quotation and citation omitted).

### C. The Court will grant in part CWNG's request for sanctions.

Upon denying a motion to compel discovery, the Court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). "[T]he court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." *Id.*

Defendants argue that CWNG's motion is duplicative of its first motion to compel and needless, as Defendants have already produced many of the documents CWNG seeks. (Doc. 131 at 7.) The Court understands, however, why CWNG might have been confused that Defendants produced strategic plans, but not charters or constitutions as requested in RFP No. 51.[3] Yet, any confusion related to the discovery responses does not adequately explain the delay in filing the motion or the failure to seek an extension of the relevant deadline.

Further, CWNG's continued failure to develop its arguments or cite relevant authority in its motions contravenes local rules (*see, e.g.*, D.N.M. LR-Civ. 7.3(a)) and wastes the time and resources of opposing counsel and this Court. Under these circumstances, the Court finds no substantial justification for the motion and will award sanctions against counsel for CWNG.

---

[3] The Court would encourage counsel for CWNG, in the future, to utilize the undersigned's open invitation to contact chambers and ask for an informal discovery hearing on such matters. A phone call between the parties and the Court would go a long way toward clearing up discovery disputes without the time and expense of motion practice.

The Court directs Defendants to submit, no later than **August 14, 2023**, a brief, supported by appropriate evidence, detailing their reasonable expenses and fees incurred in opposing the motion.

**IT IS THEREFORE ORDERED** that CWNG's Fourth Motion to Compel (Doc. 120) is **DENIED**;

**IT IS FURTHER ORDERED** that Defendants shall submit a brief in support of their request for sanctions on or before **August 14, 2023**; CWNG shall respond within 14 days of the brief; Defendants may reply within 14 days of the response.

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE