IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHRISTIANS IN THE WORKPLACE
NETWORKING GROUP,

      Plaintiff,

v.                                                    No. 1:22-cv-0267 DHU/DLM

NATIONAL TECHNOLOGY AND
ENGINEERING SOLUTIONS OF
SANDIA, LLC; ESTHER HERNANDEZ;
AARON JIM; and BIANCA HILL,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' Motion to Compel and for Sanctions, filed on June 22, 2023. (Doc. 121.) Having considered the motion and the relevant law, the Court will grant in part the motion for the reasons outlined in this Opinion.

**I.    Factual Background**

On March 29, 2023, Defendants served interrogatories, requests for production (RFPs), and requests for admission (RFAs) on CWNG. (*See* Doc. 121 at 1 (citing Docs. 82; 116-1).) CWNG's deadline to respond was April 28, 2023. (*Id.* (citing Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), 36(a)(3)).) CWNG did not respond on or before that date. (*See id.*) On April 30, 2023, counsel for Defendants emailed counsel for CWNG, asserting "that all objections had been waived and request[ing] complete responses, without objections, by May 5, 2023." (*Id.* at 1–2 (citing Doc. 116-2 at 1).)

On May 2, 2023, counsel for CWNG provided partial responses to the RFAs[1] and informed Defendants that his "clients [were] working on" responses to the interrogatories and RFPs. (*Id.* at 2 (citing Doc. 116-3).) On May 31, 2023, Defendants again asked CWNG for the remaining responses no later than June 2, 2023. (*Id.* (citing Doc. 116-2 at 1).) CWNG has not responded to that email. (*See id.*)

Defendants filed their original motion to compel on June 16, 2023.[2] (Doc. 116.) "Less than an hour after Defendants filed that motion, [CWNG] served . . . objections and answers to Defendants' second interrogatories and [RFPs]." (Doc. 121 at 2 (citing Docs. 121-1–2).) Defendants responded and "notified [CWNG] that all objections were already waived and requested that [it] provide complete responses." (*Id.* (citing Doc. 121-1).) Defendants assert that CWNG never responded to that email.

CWNG submitted no response to Defendants' motion to compel. (*See* Doc. 132.)

## II.   Legal Standards

A party may move for an order to compel discovery under Federal Rule of Civil Procedure 37(a) after providing notice and conferring or attempting to confer in good faith with the other party. "The party moving to compel discovery has the burden of proving the opposing party's answers [are] incomplete." *City of Las Cruces v. United States*, No. CV 17-809 JCH/GBW, 2021 WL 5207098, at *7 (D.N.M. Nov. 9, 2021) (quoting *Duran v. Donaldson*, No. 1:09-cv-758 BB/DJS, 2011 WL 13152655, at *2 (D.N.M. June 2, 2011)) (citing *Daiflon, Inc. v. Allied Chem. Corp.*, 534 F.2d 221, 227 (10th Cir. 1976)). Rule 33(b)(4) provides that "[a]ny ground not stated

---

[1] As Defendants note, CWNG failed to file a certificate of service regarding its partial responses or answer the interrogatories under oath. (*See* Doc. 121 at 2 (citing Docs. 121-1–2; Fed. R. Civ. P. 33(b)(3)).)

[2] The Court denied that motion without prejudice due to Defendants' failure to comply with D.N.M. LR-Civ. 7.1(a). (Doc. 119.) This motion followed. (Doc. 121.)

in a timely objection [to an interrogatory] is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). "While Rule 34 does not contain" the same explicit waiver language regarding RFPs, "courts have held that such a waiver is implied." *Brunson v. McCorkle*, No. 11-cv-1018 JCH/LAM, 2013 WL 12333491, at *1 (D.N.M. Jan. 4, 2013) (gathering cases); *see also Lucero v. Valdez*, 240 F.R.D. 591, 593 (D.N.M. 2007) (same).

**III.   Analysis**

**A.   Defendants have demonstrated that the responses were untimely and incomplete.**

Defendants served the interrogatories and RFPs on CWNG on March 29, 2023, making the responses due on April 28, 2023. (*See* Doc. 121 at 3 (citing Doc. 82; Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A)).) CWNG "did not respond until June 16, 2023—*79* days after service . . . and *49* days after the applicable deadline." (*Id.* (citing Doc. 121-1).)

Defendants argue that CWNG "cannot show good cause" for the untimely responses and objections as there was never any request for an extension or explanation for the delay. (*Id.* at 3–4.) Defendants assert that the delay prejudiced their "ability to identify witnesses, take depositions, draft summary judgment motions . . . , and prepare for the upcoming settlement conference . . . ." (*Id.* at 4.)

The Court agrees that CWNG's responses were untimely under the Rules. Moreover, CWNG fails to respond to the motion and thus fails to show good cause for its untimely and incomplete responses. The Court turns now to the question of whether Defendants have shown that the responses were incomplete.

**Interrogatory Nos. 13–15 and RFPs Nos. 28–30**

Interrogatory Nos. 13–15 ask CWNG to identify past and present members of CWNG. (Doc. 116-1 at 5.) RFP Nos. 28–30 seek communications between CWNG and its members,

3

including on topics relevant to this lawsuit. (*Id.* at 6.) CWNG objects to all requests on the basis that CWNG believes Defendants will retaliate against any members that are identified. (Doc. 121-2.) As CWNG waived its untimely objections, Defendants have established that the responses are incomplete.

**Interrogatory No. 16**

Interrogatory No. 16 asks CWNG to describe and itemize its damages. (Doc. 116-A at 5.) CWNG responds, "To be supplied." (Doc. 121-2.) Although CWNG has not objected to the interrogatory, neither has it responded. As discovery closed on June 9, 2023, Defendants have established that CWNG's response is untimely and incomplete.

**RFP No. 31**

RFP No. 31 seeks "a copy of all sources consulted in drafting the 'statement of faith' referenced in CWNG's 2019 strategic plan." (Doc. 116-1 at 6.) CWNG responds, "The Bible." (Doc. 121-2.) Defendants argue that the response is inadequate, at least with respect to the version of the Bible CWNG used. (Doc. 121 at 10.) The Court agrees that CWNG can be more specific in its response to this RFP. Defendants have established that the response is incomplete.

**RFP No. 32**

RFP No. 32 seeks "a copy of any charges filed with the EEOC or New Mexico Human Rights Bureau by Jared Colombel as stated in his Rule 30(b)(6) deposition on March 14, 2023." (Doc. 116-1 at 6.) CWNG responded that "[t]his has been provided." (Doc. 121-2.) Defendants explain that although CWNG did not cite a document, it is unclear to which document it refers. (Doc. 121 at 11.) Defendants have a copy of the EEOC Inquiry Information that CWNG provided in its supplemental initial disclosure but asserts that this document is different from "the actual

charge of discrimination filed with the EEOC" and is not responsive to RFP No. 32. (*See id.* (citing Doc. 121-7).) Defendants have established that the response is incomplete.

The Court finds that Defendants have demonstrated that CWNG's responses are either "evasive" or "omit[] information obtainable . . . with reasonable effort." *City of Las Cruces*, 2021 WL 5207098, at *7. Accordingly, the Court will grant the motion on the basis that the responses are untimely and CWNG waived its objections to the interrogatories and RFPs.

The Court will order CWNG to supplement its responses to the interrogatories and RFPs no later than August 7, 2023. Should CWNG meet the deadline, the Court will not award sanctions.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Compel and for Sanctions (Doc. 109) is **GRANTED IN PART**. CWNG shall provide supplemental discovery responses as outlined in this Opinion no later than **5:00 p.m. MDT** on **Monday, August 7, 2023**.

**IT IS FURTHER ORDERED** that Defendants' request for sanctions is **DENIED** at this time with leave to refile if CWNG fails to submit supplemental responses as directed.

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE