IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHRISTIANS IN THE WORKPLACE
NETWORKING GROUP,

      Plaintiff,

v.                                               No. 1:22-cv-0267 DHU/DLM

NATIONAL TECHNOLOGY AND
ENGINEERING SOLUTIONS OF
SANDIA, LLC; ESTHER HERNANDEZ;
AARON JIM; and BIANCA HILL,

      Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff Christians in the Workplace Networking Group's (CWNG) Motion for Reconsideration of Order on Third Motion to Compel and for Sanctions (renewed) (Doc. 136), and on Defendants' Brief Regarding Costs and Fees (Doc. 137). Having considered the arguments of the parties and the relevant law, the Court will deny the motion to reconsider and award $742.23 in sanctions to Defendants against counsel for CWNG.

**I.**     **The Court will deny the motion to reconsider.**

"A motion to reconsider does not permit a party to 'reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion.'" *Szuszalski v. Fields*, No. CV 19-250 RB/CG, 2020 WL 553862, at *3 (D.N.M. Feb. 4, 2020) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). "Indeed, a motion to reconsider is only appropriate in specific circumstances, including when there is: (1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice." *Id.* (citing *Servants of Paraclete*, 204 F.3d at 1012). "Simply put, a motion for

reconsideration is the proper remedy when a court 'misapprehended the facts, a party's position, or the controlling law.'" *Id.* (quoting *Servants of Paraclete*, 204 F.3d at 1012). "It is plainly not the right vehicle 'to revisit issues already addressed or advance arguments that could have been raised in prior briefing.'" *Id.* (citing *Servants of Paraclete*, 204 F.3d at 1012).

On May 18, 2023, CWNG filed a motion to compel discovery requests it served on Defendants from December 2022 through April 2023. (*See* Doc. 128 at 1–2, 4.) The undersigned found that the motion was untimely regarding CWNG's requests for production (RFPs) Nos. 79 and 84, as Defendants responded to RFP No. 79 on February 15, 2023, and to RFP No. 84 on March 10, 2023. (*Id.* at 5 (citing Docs. 55; 73).)

CWNG now argues that "[t]he court overlooks that because of a computer breakdown where the desktop died all documents had to be resent." (Doc. 136 at 1.) Because of the volume of documents that counsel for CWNG had to review, CWNG states that "[i]t could not have been done within the strict deadlines under the rules." (*Id.*) CWNG fails to cite to the record to support this argument, and the Court is unable to locate factual assertions or argument within CWNG's original motion (Doc. 109) or reply brief (Doc. 118) regarding a computer breakdown. It is unclear why the Court should consider this argument, which was available to CWNG in its original motion. *See, e.g.*, *Servants of Paraclete*, 204 F.3d at 1012.

CWNG reiterates arguments it previously made to demonstrate that Defendants' discovery responses were insufficient under the Court's March 30, 2023 Order. (*See* Doc. 136 at 2; *see also* Doc. 109.) The Court already found, however, that CWNG lacked substantial justification to compel responses to RFP Nos. 79 and 84 for three reasons. (Doc. 128 at 6.) First, "CWNG's own attorney defined the disputed term (group emails) . . . ." (*Id.*; *see also* Docs. 84 at 3 (citing Docs. 51 at 7; 51-A); 118 ¶ 4.) Second, CWNG failed to respond to Defendants' substantive argument

regarding the burden of locating and reviewing individual employee emails in the original briefing on this topic (*see* Docs. 45; 51 at 6; 54), and in the briefing of CWNG's more recent third motion to compel (Docs. 112 at 6 & 112-3 at 4; 118). (*See* Doc. 128 at 6.) That CWNG did not address this *explicit* argument in the original briefing makes its argument now ring particularly hollow. Third, CWNG "failed to object to or move to reconsider the March 30, 2023 Order that adopted CWNG's definition." (Doc. 128 at 9.) CWNG fails to demonstrate, given these circumstances, that a reasonable attorney would move to compel supplemental responses to RFP Nos. 79 and 84.

CWNG argues now that its proposed definition did not capture relevant emails from individual employees, and that allowing emails addressed only from the group entity "does not make sense." (*See* Doc. 136 at 2.) CWNG had the opportunity to make this argument in its original briefing (*see* Docs. 45; 54), in the February 16, 2023 status conference (*see* Doc. 58), or in an appropriate motion shortly after the Court ruled on this issue in March 2023 (Doc. 84). CWNG offers no substantial justification for failing to do so.[1]

Finally, CWNG makes no mention of the fact that the Court found no substantial justification for the remainder of the third motion to compel, because "CWNG failed to mount even the barest of substantive arguments to give Defendant notice of the true basis for the motion to compel" RFP Nos. 85–91 and Interrogatory Nos. 15–16. (*See* Docs. 128 at 9; 136.)

In sum, CWNG fails to demonstrate[2] that the Court "misapprehended the facts, a party's

---

[1] CWNG also argues that the Court ignored affidavits submitted with its motion that make assertions regarding the existence of individual emails. (*See* Doc. 2.) Defendants point out that the affidavits "do not meet statutory verification requirements and should not be considered by the Court." (Doc. 147 at 4 (citation omitted).) CWNG fails to respond to Defendants' argument. (Doc. 118.) It appears that the affidavits are not legally sufficient, as they were not sworn under oath, they were not signed under penalty of perjury, and they were not notarized. *See, e.g.*, *Vazirabadi v. Denver Health & Hosp. Auth'y*, 782 F. App'x 681, 687 (10th Cir. 2019). Regardless, even considering the affidavits, CWNG fails to mount any effective argument to demonstrate that its untimely motion to compel was substantially justified under the circumstances here.

[2] The Court finds the remaining arguments (*i.e.*, regarding receipt of the April 12, 2023 email and whether the Court must entertain arguments raised for the first time in a reply brief) meritless for the reasons stated in its original Opinion. (*See* Doc. 136 at 1–2; *see also* Doc. 128 at 3 n.3, 8.)

3

position, or the controlling law[,]" *see Servants of Paraclete*, 204 F.3d at 1012, and the Court will deny the motion to reconsider.

## II.   The Court will award $690 in fees.

"To determine a reasonable attorneys['] fee, the district court must arrive at a 'lodestar' figure by multiplying the hours plaintiffs' counsel reasonably spent on the litigation by a reasonable hourly rate." *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1249 (10th Cir. 1998) (quoting *Jane L. v. Bangerter*, 61 F.3d 1505, 1509 (10th Cir. 1995)); *see also City of Las Cruces v. Lofts at Alameda, LLC*, No. CV 17-809 JCH/GBW, 2022 WL 2753994, at *2 (D.N.M. July 14, 2022). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Case*, 157 F.3d at 1249 (quoting *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1201 (10th Cir. 1986)). "The prevailing party must make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Jane L.*, 61 F.3d at 1510 (internal quotation marks and citation omitted). And "[h]ourly rates must reflect the prevailing market rates in the relevant community." *Id.* (internal quotation marks and citation omitted). "Finally, certain factors may cause the court to adjust a fee upward or downward, 'including the important factor of the results obtained.'" *Tenorio v. San Miguel Cty. Det. Ctr.*, No. 1:15-CV-00349-LF-JHR, 2019 WL 2617998, at *2 (D.N.M. June 26, 2019) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (quotation marks omitted)).

### A.   Reasonable Hours

Defendants assert that attorney Melissa "Kountz spent a total of 11.8 hours drafting the Response opposing" CWNG's third motion to compel. (Doc. 137 at 3.) "This time does not include any time spent by other attorneys reviewing the matter, nor does it include any administrative time

(e.g. time spent labeling exhibits or filing the response)." (*Id.*)

Counsel for CWNG argues that Kountz failed to produce "separate itemization of the hours" or time records to meet its burden of establishing the hours expended on the motion. (Doc. 151 ¶ 9 (citation omitted).) "Counsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *City of Las Cruces*, 2022 WL 2753994, at *6 (quoting *Case*, 157 F.3d at 1250). "The Court must then scrutinize such records to ensure that the . . . attorneys have exercised billing judgment by winnowing the hours actually expended down to the hours reasonably expended." *Id.* (quoting *Case*, 157 F.3d at 1250) (quotation marks omitted); (citing *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983) ("It does not follow that the amount of time actually expended is the amount of time reasonably expended.")).

Here, Defendant failed to submit "meticulous, contemporaneous time records" to support its motion. *See id.* Instead, Kountz asserts by affidavit that the 11.8 hours included review of the motion and the record and drafting the motion. (Doc. 137-1 ¶ 9.) Because Defendant's response to CWNG's third motion with respect to RFP Nos. 79 and 84 revisits many of the same facts and arguments presented in the response to CWNG's early motion to compel (*compare* Doc. 112, *with* Doc. 51), the Court finds that the number of hours requested should be reduced as duplicative. *See City of Las Cruces*, 2022 WL 2753994, at *6 (discussing factors analyzed to determine reasonableness and noting that hours may be reduced to account for any hours that are "unnecessary, irrelevant and duplicative") (quoting *Carter v. Sedgwick Cnty.*, 36 F.3d 952, 956 (10th Cir. 1994)). With respect to the remaining discovery requests, the response brief simply summarized the fact that Defendants had already responded to RFP Nos. 85–91 and interrogatories

15–16. (*See* Doc. 112 at 7.)

In *Muñoz v. FCA US LLC*, United States Magistrate Judge Steven Yarbrough found that eight hours was a reasonable amount of time to review a motion to compel, confer with co-counsel, research, and draft a response. No. CV 17-881 WJ/SCY, 2020 WL 6126454, at *2 (D.N.M. Feb. 28, 2020). Where, as here, much of the background information and arguments had already been developed in earlier briefing, the Court finds that three hours is a reasonable amount of time to respond to the third motion to compel.

**B.     Reasonable Hourly Rates**

Defense counsel request an hourly rate of $230/hour for Ms. Kountz, an attorney with Rodey, Dickason, Sloan, Akin & Robb, P.A. who has been practicing law for ten years. (Docs. 137 at 6; 137-1 ¶¶ 2, 5–6.) Again, "Defendant, as the fee applicant, bears the burden to produce evidence—in addition to its attorney's own affidavit—that their requested rates align with the local market rate for civil rights and prison litigation by comparable counsel." *Rivera-Cordero v. Mgmt. & Training Corp.*, No. CV 20-1106 KWR/GBW, 2022 WL 59401, at *2 (D.N.M. Jan. 6, 2022) (citing *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). "Evidence is typically established through the affidavits of local attorneys who practice in the same field as the attorneys seeking the fees." *Id.* (quoting *Strobel v. Rusch*, No. CIV 18-0656 RB/JFR, 2021 WL 371575, at *2 (D.N.M. Feb. 3, 2021)) (quotation marks omitted). Ms. Kountz does not assert such evidence but attests that her requested "rate is reasonable based on [her] experience, skill, and familiarity with cases of this nature." (Doc. 137-1 ¶ 6.) Ms. Kountz cites to a recent case from this district stating that this Court has awarded "fees in the range of $150 through $375 . . . ." (Doc. 137 at 3 (citing *Faraday 100 LLC v. Acuity*, No. 1:20-CV-00767-WJ-SCY, 2021 WL 4243544, at *2 (D.N.M. Sept. 17, 2021)).)

The Court has considered the cited authority as well as its own research and knowledge to

6

set an appropriate hourly rate. *See Mosaic Potash Carlsbad, Inc. v. Lintrepid Potash, Inc.*, No. 16-CV-0808 KG/SMV, 2018 WL 2994412, at *3 (D.N.M. June 14, 2018) (noting that a court "may use other factors, including its own knowledge, to establish the rate"). In 2019 in the context of fees related to a motion to compel, United States Magistrate Judge Jerry Ritter awarded $250/hour to an attorney with 10 years of experience, and $310/hour to an attorney with 22 years of experience. *See Griego v. Douglas*, No. CV 17-0244 KBM/JHR, 2019 WL 3006993, at *1–2 (D.N.M. July 10, 2019). And in 2018, United States Magistrate Judge Karen B. Molzen, in a lawsuit brought in part under the Fair Credit Reporting Act, found that an attorney who had been practicing for 19 years was entitled to a rate of $250/hour, and an attorney who had been practice for 13 years was entitled to a rate of $200/hour. *Schueller v. Wells Fargo & Co.*, No. CIV 16-0107 MV/KBM, 2018 WL 2943245, at *3, *5 (D.N.M. June 12, 2018). Judge Molzen noted that the lawsuit was neither high-end nor complex. *Id.* at *5.

The Court finds that the requested rate here of $230/hour for an attorney with ten years of experience is reasonable. At $230/hour for three hours, the fee award is $690. Together with the gross receipts tax of 7.57%, the total award is $742.23.

**IT IS THEREFORE ORDERED** that CWNG's Motion for Reconsideration of Order on Third Motion to Compel and for Sanctions (renewed) (Doc. 136) is **DENIED**;

**IT IS FURTHER ORDERED** that the Motion for Attorneys' Fees (Doc. 137) Is **GRANTED IN** PART: counsel for CWNG shall pay Defendants for three hours of work at a rate of $230 per hour, with the gross receipts tax of 7.57% or $52.23, for a total of $742.23. Such payment shall be due no later than two weeks from the date of this Order.

```
_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE
```