IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHRISTIANS IN THE WORKPLACE
NETWORKING GROUP,

       Plaintiff,

v.                                                  No. 1:22-cv-00267-DHU-DLM

NATIONAL TECHNOLOGY AND ENGINEERING
SOLUTIONS OF SANDIA, LLC, a wholly owned
subsidiary of Honeywell International, Inc.; ESTHER
HERNANDEZ, AARON JIM, and BIANCA HILL,

       Defendants.

**SANDIA'S RESPONSE IN OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION FOR LEAVE TO FILE BRIEF WITH CASE LAW ON QUESTIONS OF THE COURT AT ORAL ARGUMENT**

Defendant National Technology and Engineering Solutions of Sandia, LLC ("Sandia"), by and through Rodey, Dickason, Sloan, Akin & Robb P.A. (Charles J. Vigil, Samantha M. Hults, and Melissa M. Kountz) hereby responds in opposition to Plaintiff's Emergency Motion for Leave to File Brief with Case Law on Questions of the Court at Oral Argument [Doc. 181] ("Motion"). The Court should deny the motion because (1) the Court already has entered an order granting Defendants' Motion to dismiss and Motions for Summary Judgment and (2) Plaintiff has failed to provide a legal or factual basis for the Court to reconsider its rulings other than to say that it has found additional case law.

On August 17, 2023, the Court granted the motion to dismiss the individual Defendants from the suit and granted summary judgment to Sandia on all of Plaintiff's remaining claims. [Doc. 180]. Plaintiff now seeks leave to file yet another brief, which it says will contain "such authority that will help the court decide the dispositive motions based on case law, including case law from the 10th Circuit." [Doc. 181]. Plaintiff does not identify the issue upon which the

alleged authority would be persuasive, nor does it identify what authority it wishes to submit. [Doc. 181].

The Motion is based upon one premise only, and it is a faulty one: that the Court has not yet ruled on the dispositive motions. [Doc. 181] ("the court may rule any day on dispositive motions"). As stated unequivocally at the hearing on August 17, 2023, and in an order issued the next day, dispositive motions have now been decided or rendered moot.[1] [Doc. 179 and 180].

Furthermore, aside from Plaintiff's misstatement or misunderstanding about the current case posture, the Motion is improper and further briefing should not be allowed. The Motion seems in substance to be a motion for reconsideration. But a motion for reconsideration is an "inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "Absent extraordinary circumstances…the basis for the second motion must not have been available at the time the first motion was filed." *Id.* When the reconsideration movant seeks to call the Court's attention to the law, it should be the result of an intervening change in the controlling law, *see, e.g., Casanova v. Ulibarri*, No. 08-0288 JP/CG, Mem. Op. & Order [Doc. 157] (D.N.M. Mar. 3, 2014), not to argue about the impact of case law previously available to the movant.

Plaintiff here does not purport offer any new basis for the Court to reconsider its ruling. Instead, it simply seeks further briefing on issues which it has already had ample opportunity to address. First, Plaintiff filed responses to each of the dispositive motions. [Docs. 15, 143, 144,

---

[1] Even if Plaintiff was correct and a motion was pending, it has failed to appropriately bring the authority to the Court's attention. The Court's Local Rules do allow for a party to file a Notice of Supplemental Authorities after oral argument but before decision. D.N.M.LR-Civ. 7.8. Such a notice must set forth the citations to the authority and be confined to 350 words. *Id.*

2

145].  Plaintiff then even filed a surreply.  [Doc. 178].  Last but not least, Plaintiff had the opportunity to present its arguments and any relevant supporting authorities during a several-hour hearing on the motions.   In every instance, Plaintiff has taken frivolous positions (e.g. at the August 17, 2023, oral argument, asserting that cases pertaining to Section 1983 actions provide insight or guidance to the statutory question of whether an organization is independently protected / has standing under Title VII).

There is every reason to expect that more briefing from Plaintiff would just lead to more of the same.  Plaintiff should not be allowed to further waste Sandia's or the Court's time, especially given the generous briefing allowance and the opportunity to be heard at a hearing already afforded to it.

WHEREFORE, Sandia requests that the Court deny Plaintiff's Emergency Motion for Leave to File Brief with Case Law on Questions of the Court at Oral Argument.

Dated: August 23, 2023   RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By      */s/ Melissa M. Kountz*
　　Charles J. Vigil
　　Samantha M. Hults
　　Melissa M. Kountz
P. O. Box 1888
Albuquerque, NM 87103
Telephone:  (505) 765-5900
FAX:  (505) 768-7395
cvigil@rodey.com /
shults@rodey.com/mkountz@rodey.com
*ATTORNEYS FOR DEFENDANTS*

3

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on August 23, 2023, I filed the foregoing pleading electronically through the CM/ECF system, which caused all parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

                                    RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

                          By  */s/ Melissa M. Kountz*
                                  Melissa M. Kountz