IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHRISTIANS IN THE WORKPLACE
NETWORKING GROUP,

      Plaintiff,

v.                                                                                No. 1:22-cv-0267 DHU/DLM

NATIONAL TECHNOLOGY AND
ENGINEERING SOLUTIONS OF
SANDIA, LLC; ESTHER HERNANDEZ;
AARON JIM; and BIANCA HILL,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' Brief Regarding Cost and Fees (Doc. 176), which the Court construes as a memorandum in support of attorneys' fees (*see* Doc. 182). Having considered the arguments of the parties and the relevant law, the Court will award $123.71 in sanctions to Defendants against counsel for CWNG.

**I.**     **Analysis**

"To determine a reasonable attorneys['] fee, the district court must arrive at a 'lodestar' figure by multiplying the hours plaintiffs' counsel reasonably spent on the litigation by a reasonable hourly rate." *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1249 (10th Cir. 1998) (quoting *Jane L. v. Bangerter*, 61 F.3d 1505, 1509 (10th Cir. 1995)); *see also City of Las Cruces v. Lofts at Alameda, LLC*, No. CV 17-809 JCH/GBW, 2022 WL 2753994, at *2 (D.N.M. July 14, 2022). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Case*, 157 F.3d at 1249 (quoting *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1201 (10th Cir. 1986)). "The prevailing party must make a good-faith effort to exclude from a fee request hours that are

excessive, redundant, or otherwise unnecessary." *Jane L.*, 61 F.3d at 1510 (internal quotation marks and citation omitted). And "[h]ourly rates must reflect the prevailing market rates in the relevant community." *Id.* (internal quotation marks and citation omitted). "Finally, certain factors may cause the court to adjust a fee upward or downward, 'including the important factor of the results obtained.'" *Tenorio v. San Miguel Cnty. Det. Ctr.*, No. 1:15-CV-00349-LF-JHR, 2019 WL 2617998, at *2 (D.N.M. June 26, 2019) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (quotation marks omitted)).

    **A.**    **Reasonable Hours**

Defendants assert that attorney Melissa "Kountz spent a total of 0.9 hours drafting the Response opposing" Plaintiff Christians in the Workplace Networking Group's (CWNG) fourth motion to compel. (Doc. 176 at 3.) "This time does not include any time spent by other attorneys reviewing the matter, nor does it include any administrative time (e.g. time spent labeling exhibits or filing the response)." (*Id.*) CWNG flatly states that "[i]t is denied .9 hours were necessary." (Doc. 185.)

Here, Defendants fail to submit "meticulous, contemporaneous time records" to support the motion. *See City of Las Cruces*, 2022 WL 2753994, at *6. Instead, Kountz asserts by affidavit that the 0.9 hours included review of the motion and the draft response brief written by Sandia's in house counsel and revising the response. (Doc. 176-1 ¶ 9.)

Defendants' response to CWNG's fourth motion to compel was seven pages long. (Doc. 131.) The bulk of the brief is spent revisiting facts and history from earlier in this lawsuit (*see id.* at 2–4, 6), and reiterating legal assertions made in prior briefs (*compare id.* at 4, 6–7, *with* Doc. 112 at 5–7). Accordingly, the Court finds that the number of hours requested should be reduced as duplicative or unnecessary. *See City of Las Cruces*, 2022 WL 2753994, at *6 (discussing factors

analyzed to determine reasonableness and noting that hours may be reduced to account for any hours that are "unnecessary, irrelevant and duplicative") (quoting *Carter v. Sedgwick Cnty.*, 36 F.3d 952, 956 (10th Cir. 1994)). The Court finds that half an hour is a reasonable amount of time to review and revise the response to the fourth motion to compel.

### B. Reasonable Hourly Rates

Defense counsel request an hourly rate of $230/hour for Ms. Kountz, an attorney with Rodey, Dickason, Sloan, Akin & Robb, P.A. who has been practicing law for ten years. (Docs. 176 at 2; 176-1 ¶¶ 2, 5–6.) As the Court found in its August 22, 2023 Opinion regarding an earlier motion for attorneys' fees, the requested rate of $230/hour for an attorney with ten years of experience is reasonable. (*See* Doc. 183 at 6–7.) At $230/hour for one-half hour, the fee award is $115. Together with the gross receipts tax of 7.57%, the total award is $123.71.

## II. The Court will deny any motion to reconsider.

CWNG's response brief, comprised of a single page, could be construed as a motion to reconsider. (*See* Doc. 185.) CWNG reasserts authority supporting the argument that courts should not order sanctions if a discovery motion is substantially justified. (*Compare id.*, *with* Doc. 139 at 2.) "A motion to reconsider does not permit a party to 'reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion.'" *Szuszalski v. Fields*, No. CV 19-250 RB/CG, 2020 WL 553862, at *3 (D.N.M. Feb. 4, 2020) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). The Court has already found that CWNG's fourth motion to compel was not substantially justified (Doc. 153 at 6), and CWNG offers no appropriate basis for revisiting that decision. *See Servants of Paraclete*, 204 F.3d at 1012 (outlining the appropriate bases for a motion to reconsider). Because CWNG fails to develop any argument or identify a proper basis

for the Court to reconsider its opinion granting sanctions, the Court will deny the motion to reconsider.

**IT IS THEREFORE ORDERED** that the Bill of Costs (Doc. 176), which the Court construes as a memorandum in support of attorneys' fees, is **GRANTED IN PART**: counsel for CWNG shall pay Defendants for one-half hour of work at a rate of $230 per hour, with the gross receipts tax of 7.57% or $8.71, for a total of $123.71. Such payment shall be due no later than two weeks from the date of this Order.

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE