IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| Christians in the Workplace Networking Group, Plaintiff | : Civil Action: 1:22-cv-00267-DHU-DLM |
| v. | |
| National Technology and Engineering Solutions of Sandia, LLC, et al, Defendants | |

REPLY to Response to MOTION FOR ORAL ARGUMENT ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT And PROVISION OF CASE LAW ON STATE ACTION REQUESTED BY THE COURT

MOOTNESS

The motion is not moot. The court reserved judgment on the Motion for Leave to File Second Amended Complaint (Doc. 180). The Religious Freedom Restoration Claim is a live claim. Under that claim, whether Sandia is a state actor is a live issue and the court in its discretion may grant injunctive relief sought in its motion for summary judgment. The oral argument sought will benefit the court.

REQUEST FOR RECONSIDERATION

No motion for reconsideration was filed as to the August 18, 2023 order nor has reconsideration been sought. It may be after the court issues a written opinion which explains any rulings.

MOTION FOR LEAVE TO AMEND

Sandia states the basis for amendment was available at the inception of the suit. This is not the standard under the law and never was. <u>Hamric v. Wilderness Expeditions</u>, 6 F. 4th 1108 (10th Cir. 2021)held that as to timeliness, Rule 16(b) and 15(a) FRCP apply. Id, 1118. The 10th Circuit stated:

<u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962) held:Rule 15(a) declares that leave to amend shall be freely given where justice so requires….if the underlying facts or circumstances relied upon by a Plaintiff may be a proper subject of relief, he ought to be given an opportunity to test his claim on the r merits. In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of amendment, futility of amendment, the leave should be…freely given. . Where amendment merely states an alternative theory of recovery, it should be granted. The FRCP reject the approach that pleading is a game of skill and one misstep of counsel may be decisive to the outcome and accept the principal that the purpose of pleading is to facilitate a proper decision on the merits. Denial of leave is reversed. Id, 181-182.

Defendant has not met its burden to prove why leave should not be freely given. Defendant has the burden and cannot show undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to Sandia or futility of amendment and makes no arguments to support these.

### THE COURT HAS NOT GRANTED SUMMARY JUDGMENT ON ALL CLAIMS

A case becomes moot when the issues presented are no longer live. Smith v. Becerra, 44 F. 4th 1238, 1247 (10th Cir. 2022). The RFRA claim is still live. The deadline for Defendants to respond to Plaintiff's Motion for Summary Judgment was August 31, 2023. They filed no response. The undisputed facts contained in the motion are admitted as Defendants failed to specifically controvert any fact. Rule 56.1(b). Local Rules (Civil), D. of N.M.. The facts needed to establish Plaintiff's claims, including the RFRA claim, are the same. The amendment adds no new facts.

### CASE LAW shows DEFENDANTS can be sued under §1983.

Footnote 7 in DeVargas v. Mason & Hanger-Silas Mason Co, Inc, Los Alamos National Laboratories, et al, 844 F. 2nd 714 (10th Cir. 1988)states:

> At oral argument we expressed some concern whether the defendants were federal or state actors for purposes of a § 1983 or *Bivens* claim. *See Rendell-Baker v. Kohn,* 457 U.S. 830, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982); *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974); *Vincent v. Trend Western Technical Corp.,* 828 F.2d 563, 567-68 (9th Cir. 1987); *Milonas v. Williams,* 691 F.2d 931, 939-40 (10th Cir. 1982). The defendants do not dispute in this appeal the district court's finding that they were state actors for purposes of the § 1983 claim and federal actors for the *Bivens* claim. We therefore do not discuss that issue.

Los Alamos National Laboratories was found by the lower court to be a state actor for the purpose of a §1983 or Bivens claim. This is on-point authority that Sandia is also a a state actor for the purpose of a §1983 or Bivens claim. While the 10th Circuit did not affirm in its ruling that Los Alamos was a state actor, it did not reverse a ruling by the lower court that it was.

Defendants state that Doe v. Lawrence Livermore Laboratory, 65 F. 3rd 771 (9th Cir. 1995) is inapplicable because at the time Lawrence Livermore National Laboratory was owned by the state of California. But even if it was this does not make any difference. There its employee was found to be a state actor. Id, 772. Here there are 3 employee Defendants and are also state actors under Doe.

Nuckolls, acting as director of a university-managed laboratory, is a person who is fully liable under §1983. id, 776.

## "PERSONS" LIABLE UNDER §1983 NEED NOT HAVE ACTED AS A STATE OFFICIALS

Defendants state that the entirely of the analysis of the status of Nichols as a state actor "rests on the University of California's liability as a state entity and the Eleventh Amendment." This contradicts what that court found in a later decision in the same case. <u>Doe v. Lawrence Livermore Laboratory</u>, 131 F.3d 836 (9th Cir. 1997) found

> We REVERSE the dismissal of the § 1983 claim against Nuckolls in his official capacity because Doe's request for reinstatement constitutes prospective injunctive relief…Doe is a mathematical physicist with a Ph.D. from Harvard University. The Laboratory is operated by the University pursuant to a contract with the United States Department of Energy ("Department"). ..His complaint states a claim against Nichols under § 1983 claim against Nuckolls in his official capacity…In our opinion filed September 11, 1995, we reversed the district court's dismissal of the breach of contract claim. See Doe v. Regents of the Univ. of Calif. et al., 65 F.3d 771 (9th Cir. 1995). We held that the University, as manager for the Laboratory, was not entitled to Eleventh Amendment immunity since the Department of Energy, and not the State of California, would be ultimately liable for any judgment rendered against the University in performance of its contract with the Department. Because we found that the University was not an arm of the State in this instance, we concluded that Director Nuckolls had not acted as a "state official," but a "person" fully liable under § 1983….In Will v. Michigan Dep't of State Police, the Supreme Court held that "States or governmental entities that are considered `arms of the State' for Eleventh Amendment purposes" are not "persons" under § 1983. Will, 491 U.S. 58, 70 (1989). Moreover, Will clarified that a suit against a state official in his official capacity is no different from a suit against the State itself. Id. at 71. Therefore, state officials sued in their official capacities are not "persons" within the meaning of § 1983.   However, there is one exception to this general rule: When sued for prospective injunctive relief, a state official in his official capacity is considered a "person" for § 1983 purposes. Id. at 71 n. 10…Doe argues that he requests prospective injunctive relief. Specifically, he requests an injunction requiring Nuckolls to reinstate Doe as a physicist at the Laboratory. In the alternative, Doe requests an injunction requiring Nuckolls to reconsider Doe's employment application without reference to his eligibility for security clearance….this court has found in a prior employment case that reinstatement constitutes prospective injunctive relief…Therefore, we reverse the district court's dismissal of Doe's § 1983 claim against Nuckolls in his official capacity.

Id, 837-842. Both the Lawrence Livermore Laboratory and Sandia National Laboratory are operated by a contract with the Department of Energy. The Department of Energy in both cases will be responsible for the payment of any judgment. The court held that since the laboratory was not an arm of the state, Nuckolls had acted not as state official but as a "person" fully liable under §1983.

3

Injunctive relief was available. Plaintiff seeks prospective injunctive relief against Defendants including individual Defendants to be restated as an Employee Resource group. This relief can be granted under the Religious Freedom Restoration Act to an unincorporated association based on the undisputed facts in Plaintiff's Motion for Summary Judgment.

Date: September 22, 2023        s/J. Michael Considine, Jr., P.C.
                                By: J. Michael Considine, Jr.
                                1845 Walnut Street, Suite 1199
                                Philadelphia, PA 19103
                                564-4000
                                adventure7@gmail.com
                                Counsel for Plaintiff

CERTIFICATE OF SERVICE

I, J. Michael Considine, Jr., hereby certify that I filed electronically the Reply to Response to MOTION FOR ORAL ARGUMENT ON PLAINTIFF's MOTION FOR SUMMARY JUDGMENT and PROVISION OF CASE LAW ON STATE ACTION REQUESTED BY THE COURT and by doing so transmitted it to counsel of record **Charles J. Vigil. Melissa Kountz and Samantha M. Hults, Rodey, Dickason, Sloan, Akin & Robb, P.A.**, 201 3rd Street, NW, Suite 2200, Albuquerque, NM 87102 and **Aaron C. Viets, Sandia National Laboratories. P.O. Box 5800, MS 0141, Albuquerque, NM 87185** on the date indicated below:

Date: September 22, 2023                s/ J. Michael Considine, Jr.