IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHRISTIANS IN THE WORKPLACE
NETWORKING GROUP,

      Plaintiff,

v.                                                                 No. 1:22-cv-00267-DHU-DLM

NATIONAL TECHNOLOGY AND ENGINEERING
SOLUTIONS OF SANDIA, LLC, a wholly owned
subsidiary of Honeywell International, Inc.; ESTHER
HERNANDEZ, AARON JIM, and BIANCA HILL,

      Defendants.

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE PLAINTIFF'S NOTICE OF COMPLETION OF BRIEFING ON ITS MOTION FOR SUMMARY JUDGMENT**

      Defendants hereby submit their Reply in support of their Motion to Strike Plaintiff's Notice of Completion of Briefing on Its Motion for Summary Judgment [Doc. 194] ("Motion"). Plaintiff's response in opposition to the Motion [Doc. 195] misconstrues the basis for the Motion and fails to understand the legal significance of this Court's orders and Plaintiff's own motion practice.

**The Basis for the Motion to Strike**

      Plaintiff cites to *Estate of Anderson v. Denny's Inc.*, 291 F.R.D. 622 (D.N.M. February 7, 2013) for the proposition that the Notice of Completion of Briefing is not a pleading and does not meet the standards to be stricken under Fed. R. Civ. P. 12(f). Defendants agree. *See* Motion [Doc. 194 at 1, n.1 ("Defendants are *not* moving to strike the Notice under Fed. R. Civ. P. 12(f); there is no dispute that a notice of completion of briefing is not a pleading under this Rule." (emphasis in original)). But this rule is beside the point. Defendants are moving to strike the Notice of Completion of Briefing in accordance with the Court's inherent power to "choose to

1

strike a filing that is not allowed by local rule, such as a surreply filed without leave of the court." *Estate of Anderson*, 291 F.R.D. at 631.  Here, the Notice pertains to a Motion that is moot and does not require any further action by the Court; the Rule requiring such notices only contemplates them for motions which require a decision or action by the Court.

### Plaintiff's Motion for Summary Judgment is Moot

Plaintiff cannot—and does not—dispute that this Court has granted summary judgment in Defendants' favor on all claims raised in the operative Amended Complaint.  [*See generally* Doc. 195.]  Nor does Plaintiff dispute that its summary judgment motion is moot as to any claim raised in the Amended Complaint.  [*See generally id.*]  Instead, Plaintiff's sole argument is that its Motion for Summary Judgment is not *fully* moot because it "seeks judgment not only for claims in the Amended Complaint but also for those in the Second Amended Complaint," *i.e.*, the proposed Religious Freedom Restoration Act ("RFRA") claim. [Doc. 195 at 1. *See also id.* (arguing only that the Court "may grant relief under RFRA," not any other claim).]

This argument ignores basic procedural rules.  There is no live RFRA claim in this case.  The RFRA claim is not present in the operative Amended Complaint.  [*See* Doc. 4.]  Rather, Plaintiff seeks to add a RFRA claim through a motion for leave to amend that has been fully briefed and argued, but not yet decided.  [*See* Docs. 4, 74, 180.]  "A *proposed* pleading," however, "has *no effect* on the claims asserted in a case until the judge approves that pleading for filing." *Zamora v. Wells Fargo Home Mortg.*, 831 F. Supp. 2d 1284, 1298 (D.N.M. 2011) (emphasis added, citations omitted).  "Under Rule 15, . . . an amended complaint is not actually 'filed' until the court grants 'leave' for the amendment."  *Angles v. Dollar Tree Stores, Inc.*, 494 F. App'x 326, 328–29 (4th Cir. 2012) (citing *Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir.

1998)).  *Accord Murray*, 132 F.3d at 612 (explaining that "an amendment . . . is without legal effect" unless filed with "leave of court or consent of the defendants").

Tellingly, Plaintiff cites no authority for the idea that a party can move for summary judgment on a claim that is not contained in the operative complaint. [*See generally* Doc. 195.] Nor does Plaintiff cite any cases finding that a party was obligated to respond to a plainly moot motion. [*See generally id.*] At best, Plaintiff's inclusion of the RFRA claim in its summary judgment motion could be—but does not have to be—construed as another request to amend. *See Johnson v. Life Ins. Co. of N. Am.*, No. 05-cv-357, 2008 WL 11451473, at *2 (D.N.M. June 30, 2008); *Chisholm's Village Pizza, LLC v. Travelers Commercial Insurance Company*, 621 F. Supp. 3d 1195, 1228 (D.N.M. 2022). As Defendants have argued, the Court should deny Plaintiff's request to add a RFRA claim to this case. [*See* Doc. 79.] In short, all live claims have been adjudicated in Defendants' favor, Plaintiff's summary judgment motion is moot, and the Court should strike Plaintiff's Notice of Completion of Briefing. [*See* Doc. 194 at 4 (collecting cases).][1]

Defendants further asserted that the Notice fails to refer to all related pleadings. Plaintiff insists that the Notice is sufficient, stating that because the August 18, 2023 Order [Doc. 180] does not make explicit reference to its Motion for Summary Judgment [Doc. 152], it is not related to the Motion. An order disposing of all live claims raised in the Motion is obviously related and should be included on a notice of completion of briefing.

---

[1] Should the Court choose to allow Plaintiff to amend the complaint, this would not entitle Plaintiff to automatic summary judgment or revive the mooted motion. Defendants would have the ability to answer the second amended complaint or file Rule 12 motions within fourteen days under Fed. R. Civ. P. 15(a)(3). In addition, Plaintiff is incorrect in stating that a lack of response is sufficient to warrant an entry of summary judgement. *See Reed v. Bennett*, 312 F.3d 1190, 1194-1195 (10th Cir. 2002) ("…a party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter a judgment against the party. The district court must make the additional determination that judgment for the moving party is 'appropriate' under Rule 56. Summary judgment is appropriate only if the moving party demonstrates that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law.")

**Conclusion**

Plaintiff's Summary Judgment Motion is entirely mooted and does not require any response from Defendants or any further action by this Court. Defendants have either prevailed on the claims or fully responded to the arguments as to why the Complaint should not be amended. Moreover, the Notice of Completion of Briefing fails to include all the required information under the Local Rules. As such, it should be stricken from the record.

Dated: October 17, 2023                           RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By  */s/ Melissa M. Kountz*
　　Charles J. Vigil
　　Samantha M. Hults
　　Melissa M. Kountz
P. O. Box 1888
Albuquerque, NM 87103
Telephone:  (505) 765-5900
Fax:  (505) 768-7395
cvigil@rodey.com
shults@rodey.com
mkountz@rodey.com
*ATTORNEYS FOR DEFENDANTS*

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2023, I filed the foregoing pleading electronically through this Court's CM/ECF system, which caused all parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

**RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.**

By __/s/ Melissa M. Kountz_____
    Melissa M. Kountz