IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

C hristians in the Workplace Networking
Group, Plaintiff                                                :    Civil Action:   1:22-cv-00267-DHU-DLM
          v.
National Technology and Engineering Solutions
of Sandia, LLC,  et al, Defendants

### SUPPLEMENTAL BRIEF with NEW CASE LAW HELPFUL TO THE COURT

On September 13, 2023, the 9th Circuit decided FCA v. San Jose U.S.D. Board of Ed., 82 F. 4th 664

(9th Cir. 2023). Plaintiff's status  as an official club was revoked because its statement of faith and

policy about sexual purity for leaders allegedly violated an antidiscrimination policy. The court held the

government may not single out for special disfavor a religious group compared to similar secular

groups. Kennedy v. Bremerton S.D., 142 S. Ct. 2407 (2022). The Statement of Faith included belief in

the authority of the bible, virgin birth, death and resurrection of Jesus Christ and that marriage is

exclusively for one man and one woman. FCA was the only club stripped of approval. A Satanic

Temple was granted approval as a club. There was an all-comers policy. It was to be implemented in

accordance with CLS v. Martinez, 561 U.S. 661 (2010) which cited Employment Division v. Smith,

494 U.S. 872, 878, 882 (1990)  which held that the free exercise does not inhibit enforcement of

otherwise valid regulations of general application that incidentally burden religious content. id, at 697,

note 27. Supreme Court cases refine what is meant by "generally applicable under Smith."

Fulton v. City of Philadelphia, 141 S. Ct. 1868 (2021) held the mere existence of governmental

discretion is enough to render a policy not generally applicable. id, at 1879. The stipulated facts in

Martinez provided for an exceptionless policy. A generally applicable policy may not have a

mechanism for individualized exceptions. id, 1877. The government may not treat comparable secular

activity more favorably than religious exercise and may not act in a manner hostile to religious beliefs.

Masterpiece Cakeshop Ltd. v. CO C.R.C., 138 S. Ct. 1719, 1731 (2018). Failure to meet any of the 3

requirements subject a regulation to review using strict scrutiny. Here it fails all 3. The district retains

discretion to grant individualized exceptions for its student program. Its mechanisms allow it to

evaluate which groups of students qualify  for the equity policy's objectives based on race, ethnicity,

gender, sexual orientation, language, disability and socioeconomic status. This authority to decide

which reasons for not complying with the policy are worthy of solicitude on an ad hoc basis renders the

policy not generally applicable  and requires the application of strict scrutiny. Fulton, at 1879. The

District exercises its discretion to discriminate based on sex and ethnicity. It treats comparable secular

activity more favorably than religious activity. It recognizes the Senior Womens' Club and the South

Asian Club.The District allows its clubs and programs to discriminate based on attributes such as good

character. The very fact that they require a case-by-case analysis is antithetical to the generally

applicable policy. The girls club could admit only females. The Big Sister Club could exclude males.

Each club's exclusionary membership requirements pose an equal risk to the District's stated interest in

ensuring equal access for all students to all programs.  The Climate Committee determined FCA

violated core values such as inclusiveness. The FCA was there for 20 years. A teenage student was told

in front of their peers that the views embraced in their statement of faith were objectionable, hurtful and

had no place on campus. A teacher and Climate Committee member said FCA's beliefs were

"bullshit,""without validity." Another said FCA  "chose darkness," "perpetuated ignorance", and were

"charlatans" who "conveniently forgot what tolerance means." The principal told the school in a

newspaper that FCA's views were of a "discriminatory nature."   The Girls Who Code club could

exclude non-females. The deprivation of approval hampered FCA's ability to recruit, which constitutes

an enduring harm. The denial of an injunction to restore approval was reversed. id 671-696.

Date: December 13, 2023        s/J. Michael Considine, Jr., P.C.
                               By: J. Michael Considine, Jr.
                               1845 Walnut Street, Suite 1199
                               Philadelphia, PA 19103
                               564-4000
                               adventure7@gmail.com
                               Counsel for Plaintiff

CERTIFICATE OF SERVICE

I, J. Michael Considine, Jr., hereby certify that I filed electronically the SUPPLEMENTAL BRIEF with NEW CASE LAW HELPFUL TO THE COURT and by doing so transmitted it to counsel of record **Charles J. Vigil. Melissa Kountz and Samantha M. Hults,** Rodey, Dickason, Sloan, Akin & Robb, P.A., **201 3rd Street, NW, Suite 2200, Albuquerque, NM 87102 and Aaron C. Viets, Sandia National Laboratories. P.O. Box 5800, MS 0141, Albuquerque, NM 87185** on the date indicated below:

Date: December 18, 2023                    s/ J. Michael Considine, Jr.