IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRISTIANS IN THE WORKPLACE
NETWORKING GROUP,

    Plaintiff,

v.                                                                 No. 1:22-CV-00267-DHU-DLM

NATIONAL TECHNOLOGY AND
ENGINEERING SOLUTIONS OF
SANDIA LLC., ET AL.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Esther Hernandez, Aaron Jim, and Bianca Hill's (the "Individual Defendants") Motion for Dismissal Pursuant to Fed. R. Civ. Proc. 12(b)(6), Doc. 7. Plaintiff Christians in the Workplace Networking Group ("Plaintiff") filed a response to the Motion to Dismiss, Resp., Doc. 15, to which the Individual Defendants filed a reply, Doc. 16. On August 17, 2023, the Court orally granted the Motion after a hearing on the merits and stated that it would later issue a written Memorandum Opinion and Order. *See* Order, Doc. 180; Clk.'s Mins., Doc. 179. The Court now enters the following written Order.

### I. BACKGROUND

    The following facts are presented from Plaintiff's First Amended Complaint. Christians in the Workplace Networking Group is resource group at Sandia National Laboratories whose members are Christian engineers, scientists, and other employees. Am. Compl, ¶ 1, Doc. 4. Defendant National Technology and Engineering Solutions of Sandia, LLC ("Sandia") is a New Mexico corporation that operates the Laboratories. *Id.* ¶ 2. Defendant Hernandez is the Chief

Diversity Officer at Sandia. *Id.* ¶ 3. Defendants Jim and Hill are EEOC specialists at Sandia. *Id.* ¶ 4.

According to the Amended Complaint, Sandia allows for official recognition of certain networking employee resource groups, and sponsorship of these groups may include funding. *Id.* ¶¶ 9, 11. However, Sandia has a policy that indicates it will not support groups that are formed "on the basis of religious beliefs, political activities, marital status or other affiliations that do not support [Sandia's mission]." *Id.* ¶ 12.

In the late 1990s, Plaintiff applied for official recognition by Sandia. *Id.* ¶ 13. Sandia initially refused and then later did not respond to a subsequent request. *Id.* ¶¶ 14-16. Plaintiff filed a lawsuit in 2000, after which Sandia recognized the group. *Id.* ¶ 18. Plaintiff was established as a recognized group in 2000. *Id.* ¶ 19. It includes Christian scientists and other Christian staff people. *Id.* It included a statement of faith in its organizing documents. *Id.* Plaintiff requires that the leaders of the group, called the "steering committee," must sign the statement of faith. *Id.* ¶ 20. Plaintiff's Constitution also has a "morality requirement" that requires refraining from particular behaviors to be a leader in the organization. *Id.* ¶ 24. Plaintiff has tried to hold certain events at Sandia over the years, such as a presentation by a Christian archaeologist, but Sandia has denied permission, even though it has not denied permission to speakers of other resource groups. *Id.* ¶ 27.

In 2018, Sandia implemented a new policy for all employee groups that bans different treatment because of, among other things, race, color, creed, religion, national origin, sex, pregnancy, and disability. *Id.* ¶ 53. The policy requires employee groups to be open to all employees without regard to race, color, creed, religion, etc. *Id.* In 2019, Sandia told Plaintiff that it must revise the language of Plaintiff's strategic plan to permit any member of Sandia to be a part

of Plaintiff's steering committee, even if they do not sign the statement of faith, and to remove the clause about morality requirements. *Id.* ¶ 54. After this, Plaintiff made a request for reasonable accommodations based on its members' beliefs. *Id.* ¶ 57. Sandia denied the request. *Id.* ¶ 60. In November 2020, Sandia withdrew its sponsorship of Plaintiff as an employee resource group. *Id.* ¶ 64. Plaintiff contends the 2018 policy has not been implemented uniformly. *Id.* ¶ 65. Plaintiff further alleges that Defendants failed to accommodate the religious beliefs of its members. *Id.* ¶ 67.

In May 2022, Plaintiff filed its Amended Complaint and named Sandia and the three Individual Defendants who served as employees at Sandia during the events in question. Am. Compl., Doc. 4. In Count 1 of its Amended Complaint, Plaintiff alleges a violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"). *Id.* ¶¶ 71-74. In Counts 2 through 6, Plaintiff alleges violations of the First and Fourteenth Amendments to the United States Constitution which Plaintiff seeks to vindicate under 42 U.S.C. § 1983. *Id.* ¶¶ 75-87. Finally, in Count 7, Plaintiff alleges that Defendants conspired to deprive Plaintiff of its First and Fourteenth Amendment rights. *Id.* ¶¶ 88-91.

In July 2022, the Individual Defendants moved to dismiss the Amended Complaint pursuant to Fed. R. Civ. Proc. 12(b)(6). Defendants make two main arguments. First, as for Count 1, the Title VII claim, the Individual Defendants argue that they cannot be held individually liable under Title VII and therefore seek dismissal of Count 1. Second, with respect to Plaintiff's constitutional claims (Counts 2-7), the Individual Defendants argue that an official-capacity suit against them under 42 U.S.C. § 1983 is improper because such a suit is, "to be treated as a suit

against the entity." Mot. at 4 (citation omitted).[1] Following a hearing on the merits of the Motion, the Court orally granted the Individual Defendants' Rule 12(b)(6) Motion and explained that a written Memorandum Opinion and Order would issue, which the Court now enters.

## II. LEGAL STANDARD

The court reviews a motion under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012). In evaluating such a motion, the court must take as true "[a]ll well-pleaded facts, as distinguished from conclusory allegations," view all reasonable inferences in favor of the nonmoving party, and liberally construe the pleadings. *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) (quotation and citation omitted). To withstand a motion to dismiss, a plaintiff must plead sufficient factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III. DISCUSSION

### A. Individual Liability Under Title VII

Title VII makes it unlawful for an employer to discriminate against an employee on the basis of (among other things) the person's sex, color, race, or national origin. 42 U.S.C. § 2000e-2(a)(1). "Under long-standing [Tenth Circuit] precedent, supervisors and other employees may not be held personally liable under Title VII." *Williams v. W.D. Sports, N.M., Inc.*, 497 F.3d 1079, 1083, n.1 (10th Cir. 2007). This is because "[t]he relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act." *Id.* (citing *Haynes v. Williams*, 88 F.3d 898, 899 (10th Cir. 1996)). Further, while owners, supervisors,

---

[1] This Memorandum Opinion and Order only addresses the Individual Defendants' first argument. The Court adjudicates the § 1983 claims in a separate order.

or employees acting in their official capacities may be named as defendants in a Title VII action, it is only as a "procedural mechanism" used to sue the employer under agency theory. *Williams*, 497 F.3d at 1083. Further, even if a plaintiff may permissibly name a supervisor or owner in a Title VII action, doing so "is superfluous where … the employer is already subject to suit directly in its own name." *Lewis v. Four B Corp.*, 211 Fed. App'x. 663, 665 n.1 (10th Cir. Aug. 11, 2005).

The bulk of Plaintiff's argument in its Response is that the Individual Defendants exercised "employer-like power and supervisory/managerial authority," and Plaintiff describes how they exercised such authority. Resp. at 3, Doc. 15. The reason Plaintiff makes this argument is to establish that the Individual Defendants are alter egos of Sandia, because, if they are alter egos, then liability can attach to Sandia. *See Haynes*, 88 F.3d at 899 (explaining that an individual supervisor is the alter ego of the employer where the supervisor "exercises significant control" and therefore the "individual qualifies as an 'employer' under Title VII solely for purposes of imputing liability to the true employer.") (brackets omitted).

However, the Court need not address or decide whether the Individual Defendants are alter egos of Sandia. Even if the Individual Defendants were properly named as supervisory employees acting in their official capacities, this would amount to a suit against Sandia, which is already a party to this case, and therefore naming the Individual Defendants is unnecessary. *See Williams,* 497 F.3d at 1083 n. 1 (explaining that "[s]upervisory employees acting in their official capacities may be named as defendants in a Title VII action as a means to sue the employer under agency theory"); *Lewis*, 211 Fed. App'x. at 665 n. 1 ("[S]upervisors may be named in their official capacity and/or as alter egos of the employer, *but just as means to sue the employer*[,] ... and this procedural mechanism is superfluous where, as here, the employer is already subject to suit directly in its own name.") (emphasis added); *Morgan v. Cmty. Against Violence*, No. 23-CV-353-

5

WPJ/JMR, 2023 WL 6976510, at *4 (D.N.M. Oct. 23, 2023) (holding that Title VII claims against individual employees would be "an unnecessary redundancy as [the employer] [was] already named.") Because Sandia is already subject to suit in its own name, it would be unnecessary and redundant to sue the Individual Defendants in their official capacities under Title VII. Therefore, for the reasons stated herein and on the record during the August 23, 2023 hearing, the Individual Defendants' Rule 12(b)(6) motion to dismiss is granted with prejudice.

## CONCLUSION

For the reasons stated herein, IT IS THEREFORE ORDERED that Esther Hernandez, Aaron Jim, and Bianca Hill's Motion for Dismissal Pursuant to Fed. R. Civ. Proc. 12(b)(6) (DOC. 7) is GRANTED.

IT IS SO ORDERED.

_____
HON. DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE