# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CHRISTIANS IN THE WORKPLACE
NETWORKING GROUP,

      Plaintiff,

v.                                   No. 1:22-CV-00267-DHU-DLM

NATIONAL TECHNOLOGY AND
ENGINEERING SOLUTIONS OF
SANDIA LLC., ET AL.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Christians in the Workplace Networking Group ("Plaintiff")'s Motion for Leave to File Second Amended Complaint. Doc. 74. National Technology and Engineering Solutions of Sandia, LLC ("Sandia"), Esther Hernandez, Aaron Jim, and Bianca Hill (collectively "Defendants") responded in opposition, Doc. 79, to which Plaintiff replied. Doc. 88. After reviewing the motion, briefs, relevant law, and being otherwise fully informed of the premises, the Court holds that the motion should be DENIED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed its Amended Complaint (the operative complaint) in this matter on May 31, 2022. *See* Am. Compl., Doc. 4. The Amended Complaint named Sandia and three Sandia employes. Plaintiff pleaded seven causes of action. In Count 1, Plaintiff alleged a violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Plaintiff's Title VII claim was based on a failure-to-accommodate theory of liability. In Counts 2 through 6 Plaintiff alleged violations of the First and Fourteenth Amendments to United States Constitution

under 42 U.S.C. § 1983. Finally, in Count 7 Plaintiff alleged that Defendants conspired to deprive Plaintiff of its First and Fourteenth Amendment rights. To recap, Plaintiff brought a Title VII claim (Count 1), constitutional claims (Counts 2-6), and a civil conspiracy claim (Count 7).

The Court entered its Scheduling Order on September 15, 2022. *See* Scheduling Order, Doc. 22. Under the Scheduling Order, the "[d]eadline for Plaintiff to amend pleadings and join additional parties pursuant to Federal Rule of Civil Procedure 15" was December 30, 2022. *Id*.

Discovery was to terminate April 28, 2023; discovery motions were due on May 18, 2023; and dispositive motions were due on May 30, 2023. *Id*.

On February 28, 2023, Defendants disclosed their expert's report. According to Plaintiff, the report states for the first time Defendants raised as a defense the position that one need not subscribe to the beliefs in the statement of faith and agree to a disciplinary clause for Plaintiff for to be Christian.

Based on this expert report, on March 13, 2023—within the period of discovery, but after the December 30, 2022, Rule 15 deadline—Plaintiff filed the instant motion to amend its complaint. In its motion, Plaintiff seeks leave to add: (1) another Title VII claim, and (2) a claim under the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb-1 to -4. *See* Doc. 74.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides for liberal amendment of pleadings, instructing courts to "freely give leave" to amend "when justice so requires." "The grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Minter vs. Prime Equipment Co.*, 451 F.3d. 1196, 1204 (10th Cir. 2006). Subsection 15(a)(2) provides that after a party has amended a pleading once as a matter of course or the time for amendments

of that type has expired, a party may amend only by obtaining leave of court or if the adverse party

consents. Leave should be "freely give[n] … when justice so requires," but leave need not be

granted on "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory

motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."

*Duncan v. Manager, Dep't of Safety, City & Cty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005).

"While Rule 15 governs amendments to pleadings generally, Rule 16 governs amendments

to scheduling orders." *Bylin v. Billings,* 568 F.3d 1224, 1231 (10th Cir. 2009) (citing Fed. R. Civ.

Proc. 16(b)). "A party seeking leave to amend after a scheduling order deadline must satisfy both

the [Federal Rule of Civil Procedure] 16(b) and Rule 15(a) standards." *Hamric v. Wilderness*

*Expeditions, Inc.*, 6 F.4th 1108, 1118 (10th Cir. 2021) (quoting *Tesone v. Empire Mktg. Strategies*,

942 F.3d 979, 989 (10th Cir. 2019)). If the movant fails "to satisfy either factor—(1) good cause

or (2) Rule 15(a)—the district court [does] not abuse its discretion in denying their motion for

leave to amend." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1241 (10th

Cir. 2014). If "[the movant] fail[s] to show good cause under Rule 16(b), there is no need for the

Court to move on to the second step of the analysis, i.e., whether [the movant] [has] satisfied the

requirements of Rule 15(a)." *Tesone*, 942 F.3d at 990 (citation omitted).

"In practice," establishing Rule 16's good-cause standard "requires the movant to show the

scheduling deadlines cannot be met despite the movant's diligent efforts." *Id*. at 988. "'Good

cause' also 'obligates the moving party to provide an adequate explanation for any delay.'" *Id.*

(quoting *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018)). "Rule

16's good cause requirement *may* be satisfied, for example, if [the movant] learns new information

through discovery or if the underlying law has changed." *Gorsuch*, 771 F.3d at 1240 (emphasis

added). A movant, however, "cannot establish good cause if [it] knew of the underlying conduct

3

but simply failed to raise [its] claims." *Husky Ventures*, 911 F.3d at 1020 (citation omitted; second alteration in original). "Another relevant consideration" the court may consider under the good-cause standard "is possible prejudice to the party opposing the modification." *Tesone*, 942 F.3d at 988 (citation omitted).

### III. DISCUSSION

#### A. Rule 16 Analysis

#### 1. RFRA

In addressing Plaintiff's proposed RFRA claim, the Court finds that (1) Plaintiff "knew of the underlying conduct but simply failed to raise [its] claims," *Husky Ventures*, 911 F.3d at 1020, and (2) Plaintiff has failed "to show the scheduling deadlines [could not] be met despite [its] diligent efforts." *Tesone*, 942 F.3d at 988.

To contextualize Plaintiff's motion for leave to amend its complaint, the Court briefly recounts the RFRA. The Act "bars the federal government from 'substantially burden[ing] a person's exercise of religion even if the burden results from a rule of general applicability,' unless the government shows that the burden '(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.'" *Hale v. Fed. Bureau of Prisons*, 759 F. App'x 741, 746 (10th Cir. 2019) (quoting 42 U.S.C. § 2000bb-1(a), (b)). "[A] plaintiff establishes a prima facie claim under RFRA by proving the following three elements: (1) a substantial burden imposed by the federal government on a (2) sincere (3) exercise of religion." *Kikumura v. Hurley*, 242 F.3d 950, 960 (10th Cir. 2001).

The Court first finds that Plaintiff was aware of the underlying facts upon which its proposed amendment is based. As noted, "Rule 16's good cause requirement may be satisfied, for example, if [the movant] learns new information through discovery or if the underlying law has

4

changed." *Gorsuch*, 771 F.3d at 1240. Plaintiff does not argue that the underlying law changed.

But it does argue that on February 28, 2023, Defendants disclosed their expert's report that "raised

as a defense the position that one need not subscribe to the beliefs in the statement of faith and

agree to a disciplinary clause for Plaintiff for to be 'Christian'" and therefore Plaintiff believes a

RFRA claim is "needed to protect Plaintiff's right to use its definition of 'Christian,' not

Defendant's." Doc. 88 at 2. Plaintiff continues that:

> The report makes arguments never stated by Defendants before, 1) that the [Plaintiff's] statement of faith may not be universally accepted by all groups that would consider themselves Christian and b) that the specific language in the behavior clause permitting discipline by Plaintiff as to members of the steering committee would be uniformly interpreted by all groups that identify as Christian. These opinions affect the issue whether the acts of Defendants substantially burdened a person's exercise of religion under [RFRA] and imply for the first time since all so-called Christian groups would not agree to the statement of faith, there is no substantial burden if Plaintiffs may not have these terms.

*Id.* at 2-3.[1]

However, even assuming the report is ostensibly new evidence, Plaintiff's operative

complaint indicates that Plaintiff was already aware of the underlying conduct such that it could

have, but did not, bring a RFRA claim. The Amended Complaint is replete with allegations that

Defendants allegedly burdened Plaintiff's exercise of religion. *See, e.g.*, Am. Compl. at 1 ("This

is a civil rights actions against Sandia National Laboratories and the named employees …

challenging the removal of [Plaintiff] as a employee resource group due to its policy of limiting

who can be on its steering committee"); *id.* ¶ 67 ("Defendants made no effort to reasonably

---

[1] Plaintiff raised the expert disclosure issue for the first time in its reply brief, thereby depriving Defendants of the ability to adequately respond. Plaintiff's motion was only two pages and contained very little, if any, legal arguments. In contrast, Plaintiff's reply was nine pages long and included several exhibits. Plaintiff's arguments and exhibits should have been contained in its motion, not its reply brief.

accommodate the religious beliefs of Plaintiff and those who were part of the group although this could have been done without undue hardship or expense."); *id.* ¶ 68 ("Defendants have required that Plaintiff accept as a Christian spiritual leader and member of the steering committee of [Plaintiff] those who do not hold or profess Christian beliefs and promote a message with which it disagrees, acquiescing in behaviors that violate the moral code of the [B]ible.") These allegations (among several others), indicate that Plaintiff was aware of facts to substantiate a RFRA claim but that Plaintiff did not bring such a claim at the time it filed its Amended Complaint.

Plaintiff further states that adding a RFRA claim would not be prejudicial to Defendants because "gathering and analysis of facts for the existing Title VII, constitutional and religious accommodation claims and the new RFRA regards the same facts and very overlapping issues and has already occurred in written discovery and three days of depositions March 14-16, 2023." Doc. 88 at 1. However, this statement only undermines Plaintiff's position because it shows that Plaintiff understood the overlapping factual and legal issues between the proposed RFRA and original claims. Despite this, Plaintiff did not move to amend its pleading until March, 13, 2023, roughly two and a one-half months after the December 30, 2022 deadline. Therefore, Plaintiff "was aware of the facts on which the amendment was based … prior to the filing of the motion to amend." *Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987).

Next, the Court finds that Plaintiff has not explained what diligent efforts it made to comply with the Scheduling Order deadlines. Instead, Plaintiff focuses on its conduct *after* the Scheduling Order was entered. For example, it argues that it timely brought the current motion the period of discovery. However, because an amendment to the complaint effectively modifies the scheduling order, *see Hasan v. AIG Prop. Cas. Co.*, 935 F.3d 1092, 1101 (10th Cir. 2019), Plaintiff must explain why it could not meet the Scheduling Order deadlines despite its best efforts. *See Hamric*

*v. Wilderness Expeditions, Inc.*, 6 F.4th 1108, 1118 (10th Cir. 2021) (affirming denial of motion to amend because the movant "did not advance an argument for amending the Scheduling Order as required by Rule 16(b)"); *Tesone*, 942 F.3d at 989 (affirming denial of motion to amend under Rule 16 where the movant failed to explain "that she made 'diligent efforts' to meet the [expert] disclosure deadline" in the scheduling order). Plaintiff's arguments improperly focus on its conduct after the Scheduling Order was entered. Critically, however, Plaintiff has failed to explain what diligent efforts it made to comply with the Scheduling Order's December 30, 2022 deadline to amend the pleadings.

In summary, the Court holds that (1) Plaintiff "knew of the underlying conduct but simply failed to raise [its] claims," *Husky Ventures*, 911 F.3d at 1020, and (2) Plaintiff has failed "to show the scheduling deadlines [could not] be met despite the [its] diligent efforts." *Tesone*, 942 F.3d at 988. Plaintiff has failed to show good cause to add a RFRA claim under Rule 16. The Court next analyzes whether Plaintiff has established good cause to bring another Title VII claim.

## 2. Title VII

As noted earlier, Plaintiff had already brought a Title VII failure-to-accommodate claim in its operative complaint. In its motion, Plaintiff states simply that it wishes to bring another Title VII "claim, distinct from the failure to accommodate religious beliefs already pled, for religious discrimination under Title VII." Doc. 74 at 1. The Court denies this request because Plaintiff "knew of the underlying conduct but simply failed to raise [its] claims." *Husky Ventures*, 911 F.3d at 1020. This is demonstrated by the allegations in Plaintiff's Amended Complaint, which more than amply indicate that Plaintiff was aware of the underlying conduct to bring all Title VII theories in one complaint. Finally, whereas Plaintiff somewhat developed its RFRA arguments, Plaintiff devoted very few arguments about why good cause exists under Rule 16 to add another Title VII

claim, which also supports denying the motion. *See Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (unpublished) (affirming Rule 16 denial where the plaintiff moved to amend the complaint two months after the scheduling order was entered and neglected to articulate any rationale for the untimeliness of the motion to amend).

**B. <u>Rule 15 Analysis of Proposed RFRA and Title VII Claims</u>**

For the sake of completeness, the Court briefly addresses "the second step of the analysis, i.e., whether [Plaintiff] [has] satisfied the requirements of Rule 15(a)." *Tesone*, 942 F.3d at 990. Grounds for denying leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment." *Hasan*, 935 F.3d at 1101–02.

First, not seeking to amend until nearly two and one-half months after the deadline is within the range of "undue delay." *See Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993) (upholding a district court's denial of a motion to amend that was "filed four months after the court's deadline" and "Plaintiffs knew or should have known long before that date" of the applicable underlying facts, and observing that "untimeliness *alone* is a sufficient reason to deny leave to amend") (emphasis added). Second, allowing Plaintiff to amend its complaint at this stage would cause "undue prejudice," *Hasan*, 935 F.3d at 1101, including by requiring Defendants to now address additional claims that could have been timely brought and thus more efficiently addressed by Plaintiff at the inception of this lawsuit. In addition, the Court has already granted summary judgment on the merits to Defendants on many of the underlying facts. Allowing Plaintiff to amend would presumably result in additional discovery costs to Defendants—where significant discovery has already taken place—resulting in undue delay, and further prejudice to Defendants.

8

Although the Court recognizes that Rule 15 permits liberal amendments to the pleadings, it is clear that Plaintiff was aware of the underlying facts to bring its proposed amendments. In such circumstances, as here, "the motion to amend is subject to denial." *Frank,* 3 F.3d at 1366. Plaintiff has not satisfied the requirements of Rule 15(a).

## CONCLUSION

For the reasons stated herein, IT IS THEREFORE ORDERED that Plaintiff Christians in the Workplace Networking Group's Motion for Leave to File Second Amended Complaint (Doc. 74) is DENIED.

IT IS SO ORDERED.

_____
HON. DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE