# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CHRISTIANS IN THE WORKPLACE
NETWORKING GROUP,

      Plaintiff,

v.                                  No. 1:22-CV-00267-DHU-DLM

NATIONAL TECHNOLOGY AND
ENGINEERING SOLUTIONS OF
SANDIA LLC., ET AL.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

      This matter is before the Court on: (1) Defendants' Motion for Summary Judgment on Counts Two, Three, Four, Five, Six, and Seven of Plaintiff's First Amended Complaint, Doc. 125; (2) Plaintiff's Renewed Motion for Summary Judgment and for Injunctive Relief, Doc. 152; (3) Plaintiff's Emergency Motion for Leave to File [a] Brief with Caselaw on Questions of the Court at Oral Argument, Doc. 181; (4) Plaintiff's Motion for Oral Argument on Plaintiff's Motion for Summary Judgment and Provision of Case Law on State Action Requested by the Court, Doc. 187, and (5) Defendants' Motion to Strike Notice of Completion of Briefing on its Motion for Summary Judgment, Doc. 194. The Court rules as explained below.

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

Defendant National Technology and Engineering Solutions of Sandia, LLC ("Sandia") is a wholly owned subsidiary of Honeywell International, Inc., which is a publicly traded company. Defs.' Mot., Undisputed Material Facts ("UMF") ¶ 1, Doc. 125. Sandia is a management and operating contractor that manages and operates a national security laboratory on behalf of the Department of Energy ("DOE"). *Id.* ¶ 2. All of the business that Sandia conducts for governmental agencies occurs at the federal level, not at the state level. *Id.* ¶ 3. Sandia is not an agency of the State of New Mexico or any other state or local government. *Id.* ¶ 4. Sandia's contract with the DOE prohibits Sandia from performing any inherently governmental function under certain federal regulations. *Id.* ¶ 4.

Sandia has several employer-sponsored resource groups ("ERGs") based on social identity, shared characteristics, or life experiences. *Id.* ¶ 5. Participation in an ERG is voluntary; it is not an employment requirement. *Id.* ¶ 7. Plaintiff does not require its members to be Christian. *Id.* ¶ 11. However, only Christian employees who attest to the belief system articulated in Plaintiff's Statement of Faith can hold leadership positions. *Id.* ¶ 12. Plaintiff's Statement of Faith is based upon what Plaintiff calls "Orthodox Christian" beliefs. *Id.* ¶ 13. Plaintiff also requires its leaders to refrain from engaging in moral or ethical behavior that contradicts scripture. *Id.* ¶ 14. For

---

[1] Under Federal Rule of Civil Procedure 56, "[a] party asserting that a fact ... is genuinely disputed must support the assertion by ... citing to particular parts of materials in the record." Fed. R. Civ. Proc. 56 (c)(1). To overcome a motion for summary judgment, the respondent must "present[ ] specific facts, by reference to specific exhibits in the record[.]" *Mitchell v. City of Moore*, 218 F.3d 1190, 1199 (10th Cir. 2000). When a party fails to do so, "the district court is under no obligation to parse through the record to find the uncited materials." *Doe v. Univ. of Denver*, 952 F.3d 1182, 1191 (10th Cir. 2020) (brackets in original; citation and internal quotation marks omitted). Here, Plaintiff disputed Defendants' UMF Nos. 5, 6, 9, 10, 15, 19, 23, 33, 34, 35, 36, and 37. However, Plaintiff failed to refer to any specific portions of the record. Because Defendants' aforementioned UMFs are not disputed by reference to the record, the Court deems those facts undisputed.

example, a gay Sandia employee could not serve as a leader because doing so would be inconsistent with Plaintiff's Statement of Faith and moral and ethical requirements. *Id.* ¶ 15.

Sandia eventually determined that Plaintiff's actions conflicted with its Non-Discrimination and Anti-Harassment Policy ("HR008"). *Id.* ¶ 17. HR008 prohibits discrimination, harassment, or retaliation based on, among things, age, color, ethnicity, gender, gender expression, gender identity, race, religion, or sexual orientation. *Id.* ¶ 18. Upon reviewing Plaintiff's 2019 Strategic Plan, Sandia determined that Plaintiff's restriction on leadership to those willing to attest to a Christian statement of faith and adhere to Christian biblical standards of conduct were discriminatory because they excluded employees based upon their religious beliefs. *Id.* ¶ 20. Sandia requested that Plaintiff revise the Strategic Plan to comply with HR008 but Plaintiff refused because, according to Plaintiff, Sandia enforced HR008 differently among ERGs and singled-out Plaintiff because its members are Christian. *Id.* ¶ 21. Because Plaintiff would not modify its leadership requirements, Sandia withdrew Plaintiff's recognition as an official ERG. *Id.* ¶ 28. This lawsuit followed.

In May 2022, Plaintiff filed its Amended Complaint and named Sandia and three individuals who served as employees at Sandia during the events in question. Am. Compl., Doc. 4. In Count 1 of its Amended Complaint, Plaintiff alleges a violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"). *Id.* ¶¶ 71-74. In Counts 2 through 6, Plaintiff alleges violations of the First and Fourteenth Amendments to United States Constitution which Plaintiff seeks to vindicate under 42 U.S.C. § 1983. *Id.* ¶¶ 75-87. Finally, in Count 7, Plaintiff alleges that Defendants conspired to deprive Plaintiff of its First and Fourteenth Amendment rights. *Id.* ¶¶ 88-91. According to Plaintiff's Fed. R. Civ. Proc. 30(b)(6) witness, Sandia acted as a "state actor" during the events in question because Sandia operates as a contractor

with the federal government and provides services to the U.S. Department of Energy's National Nuclear Security Administration ("NNSA"). Defs.' Mot., UMF ¶¶ 30, 31, Doc. 125.

In June 2023, the Defendants moved for summary judgment on Counts Two through Six (Plaintiff's constitutional claims), and Count 7 (Plaintiff's civil conspiracy claim), pursuant to Fed. R. Civ. Proc. 56. Following a hearing on the merits of the Motion, the Court orally granted their summary judgment motion and stated that a written Memorandum Opinion and Order would issue. The Court now enters this written Order.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(a). "A dispute is genuine if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way, and it is material if under the substantive law it is essential to the proper disposition of the claim." *Dahl v. Charles F. Dahl, M.D., P.C. Defined Ben. Pension Tr.*, 744 F.3d 623, 628 (10th Cir. 2014) (quotation marks omitted). In reviewing a motion for summary judgment, the court "construe[s] the factual record and the reasonable inferences therefrom in the light most favorable to the nonmoving party." *Mata v. Saiz*, 427 F.3d 745,749 (10th Cir. 2005). However, "to defeat a motion for summary judgment, evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise." *Hasan v. AIG Prop. Cas. Co.*, 935 F.3d 1092, 1098 (10th Cir. 2019) (brackets and quotation marks omitted).

## III. DISCUSSION

### A. Defendants' Motion for Summary Judgment (Doc. 125)

In their motion, Defendants argue that: (1) Plaintiff is not a "person" entitled to sue under 42 U.S.C. § 1983; (2) Defendants are not state actors under § 1983; (3) if Plaintiff raised claims under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971), such claims fail; (4) Defendants are entitled to qualified immunity, and (5) Plaintiff's civil conspiracy claim fails. As explained below, the Court holds that neither Plaintiff nor Defendants are proper parties under § 1983. The Court further holds that Plaintiff has not pleaded *Bivens* claims. Given this ruling, the Court does not address the merits of a *Bivens* claim or decide whether Defendants are entitled to qualified immunity. Finally, the Court holds that Plaintiff introduced no evidence to establish the existence of a civil conspiracy.

#### 1) <u>Analysis of Counts 2-6</u>

The Court begins its analysis with Counts Two through Six, Plaintiff's constitutional claims. In those Counts, Plaintiff alleges various violations of the First and Fourteenth Amendments to the United States Constitution and seeks a remedy under 42 U.S.C. § 1983. Defendants are entitled to summary judgment on Counts Two through Six because Plaintiff is not a "person" entitled to sue under § 1983. Nor are Defendants "state actors" under that section. Further, the Court declines to *sua sponte* construe Plaintiff's § 1983 claims as *Bivens* claims because Plaintiff never pleaded such claims in its Amended Complaint.

#### a. Plaintiff is not entitled to sue under 42 U.S.C. § 1983

Defendants first argue that Plaintiff, as an unincorporated association, is not a "person" within the meaning of § 1983. Plaintiff made no responsive arguments on whether it is entitled to sue. Section 1983 creates a cause of action against "[e]very person who, under color of any [state

law] ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. As the text indicates, "A claim under § 1983 can be brought only by a '*citizen*' or '*person*.'" *Becker v. Ute Indian Tribe of the Uintah & Ouray Rsrv.*, 868 F.3d 1199, 1205 (10th Cir. 2017) (emphasis added). In 2006, the Tenth Circuit held that unincorporated associations are not "persons" who can sue under § 1983. *See Lippoldt v. Cole*, 468 F.3d 1204, 1216 (10th Cir. 2006).[2] The Tenth Circuit came to this conclusion "after extensive analysis of the Dictionary Act of 1871, the common understanding regarding unincorporated associations in 1871, and the legislative history of Section 1 of the Civil Rights Act of 1871." *New Mexico Transp. Union v. City of Albuquerque*, No. 1:14-CV-00280 RB/KK, 2015 WL 13666996, at *2 (D.N.M. Feb. 13, 2015) (citing *Lippoldt*, 468 F.3d at 1214).

Plaintiff, by its own characterization, is an unincorporated association. *See* Am. Compl. ¶ 1, Doc. 4. Given the Tenth Circuit's instruction that unincorporated associations cannot seek relief under 42 U.S.C. § 1983 as plaintiffs, the Court grants summary judgment to Defendants on their claim that Plaintiff, an unincorporated association, is not a "person" under § 1983. *See Lippoldt*, 468 F.3d at 1216 (instructing the district court to dismiss the claims of an unincorporated association engaged in anti-abortion advocacy because it was not a "person" entitled to bring a claim under § 1983); *New Mexico Transp.Union*, 2015 WL 13666996, at *3 (applying *Lippoldt* and dismissing § 1983 claim by the New Mexico Transportation Union because it was an

---

[2] The Tenth Circuit's position has been criticized. As the Eleventh Circuit has explained, the Tenth Circuit "stands alone against the trend of treating unincorporated associations as 'persons.'" *Fort Lauderdale Food Not Bombs v. City of Fort Lauderdale*, 11 F.4th 1266, 1283 (11th Cir. 2021). However, in the Tenth Circuit's most recent pronouncement on the issue in 2017, the Tenth Circuit reaffirmed its position. *See Becker,* 868 F.3d at 1206 n.5 ("[U]nincorporated associations are not persons entitled to sue under § 1983.").

unincorporated association). Although this ruling would be sufficient to dispose of Plaintiff's constitutional claims, for the sake of completeness the Court next analyzes Plaintiff's claim that the Defendants are state actors.

### b. Defendants have not acted under color of state law for purposes of § 1983

Defendants next argue that they are not proper defendants under § 1983 because they are a federal contractor and private employees, not state actors. The Court analyzes the Defendants' liability under § 1983 as (1) private parties, or (2) federal officials.

### i.    Private Party Liability

"The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016) (citation omitted); *West v. Atkins,* 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff ... must show that the alleged deprivation was committed by a person acting under color of state law.") Concerning the second element, "[t]he traditional definition of acting under color of state law requires that the defendant in a § 1983 action exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* (citation omitted). "[T]he ultimate issue in determining whether a person is subject to suit under Section 1983 is whether the alleged infringement of federal rights is fairly attributable to the state." *Milonas v. Williams*, 691 F.2d 931, 939 (10th Cir. 1982) (citing *Rendell-Baker v. Kohn*, 457 U.S. 830 (1982)).

"Where a litigant seeks to hold a private actor accountable as a state actor for constitutional deprivations, [the Tenth Circuit] ha[s] applied various analyses and referred to them as the 'nexus test,' the 'public function test,' the 'joint action test,' and the 'symbiotic relationship test.'" *Wittner v. Banner Health*, 720 F.3d 770, 775 (10th Cir. 2013) (citations omitted). Plaintiff appears to rely

on the symbiotic relationship test. Under that test, "when the state has so far insinuated itself into a position of interdependence with a private party it must be recognized as a joint participant in the challenged activity." *Id.* at 777–78 (citations omitted). In applying this test, the court looks at the "commingl[ing] … [of] responsibilities," between the state and the private entity. *Id.* at 778.

At the outset, there is no evidence that the Defendants were acting under color of state law. *See Big Cats of Serenity Springs, Inc. v. Rhodes*, 843 F.3d 853, 869 (10th Cir. 2016) (noting that § 1983 is directed at "*state actors* who violate a federal right, pursuant to *state authority*") (emphasis added). Plaintiff alleges "a symbiotic relationship between Sandia and the Department of Energy, as well as joint participation between them, so that Sandia's actions constitute state action." Am. Compl. ¶ 9, Doc. 4. However, it is undisputed that Sandia is not an agency of the State of New Mexico or any other state or local government. It is further undisputed that Sandia is a publicly traded company that conducts no business for the State of New Mexico or state agencies. Plaintiff's Amended Complaint does not even mention state or local officials or describe how Sandia or its employees acted under color of state law. There is also no record evidence that the State of New Mexico "has so far insinuated itself into a position of interdependence with" Sandia that a symbiotic relationship exits.  *Wittner*, 720 F.3d at 777–78. Plaintiff has therefore failed to show that Defendants "exercised power possessed by virtue of state law" and that Plaintiff's constitutional injuries were "made possible only because the wrongdoer is clothed with the authority of state law." *Schaffer*, 814 F.3d at 1155.

In a later filed brief, Plaintiff presented three cases which Plaintiff says show that Sandia is a state actor.[3] First, in *DeVargas v. Mason & Hanger-Silas Mason Co.*, the plaintiff sued, among

---

[3] Plaintiff presented these cases for review *after* the Court granted summary judgment against it. For the sake of completeness, the Court will briefly analyze these cases and explain why they are inapplicable.

other parties, a private contractor that provided security inspectors for the Los Alamos National Laboratory under § 1983 and *Bivens* based on the contractor's refusal to hire the plaintiff because of a medical condition. 844 F.2d 714, 715-16 (10th Cir. 1988). Plaintiff quotes the following footnote in *DeVargas* to make it seem as if private contractor like Sandia is a state actor: "[t]he defendants do not dispute in this appeal the district court's finding that they were state actors for purposes of the § 1983 claim and federal actors for the *Bivens* claim." *Id*. at n.7. However, the full footnote, displayed below, tells a much different story. The Tenth Circuit in fact questioned whether the private contractor was a state actor, but ultimately did not decide the issue because the contractor did not raise it on appeal:

> At oral argument we expressed some concern whether the defendants were federal or state actors for purposes of a § 1983 or *Bivens* claim. *See Rendell–Baker v. Kohn,* 457 U.S. 830, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982); *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974); *Vincent v. Trend Western Technical Corp.,* 828 F.2d 563, 567–68 (9th Cir.1987); *Milonas v. Williams,* 691 F.2d 931, 939–40 (10th Cir.1982). The defendants do not dispute in this appeal the district court's finding that they were state actors for purposes of the § 1983 claim and federal actors for the *Bivens* claim. We therefore do not discuss that issue.

*Id*. Contrary to Plaintiff's insinuation, *DeVargas* does not demonstrate that a private contractor like Sandia is a state actor for the purpose of a § 1983 claim.

Plaintiff next cites *Doe v. Lawrence Livermore Nat. Lab'y*, 65 F.3d 771, 772 (9th Cir. 1995), *rev'd sub nom. Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425 (1997). That case involved various claims against the University of California, the Lawrence Livermore National Laboratory, and the Laboratory's director. *Id*. The Department of Energy owned the Laboratory, but it was operated and managed by the University of California. *Id* The district court dismissed the § 1983 and breach of contract claims against the University, reasoning that it was an arm of the State of California and therefore entitled to immunity from suit in federal court under the Eleventh

Amendment. *Id*. The Ninth Circuit reversed. After extensive analysis of a five-factor test, it found that the University, as operator of the Laboratory, was not acting as a state entity. *Id*. at 776. Because the University was "not an arm of the state" the Ninth Circuit concluded that it was a "'person' under § 1983," and so was the Laboratory's director. *Id*. (stating that because the Laboratory's director was "acting as the director of the University-managed Laboratory, [he] is therefore not a state official but a 'person' who is fully liable under § 1983").

*Doe* does not demonstrate that Sandia is a "state actor" for purposes of § 1983. That case involved a close examination of the Ninth Circuit's five-factor test to determine whether the University of California was an arm of the California State Government and therefore entitled to Eleventh Amendment immunity from suit in federal court. This case, in contrast, presents the much different question of whether Defendants "exercised power possessed by virtue of state law and made possible only because the [Defendants were] clothed with the authority of state law." *Schaffer*, 814 F.3d at 1155. Defendants have put forward uncontested evidence that Sandia is not a branch of any state government, but rather is a wholly owned subsidiary of a publicly traded corporation. *Doe* is inapplicable to this case and does not support Plaintiff's claim that Sandia or its employees are state actors.

Finally, Plaintiff cites this Court's decision in *Ochieno v. Sandia Nat'l Lab'ys*, which was an "employment discrimination lawsuit against [Sandia National Laboratories], a wholly owned subsidiary of Lockheed Martin." No. CV 18-197 KG/KRS, 2019 WL 161503, at *1 (D.N.M. Jan. 10, 2019) (quotation marks omitted). The Court denied the Plaintiff's motion to amend the complaint to add § 1983 claims because such claims would be futile. *See id.* at *3. As the Court explained, the plaintiff had "not pleaded facts showing that Defendant is a state actor. Instead, according to Defendant, it is wholly owned by a private entity. Consequently, [the ] [p]laintiff

ha[d] failed to allege that Defendant acted under color of state law." *Id*. Plaintiff argues that it has—unlike the plaintiff in *Ochieno*—pleaded sufficient facts to demonstrate state action. However, Plaintiff did plead in its Amended Complaint that Sandia is a private entity. *See* Am. Comp. at ¶ 2, Doc. 4. And although private entities can be liable under § 1983, there must be evidence that Sandia's actions were fairly attributable to the State. *See Milonas*, 691 F.2d at 939 ("[T]he ultimate issue in determining whether a person is subject to suit under Section 1983 is whether the alleged infringement of federal rights is fairly attributable to the state.") Plaintiff introduced no evidence or even alleged a link between Defendants and state officials.

In summary, although § 1983 is available in suits against private defendants who meet the "color of law" requirement of § 1983, Plaintiff has introduced no evidence to meet this requirement. Plaintiff therefore has not established the second requirement of a § 1983 claim and Defendants are entitled to summary judgment. *See Schaffer*, 814 F.3d at 1155. The Court next briefly analyzes Defendants' argument concerning their liability as federal officials.

## ii.    Federal Official Liability

Defendants next argue that if they are "federal officials" then Plaintiff's claims under § 1983 still fail. "Section 1983 is not directed at conduct by federal officials. Instead, it provides a remedy against state actors who violate a federal right, pursuant to state authority." *Big Cats*, 843 F.3d at 869; *see also Peterson v. Timme*, 621 F. App'x 536, 540 (10th Cir. 2015) ("Because § 1983 only authorizes suits alleging wrongful action under color of state or territorial law, it cannot be invoked to bring official-capacity claims against federal defendants."); *Dry v. United States,* 235 F.3d 1249, 1255 (10th Cir. 2000) (Section 1983 is "applicable only to actions by state and local entities, not by the federal government"). "For this reason, federal employees are rarely § 1983 defendants, and 'actions of the Federal Government and its officers are at least facially exempt

11

from [§ 1983] proscriptions.'" *Big Cats*, 843 F.3d at 869 (quoting *District of Columbia v. Carter*, 409 U.S. 418, 424–25 (1973)). However, in "some cases," the Tenth Circuit has explained, "federal officials may in fact act under 'color of state law' for § 1983 purposes." *Big Cats*, 843 F.3d at 869. "The paradigmatic example is when federal officials conspire with state officials to infringe a protected constitutional right." *Id*. "Most courts agree that conspiracy with state actors is a requirement to finding that federal actors jointly acted under color of state law." *Id*. (citation omitted).

Here, assuming *arguendo* that Defendants are "federal officials," such claims would fail. As noted earlier, Plaintiff's Amended Complaint does not even mention state or local officials or describe how Sandia acted under color of state law, much less describe any conspiracy between Defendants and state officials to jointly violate Plaintiff's constitutional rights. *See id*. at 870–71 (dismissing § 1983 claims against Department of Agriculture inspectors because there were no allegations of a "shared an unconstitutional goal" with Colorado deputy sheriffs). Because there is no evidence that Defendants and New Mexico officials acted jointly, Defendants are entitled to summary judgment.

### c. Plaintiff has not raised *Bivens* claims

Defendants next argue that "[t]o the extent [Plaintiff] responds by relying on *Bivens*," Plaintiff's allegations still fail to state a claim. [4] Defs.' Mot. at 10, Doc. 125. Defendants then proceed to analyze the merits of any potential *Bivens* claims, followed by a qualified immunity argument. *Id.* However, Plaintiff did not raise a *Bivens* claim in its Amended Complaint. Instead, that pleading expressly stated that "[t]he matter arises under … 42 U.S.C. § 1983." Am. Compl. ¶

---

[4] A *Bivens* action permits a plaintiff to seek damages for unconstitutional conduct by federal officials. *See Big Cats*, 843 F.3d at 858. This action is "the federal analog" to Section 1983 suits against state officials. *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (citation omitted).

6, Doc. 4. Although a court may *sua sponte* construe an action under *Bivens* when a plaintiff erroneously pleads § 1983 claims against a federal officer, this is typically in the context of cases brought by *pro se* plaintiffs. *See, e.g.*, *DeLia v. U.S. Dep't of Just.*, No. 21-5047, 2021 WL 4258758, at *4 (10th Cir. Sept. 20, 2021); *Soboroff v. Doe*, 569 F. App'x 606, 610 (10th Cir. 2014); *Allred v. McCaughey*, 257 F. App'x 91, 92 (10th Cir. 2007). Plaintiff is represented by counsel, and there is no good reason to apply the more lenient standard afforded to *pro se* litigants. *See Comm. on the Conduct of Att'ys v. Oliver*, 510 F.3d 1219, 1223 (10th Cir. 2007) ("While we generally construe pro se pleadings liberally, we decline to extend the same courtesy to … a licensed attorney.").

Although Plaintiff's Amended Complaint never mentioned *Bivens*, Plaintiff did mention *Bivens* once in his Response. But even that single reference is not clear. Plaintiff simply states that *Bivens* actions can proceed based on the government's "monitoring private conversations." Pl.'s Resp. at 10, Doc. 15. However, Plaintiff never alleged that Defendants monitored its members' private conversations. Then Plaintiff states, in a single sentence of analysis, that "[t]he Freedom of Association claim here under *Bivens* is valid." *Id*. Beyond these stray references, there are no other arguments made under *Bivens*.

If the Plaintiff believes it has brought *Bivens* claims—even though it never pleaded such claims—there are various reasons why such a claim cannot proceed. First, like § 1983 claims, *Bivens* claims cannot be brought against federal agencies and, thus, if Sandia is seen as a federal agency, this claim cannot proceed. *See Smith v. United States*, 561 F.3d 1090, 1093, 1099 (10th Cir. 2009) (affirming the dismissal of *Bivens* claims brought against the United States, the Attorney General of the United States, the Federal Bureau of Prisons, and a federal prison because "*Bivens* claims cannot be asserted directly against the United States … or federal agencies"). Second,

13

*Bivens* claims can only be asserted against federal officials in their individual, rather than official, capacities. *Id*. Assuming the three individual Defendants are federal officials, the Amended Complaint appears to assert claims against them in their official capacities, which is not permitted. *See id*. Defendants' Motion raises several other good reasons why a *Bivens* claim would fail on these facts. However, the Court need not address them to resolve their Motion. It is sufficient to rule that Plaintiff, through counsel, failed to plead *Bivens* claims, and that, if Defendants were federal actors, *Bivens* claims cannot be pleaded against federal agencies or federal officers in their official capacities.

In summary, Defendants' Motion for Summary Judgment on Counts Two through Six is granted.

### 2) <u>Analysis of Count 7</u>

#### a. Defendants are entitled to summary judgment on Plaintiff's civil conspiracy claim

Lastly, Defendants have moved for summary judgment on Plaintiff's civil conspiracy claim. Under New Mexico law a civil conspiracy is "a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means." *Las Luminarias of the N.M. Council of the Blind v. Isengard*, 92 N.M. 297, 300, 587 P.2d 444, 447 (N.M. Ct. App. 1978).[5] A plaintiff bringing a civil-conspiracy claim must establish "(1) the existence of the conspiracy; (2) a specific wrongful act or acts carried out pursuant to the

---

[5] Civil conspiracy is also actionable pursuant to § 1983, in which case federal law would apply. *See Snell v. Tunnell,* 920 F.2d 673, 701 (10th Cir. 1990). However, Plaintiff's Amended Complaint does not specify which law applies. Defendants' Motion pointed this out, and then Defendants assumed that New Mexico law applies. In its Response, Plaintiff made no substantive arguments about its conspiracy claim. In fact, the Response does not even mention the conspiracy claim at all. Because Defendants raised state law, and because Plaintiff made no response otherwise, the Court will assume that New Mexico's civil conspiracy law applies.

conspiracy; and (3) the damages resulting from such act or acts." *Id.* The purpose of a civil conspiracy claim is to impute liability to mak0e members of the conspiracy jointly and severally liable for the torts of any of its members. *Ettenson v. Burke*, 130 N.M. 67, 72, 17 P.3d 440, 445 (N.M. Ct. App. 2001). "Without an actionable civil case against one of the conspirators, ... an agreement, no matter how conspiratorial in nature, is not a separate, actionable offense." *Id.*

Because Plaintiff's Response failed to even mention its conspiracy claim, there are no facts in the summary judgment record to substantiate the existence of an alleged conspiracy and thus no evidence for a jury to consider. The Court therefore grants summary judgment to Defendants on Plaintiff's civil conspiracy claim. *See Cross v. Home Depot*, 390 F.3d 1283, 1290 (10th Cir. 2004) (explaining that, when a responding party fails to direct the court's attention to evidence creating a factual dispute, the court is justified in granting summary judgment against that party); *Mitchell v. City of Moore*, 218 F.3d 1190, 1199 (10th Cir. 2000) (affirming grant of summary judgment where the nonmovant "failed to meet his burden of presenting specific facts, by reference to specific exhibits in the record, to overcome the motion for summary judgment").

**B. Plaintiff's Renewed Motion for Summary Judgment and for Injunctive Relief (Doc. 152)**

In July 2023, Plaintiff filed its Renewed Motion for Summary Judgment and for Injunctive Relief. The Motion seeks summary judgment on Count 1 (Plaintiff's Title VII claim) cand Counts 2-6 (Plaintiff's constitutional claims) of its Amended Complaint. Pl.'s Renewed Mot., Doc. 125. Plaintiff's Motion does not mention its conspiracy claim (Count 7). *Id.* Having granted the Defendants' Motion for Summary Judgment on Counts Two, Three, Four, Five, Six, and Seven of Plaintiff's First Amended Complaint (Doc. 125), there are no constitutional claims upon which Plaintiff can move for summary judgment. Accordingly, Plaintiff's Renewed Motion for Summary Judgment and for Injunctive Relief is denied as moot because it raises constitutional claims

(Counts 2-6) that this Court has already adjudicated in Defendants' favor. However, this ruling is limited to Counts 2-6. The Court will adjudicate Plaintiff's statutory claim under Title VII (Count 1) by separate order.

**C.  Defendants' Motion to Strike (Doc. 194)**

Defendants have filed a motion to strike a notice of completion of briefing that Plaintiff filed for its respective summary judgment motion. Because, as explained above, Plaintiff's summary judgment is moot, Defendants' motion to strike, which is targeted at a now moot motion, is denied as moot as well.


**CONCLUSION**

For the reasons stated herein and on the record, IT IS THEREFORE ORDERED that

- Defendants' Motion for Summary Judgment on Counts Two, Three, Four, Five, Six, and Seven of Plaintiff's First Amended Complaint, (Doc. 125) is GRANTED;

- Plaintiff's Renewed Motion for Summary Judgment and for Injunctive Relief (Doc. 152) is DENIED as MOOT;

- Plaintiff's Emergency Motion for Leave to File [a] Brief with Caselaw on Questions of the Court at Oral Argument (Doc. 181) is DENIED as MOOT;

- Plaintiff's Motion for Oral Argument on Plaintiff's Motion for Summary Judgment and Provision of Case Law on State Action Requested by the Court (Doc. 187) is DENIED as MOOT;

- Defendants' Motion to Strike Plaintiff's Notice of Completion of Briefing on its Motion for Summary Judgment (Doc. 194) is DENIED AS MOOT.

IT IS SO ORDERED.


_____
HON. DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE